**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> LUGANO BUYER, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 25-12052 (___) <br><br> Tax ID:  87-2264565 |
| In re: <br><br> K.L.D. JEWELRY, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 25-12053 (___) <br><br> Tax ID:  87-4360319 |
| In re: <br><br> LUGANO PRIVE, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 25-12054 (___) <br><br> Tax ID:  88-1594308 |
| In re: <br><br> LUGANO DIAMONDS & JEWELRY INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 25-12055 (___) <br><br> Tax ID:  57-1216784 |
| In re: <br><br> LUGANO HOLDING, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 25-12056 (___) <br><br> Tax ID:  87-2259690 |

**MOTION OF DEBTORS FOR ORDER DIRECTING THE JOINT
<u>ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES</u>**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

hereby file this motion (this "<u>Motion</u>") for entry of an order, substantially in the form attached

33769061.1

hereto as **Exhibit A** (the "Proposed Order"), directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only.  In support of this Motion, the Debtors submit the *Declaration of J. Michael Issa in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and legal predicates for the relief sought herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

## BACKGROUND

4.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court.  The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

33769061.1

5. No official committee has been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

## **RELIEF REQUESTED**

7. By this Motion, the Debtors seek entry of the Proposed Order directing the consolidation of the Chapter 11 Cases for procedural purposes only.

8. The Debtors also request that one file and one docket be maintained for all of the jointly administered Chapter 11 Cases under the lead case of Lugano Diamonds & Jewelry Inc. In addition, the Debtors propose that all pleadings relating to the Chapter 11 Cases contain the following joint caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 25-12055 (___)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

9. The Debtors further request that all original pleadings be captioned as indicated in the preceding paragraph, that all original docket entries are made in the case Lugano Diamonds &

33769061.1

Jewelry Inc., Case No. 25-12055 (___), and that a docket entry be made in the other Chapter 11 Cases substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). **The docket in the chapter 11 case of Lugano Diamonds & Jewelry Inc., Case No. 25-12055 (___), should be consulted for all matters affecting this case**.

## BASIS FOR RELIEF REQUESTED

10. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed R. Bankr. P. 1015(b). Section 105(a) of the Bankruptcy Code also provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Further, Local Rule 1015-1 provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the parties." Del. Bankr. L.R. 1015-1. In the Chapter 11 Cases, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in the Chapter 11 Cases.

11. Joint administration will also permit the Clerk of the Court to utilize a single docket for all of the Chapter 11 Cases and to combine notices to creditors and other parties in interest in the Debtors' respective Chapter 11 Cases. Because there will likely be numerous motions, applications, and other pleadings filed in the Chapter 11 Cases that will affect all of the Debtors, joint administration will permit counsel for all parties in interest to include all of the Chapter 11 Cases in a single caption for the numerous documents that are likely to be filed and

served in the Chapter 11 Cases.  Joint administration will also enable parties in interest in all of the Chapter 11 Cases to stay apprised of all the various matters before the Court.

12. Joint administration will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights.  Joint administration will also reduce the number of pleadings that otherwise would be filed, render the completion of various administrative tasks less costly, and provide for greater efficiencies.  Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

13. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, and their creditors, and therefore, this Motion should be granted.

**NOTICE**

14. Notice of this Motion shall be provided to:  (a) the U.S. Trustee; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the Securities and Exchange Commission; (h) counsel to Compass Group Diversified Holdings LLC, the Debtors' prepetition secured lender and postpetition secured lender; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors will serve copies of this Motion, and any order entered in respect of this Motion, as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

33769061.1

5

**CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: November 16, 2025<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Timothy R. Powell*<br>Edmon L. Morton (Del. No. 3856)<br>Sean M. Beach (Del. No. 4070)<br>Timothy R. Powell (Del. No. 6894)<br>Benjamin C. Carver (Del. No. 7176)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email:  emorton@ycst.com<br>         sbeach@ycst.com<br>         tpowell@ycst.com<br>         bcarver@ycst.com<br><br>-and-<br><br>**KELLER BENVENUTTI KIM LLP**<br>Tobias S. Keller (*pro hac vice* pending)<br>Traci L. Shafroth (*pro hac vice* pending)<br>Scott Friedman (*pro hac vice* pending)<br>101 Montgomery Street, Suite 1950<br>San Francisco, California 94104<br>Telephone: (415) 496-6723<br>Facsimile: (650) 636-9251<br>Email:  tkeller@kbkllp.com<br>         tshafroth@kbkllp.com<br>         sfriedman@kbkllp.com<br><br>*Proposed Attorneys for Debtors<br>and Debtors-in-Possession* |

## EXHIBIT A

**Proposed Order**

33769061.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO BUYER, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-12052 (___)<br><br>Tax ID: 87-2264565 |
| In re:<br><br>K.L.D. JEWELRY, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-12053 (___)<br><br>Tax ID: 87-4360319 |
| In re:<br><br>LUGANO PRIVE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-12054 (___)<br><br>Tax ID: 88-1594308 |
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-12055 (___)<br><br>Tax ID: 57-1216784 |
| In re:<br><br>LUGANO HOLDING, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-12056 (___)<br><br>Tax ID: 87-2259690 |

**ORDER DIRECTING THE JOINT ADMINISTRATION
<u>OF THE DEBTORS' CHAPTER 11 CASES</u>**

Upon the motion (the "<u>Motion</u>")[1] of the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") directing the joint administration of the Chapter 11 Cases for procedural purposes only; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Chapter 11 Cases shall be consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

33769061.1

4. The Clerk of the Court shall maintain one file and one docket for all of the Chapter 11 Cases, which file and docket shall be the file and docket for the Chapter 11 Case of Lugano Diamonds & Jewelry Inc., Case No. 25-12055 (___).

5. All pleadings filed in the Chapter 11 Cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 25-12055 (___)<br><br>(Jointly Administered) |
|---|---|

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

6. The foregoing caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

7. The Clerk of the Court shall make a docket entry in each Chapter 11 Case (except that of Lugano Diamonds & Jewelry Inc.) substantially as follows.

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). **The docket in the chapter 11 case of Lugano Diamonds & Jewelry Inc., Case No. 25-12055 (___), should be consulted for all matters affecting this case**.

8. Nothing in the Motion or this Order is intended or shall be deemed or otherwise construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10. The Debtors and the Clerk of the Court are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

33769061.1