## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1] | Case No. 25-12055 (___) |
| Debtors. | (Joint Administration Requested) |

## MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING THE DEBTORS TO (I) REDACT CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS AND (II) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS, AND (B) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (this "Motion") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively (the "Proposed Orders"): (a) authorizing the Debtors to (i) redact certain confidential information of customers, and (ii) redact certain personally identifiable information of individuals; and (b) granting related relief. In support of this Motion, the Debtors submit the *Declaration of J. Michael Issa in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc.  (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a), 107, and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1007-1, 1007-2, and 9018-1(d).

## BACKGROUND

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court.  The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No official committee has been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

33769062.1

**RELIEF REQUESTED**

7.      By this Motion, the Debtors request entry of the Proposed Orders:  (a) authorizing the Debtors to (i) redact certain confidential information of customers, and (ii) redact certain personally identifiable information of individuals;[3] and (b) granting related relief.

**BASIS FOR RELIEF REQUESTED**

**I.      Redaction of Certain Confidential Information of Customers Is Warranted**

8.      Section 107(b)(1) of the Bankruptcy Code requires bankruptcy courts, on request of a party in interest, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information."   11 U.S.C. § 107(b)(1).   Section 107(b) of the Bankruptcy Code protects confidential commercial information where its disclosure would "cause an unfair advantage to competitors."  *In re ESML Holdings Inc*, 135 F.4th 80, 97 (3d. Cir. 2025) (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).   "The 'risk of a competitive injury' to the disclosing party 'must be actual and objective, not speculative or subjective.'"  *Id.* Commercial information "also includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a chilling effect on [business] negotiations, ultimately affecting the viability of Debtors, or could reasonably be expected to cause the entity commercial injury."  *In re FTX Trading Ltd.*, 2024 WL 4948827, at *7 (D. Del. Dec. 3, 2024) (citation omitted and internal quotation marks omitted; brackets in original).

9.      Pursuant to Bankruptcy Rule 9018, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other

---

[3]    Certain individuals and entities (collectively, the "Diamond Claimants") have asserted, or may assert, claims based on their alleged provision of funds to the Debtors to acquire an interest in a diamond in connection with the fraud perpetrated by the Debtors' former CEO, as discussed in further detail in the First Day Declaration.  Nothing herein, or in any pleadings or documents referenced herein, shall constitute an admission by the Debtors that such individuals have claims against the Debtors, and the Debtors reserve all rights to such potential claims.  Such individuals and entities may also be customers (or related to or affiliated with customers), and therefore, they are included on the Customer List (as defined herein).

33769062.1

3

confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.  The

Court has broad authority to issue such an order.  *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724

(Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue

the resulting order is broad—'any order which justice requires.'  The Court notes that the authority

goes not just to the protection of confidential documents, but to other confidentiality restrictions

that are warranted in the interests of justice.").

       10.     One of the Debtors' most critical assets is their customer list and related customer

data, which is comprised of the names of individuals and entities, email addresses, physical

addresses, and telephone numbers (collectively, the "Customer List").[4]  Customer lists constitute

confidential "commercial information" under section 107(b)(1) of the Bankruptcy Code.

*See, e.g.*, *FTX Trading Ltd.*, 2024 WL 4948827, at \*9 (affirming the Court's determination that

"the Debtors' customer list fell within the ambit of section 107(b)(1)" of the Bankruptcy Code);

*In re Genesis Glob. Holdco, LLC*, 652 B.R. 618, 632 (Bankr. S.D.N.Y. 2023) (finding the same

and collecting cases where courts have held that customer lists constitute confidential commercial

information).

       11.     The Debtors are an iconic jewelry manufacturer and retailer who do majority of

their business with ultra-high-net-worth individuals, whose net worth exceeds $50 million.  Given

the limited number of individuals who are in the market for the high-end jewelry the Debtors offer,

given that the Debtors' business strategy hinges upon developing personal relationships with these

individuals, and given that the Debtors devote significant resources to furthering these

relationships, requiring the Debtors to disclose the Customer List, and associated customer data,

---

[4]    The Customer List includes current, former, and prospective customers.  Due to the fact that the Debtors' business strategy focuses on cultivating long-term personal relationships, as explained in further detail herein, the Debtors have included prospective customers in the Customer List because the Debtors have spent, are spending, and/or anticipate spending, time and money developing personal relationships with such individuals.

would be detrimental to the Debtors' business and would give unfair advantages to the Debtors' competitors. Moreover, by disclosing the Customer List, and associated customer data, the Debtors may damage the close, personal relationships that they have spent years building with their customers, thereby reducing the Debtors ability to maximize the value of their estates. The redaction of the Customer List, and associated customer data, is of paramount importance in the Chapter 11 Cases.

12.    Cause therefore exists pursuant to section 107(b)(1) of the Bankruptcy Code to authorize the Debtors to redact the names and all associated identifying information on the Customer List from any paper filed or to be filed with the Court or otherwise made public in the Chapter 11 Cases, as applicable, including, but not limited to, the creditor matrix (the "Creditor Matrix"), the Debtors' consolidated list of unsecured creditors (the "Top 30 List"), and the Debtors' schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements"). If the Customer List is made public, and the Debtors' competitors seize the opportunity to poach their customers, the Debtors' going-concern value will likely face considerable and irreparable harm. As such, the Customer List is instrumental to the Debtors' success in the Chapter 11 Cases. Accordingly, the Debtors seek redaction to prevent concrete and ongoing damages that would result from the Customer List's unnecessary disclosure.

13.    Courts in this District and elsewhere have approved redaction of customer information. *See FTX Trading Ltd.*, 2024 WL 4948827; *see also In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (authorizing the debtors to redact the names, addresses, and email addresses of customers from any filings with the court or made publicly available); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (authorizing the debtors to redact the names, street addresses, and email addresses of customers from any filings with the

33769062.1

court or made publicly available); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (authorizing the debtors to redact the street and email addresses of the debtors' customers from any filings with the court or made publicly available); *In re PGX Holdings, In*c., No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (authorizing the debtors to redact the names of customers); *In re SiO2 Med. Prods., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. June 15, 2023) (same); *In re Boxed, Inc.*, No. 23-10397 (BLS) (Bankr. D. Del. Apr. 25, 2023) (authorizing the debtors to redact confidential customer information from any filings with the court or made publicly available); *In re Cred Inc.*, No. 20-12836 (JTD) (Bankr. D. Del. Dec. 21, 2020) (authorizing the debtors to redact or withhold the publication of customer names, mailing addresses, and email addresses); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 20, 2023) (authorizing the debtors to redact the names, home addresses, and email addresses of their customers from any filings with the court and reserving the rights of the U.S. Trustee to be heard with respect to the redactions regarding confirmation, conversion to chapter 7, or dismissal of the chapter 11 cases); *Genesis Glob.*, 652 B.R. at 632 (authorizing the debtors to redact the names, home addresses, and email addresses of their customers from any filings with the court and collecting cases where courts have held that customer lists constitute confidential commercial information); *In re Benefytt Techs., Inc.*, No. 23-90566 (CML) (Bankr. S.D. Tex. May 23, 2023) (authorizing the debtors to redact the names and home and email addresses of individual creditors); *In re Voyager Digit. Holdings, Inc.*, No. 22 10943 (MEW) (Bankr. S.D.N.Y. July 20, 2022) (authorizing the debtors to redact the names of "Confidential Parties," including customers, from professional retention applications).  As such, cause exists to authorize the Debtors to redact from any paper filed or to be filed the names, addresses, and email addresses of the Debtors' customers.

33769062.1

14.     The Debtors will make the unredacted version of the Creditor Matrix, the Top 30 List, the Schedules and Statements, and any other applicable filings redacted pursuant to the Proposed Orders available to the Court, the United States Trustee for the District of Delaware (the "U.S. Trustee"), counsel to any official committee appointed in the Chapter 11 Cases, Omni Agent Solutions, Inc. ("Omni"), as claims and noticing agent, and upon Court order, to any other party.

## II.     Redaction of Certain Confidential Information of Individuals Is Warranted

15.     Section 107(c)(1) of the Bankruptcy Code provides that the Court:

> [F]or cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification as defined in [18 U.S.C. § 1028(d)] contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

16.     In addition, privacy and data protection regulations have been enacted in key jurisdictions in which the Debtors do business.  For example, in 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to, among other things, request their collected personal information, including postal addresses, be deleted by entities subject to the regulation and opt out of the sale of personal information by such entities to third parties.  Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation. Cal. Civ. Code § 1798.155.  The CCPA applies to all for-profit entities doing business in California (the "CCPA Entities") that collect and process consumers' personal data and satisfy one of the

33769062.1

7

following criteria:  (a) annual gross revenue in excess of $25 million; (b) buys, shares, receives, or sells the personal information of more than 100,000 consumers, households, or devices for commercial purposes; or (c) receives 50% or more of their annual revenues from selling consumers' personal information.  Cal. Civ. Code § 1798.140(d)(1).  The Debtors likely qualify as CCPA Entities because the Debtors are headquartered, and conduct business with customers located, in California, and the Debtors' annual gross profits for 2024 were, and for 2025 are, in excess of $25 million.

17.     The Debtors therefore request authority to redact from any paper filed or to be filed with the Court in the Chapter 11 Cases including, but not limited to, the Creditor Matrix, the Top 30 List, the Schedules and Statements, and any related affidavits of service, the home addresses, email addresses, and other contact information of individuals—including, but not limited to, the Debtors' current and former employees, independent contractors, individual equity holders, customers, and other individual creditors—because (a) such information can be used to perpetrate identity theft[5] and phishing scams or to facilitate harms protected against by section 107(c)(1) of the Bankruptcy Code, and (b) disclosure risks exposing the Debtors to potential civil liability and significant financial penalties.

18.     In addition, the Debtors seek authority, but not direction, to redact the names of individuals they believe may be high net-worth individuals, including, but not limited to, the

---

[5]     *See In re Endo Int'l PLC*, No. 22-22549 (JLG), 2022 WL 16640880, at *10–12 (Bankr. S.D.N.Y. Nov. 2, 2022) (taking "judicial notice of the fact that identity theft is a world-wide problem," recognizing that the right of public access to judicial records "is not absolute," and authorizing the debtors to redact the names, home addresses, and email addresses of certain litigation claimants located in the US, EU, UK, and Australia from any paper filed with that court and/or otherwise made publicly available by the debtors and the claims and noticing agent thereof); *Genesis Glob.*, 652 B.R. at 636–37 (quoting *Endo* and finding that "[h]ome addresses fall within that category of information, as it is taken as a 'given' that they constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking and intimate partner violence alike, and that publishing such information facilitates an identify [sic] thief's search for data and a stalker's or abuser's ability to find his or her target").

Debtors' customers and the Diamond Claimants.[6]    High-net worth individuals may be "at heightened risk of financial or physical harm because of their perceived wealth." *Genesis Global*, 652 B.R. at 637.  Even "[t]he publication of names alone has been found to heighten the risk of identity theft and other harm." *Id.*  The Debtors also seek authority to redact the names of entities related to these high net-worth individuals, as in some cases, the names of such individuals could be identified from the names of the related entities.

19.    Redaction of individuals' information (and that of related entities) is necessary to protect information that would create "undue risk of identity theft or other unlawful injury to the individual or the individual's property."  11 U.S.C. § 107(c)(1).  These risks are real, as evidenced by the discovery of phishing scams in the *Celsius Network* chapter 11 case,[7] and an incident in the *Charming Charlie* chapter 11 case.[8]

20.    Courts in this jurisdiction have granted relief similar to that requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (authorizing the debtors to redact the home and email addresses of individuals on the creditor matrix, schedules and statements, and any other document filed with the court); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 1, 2024) (same); *In re SunPower*

---

[6]    As noted above, with respect to customers (including Diamond Claimants who are customers), the Debtors are also seeking to redact their names pursuant to section 107(b) of the Bankruptcy Code.

[7]    *See In re Celsius Network LLC*, No. 22-10964 (MG), Docket Nos. 7729 (Twelfth Supplemental Notice of Additional Phishing Attempts), 7886 (Thirteenth Supplemental Notice of Additional Phishing Attempts), and 8094 (Notice Regarding Completed Distribution Communications and Ongoing Phishing Attempts).

[8]    The creditor matrix motion in the second Charming Charlie case described a situation in Charming Charlie's first chapter 11 case. *See In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019), Docket No. 4 ("the abusive former partner one of the Debtors' employees used the publicly accessible creditor and employee information filed in the cases to track the employee at her new address not been publicly available until then, forcing the employee to change addresses again.").

*Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (same); *In re Vyaire Med., Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. June 11, 2024) (same).

21.     For the aforementioned reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to section 107(c)(1) of the Bankruptcy Code and in compliance with applicable privacy or data protection laws and regulations, the names, home addresses, email addresses, and other contact information of individuals listed on the Creditor Matrix, the Top 30 List, the Schedules and Statements, any related affidavits of service, or any other document filed with the Court.  Absent such relief, the Debtors (a) may be in violation of applicable privacy or data protections laws and regulations, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of the Chapter 11 Cases, (b) would unnecessarily render individuals more susceptible to identity theft and phishing scams, and (c) could jeopardize the privacy and safety of the Debtors' current and former employees, independent contractors, individual equity holders, customers, Diamond Claimants, and other individual creditors, who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking, by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.[9]

22.     The Debtors propose to provide an unredacted version of the Creditor Matrix, the Top 30 List, the Schedules and Statements, and any other filings redacted pursuant to the Proposed Orders to the Court, the U.S. Trustee, counsel to any official committee appointed in the Chapter 11 Cases, and Omni, and upon Court order, to any other party; *provided* that any receiving parties shall not transfer or otherwise provide such unredacted document to any person or entity

---

[9]     The Debtors reserve the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

that is not a party to the request.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under any privacy or data protection law or regulation.  Nothing requested herein is intended to preclude a party in interest's right to file a motion requesting that the Court unseal the information redacted by the Proposed Orders.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

23.    To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief requested in this Motion do not contain information subject to the confidentiality rights held or asserted by another party.

## NOTICE

24.    The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S Trustee; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the Securities and Exchange Commission;  (h) counsel to Compass Group Diversified Holdings LLC, the Debtors' prepetition secured lender and postpetition secured lender; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors will serve copies of this Motion, and any order entered in respect of this Motion, as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

33769062.1

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (a) granting the relief requested herein, and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: November 16, 2025
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Timothy R. Powell*
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Timothy R. Powell (Del. No. 6894)
Benjamin C. Carver (Del. No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:   emorton@ycst.com
       sbeach@ycst.com
       tpowell@ycst.com
       bcarver@ycst.com

-and-

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (*pro hac vice* pending)
Traci L. Shafroth (*pro hac vice* pending)
Scott Friedman (*pro hac vice* pending)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone:  (415) 496-6723
Facsimile:   (650) 636-9251
Email:   tkeller@kbkllp.com
       tshafroth@kbkllp.com
       sfriedman@kbkllp.com

*Proposed Attorneys for Debtors*
*and Debtors-in-Possession*

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

33769062.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1] | Case No. 25-12055 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. _____** |

**INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO (I) REDACT CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS AND (II) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS, AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (the "Interim Order"):  (a) authorizing the Debtors to (i) redact certain confidential information of customers, and (ii) redact certain personally identifiable information of individuals; and (b) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc.  (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2025, at __:__ _.m., (prevailing Eastern Time).  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____, 2025 and shall be served on:  (a) the Debtors, 620 Newport Center Dr., Ste 100, Newport Beach, California 92660, Attn:  J. Michael Issa; (b) proposed counsel to the Debtors, (i) Keller Benvenutti Kim LLP, Attn:  Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Traci L. Shafroth, Esq. (tshafroth@kbkllp.com); and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:  Timothy R. Powell, Esq. (tpowell@ycst.com) and Benjamin C. Carver, Esq. (bcarver@ycst.com); (c) counsel to Compass Group Diversified Holdings LLC, prepetition secured lender and postpetition secured lender, Squire Batton Boggs (US) LLP, 1000 Key Tower 127 Public Square, Cleveland, OH 44114, Attn:  Peter Morrison, Esq. (peter.morrison@squirepb.com); (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn:  Timothy Fox (timothy.fox@usdoj.gov); and (e) any statutory committee appointed in the Chapter 11 Cases.

33769062.1

4.      The Debtors are authorized, on an interim basis, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, the Top 30 List, the Schedules and Statements, affidavits of service, and any other documents filed with this Court by the Debtors, the home addresses, email addresses, and other contact information of individuals, including, but not limited to, the Debtors' current and former employees, independent contractors, individual equity holders, customers, Diamond Claimants, and other individual creditors.

5.      The Debtors are further authorized, on an interim basis, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, home addresses, email addresses, and other contact information of individuals (and their related or affiliated entities) on the Customer List, and individuals (and their related or affiliated entities) who are Diamond Claimants, from any filings with this Court or made publicly available in the Chapter 11 Cases.

6.      The Debtors shall provide an unredacted version of the Creditor Matrix, the Top 30 List, the Schedules and Statements, and any other filings redacted pursuant to this Interim Order to this Court, the U.S. Trustee, counsel to any official committee appointed in the Chapter 11 Cases, Omni Agent Solutions, Inc. ("Omni"), as claims and noticing agent, and upon Court order, to any other party; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

7.      Nothing herein precludes a party in interest's right to file a motion requesting that this Court unseal the information redacted by this Interim Order.

33769062.1

8.      The Debtors shall file a redacted version of the Creditor Matrix, the Top 30 List, the Schedules and Statements, or any other document filed with this Court, as well as post it on Omni's website.

9.      For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with this Court.

10.     Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Interim Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

11.     To the extent a party in interest files a document on the docket in the Chapter 11 Cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of Omni, to effectuate the service on such party's behalf.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**<u>EXHIBIT B</u>**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al*.,[1] | Case No. 25-12055 (___) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. _____ & ____ |

**FINAL ORDER (A) AUTHORIZING THE DEBTORS TO (I) REDACT CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS AND (II) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS, AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"):  (a) authorizing the Debtors to (i) redact certain confidential information of customers, and (ii) redact certain personally identifiable information of individuals; and (b) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc.  (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

with Article III of the United States Constitution; and it appearing that proper and adequate notice

of the Motion has been given under the circumstances and in accordance with the Bankruptcy

Rules and Local Rules and that no other or further notice is necessary; and after due deliberation

thereon; and this Court having found that the relief herein is in the best interests of the Debtors'

estates; and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      Any objections to the entry of this Final Order, to the extent not withdrawn or

settled, are overruled.

3.      The Debtors are authorized, on a final basis, pursuant to section 107(c)(1) of the

Bankruptcy Code, to redact on the Creditor Matrix, the Top 30 List, the Schedules and Statements,

affidavits of service, and any other documents filed with this Court by the Debtors, home

addresses, email addresses, and other contact information of individuals, including, but not limited

to, the Debtors' current and former employees, independent contractors, individual equity holders,

customers, Diamond Claimants, and other individual creditors.

4.      The Debtors are further authorized, on a final basis, pursuant to section 107(b)(1)

of the Bankruptcy Code, to redact the names, home addresses, email addresses, and other contact

information of individuals (and their related or affiliated entities) on the Customer List, and

individuals (and their related or affiliated entities) who are Diamond Claimants, from any filings

with this Court or made publicly available in the Chapter 11 Cases.

5.      The Debtors shall provide an unredacted version of the Creditor Matrix, the

Top 30 List, the Schedules and Statements, and any other filings redacted pursuant to this Final

Order to this Court, the U.S. Trustee, counsel to any official committee appointed in the

Chapter 11 Cases, Omni Agent Solutions, Inc. ("Omni"), as claims and noticing agent, and upon

Court order, to any other party; *provided* that any receiving party shall not transfer or otherwise

provide such unredacted document to any person or entity not party to the request.  The Debtors

shall inform the U.S. Trustee promptly after denying any request for an unredacted document

pursuant to this Final Order.

6.      Nothing herein precludes a party in interest's right to file a motion requesting that

the Court unseal the information redacted by this Final Order.

7.      The Debtors shall file a redacted version of the Creditor Matrix, the Top 30 List,

the Schedules and Statements, or any other document filed with this Court, as well as post it on

Omni's website.

8.      For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix

under seal with this Court.

9.      Nothing in this Final Order shall waive or otherwise limit the service of any

document upon or the provision of any notice to any individual whose personally identifiable

information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices

upon individuals whose personally identifiable information is sealed or redacted pursuant to

this Final Order shall be confirmed in the corresponding certificate of service.

10.     To the extent a party in interest files a document on the docket in the

Chapter 11 Cases that is required to be served on creditors whose information is under seal

pursuant to this Final Order, such party in interest should contact counsel for the Debtors who shall

work in good faith, with the assistance of Omni, to effectuate the service on such party's behalf.

11.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

33769062.1