# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 4 |

### ORDER (A) AUTHORIZING AND APPROVING THE APPOINTMENT OF OMNI AGENT SOLUTIONS, INC. AS CLAIMS AND NOTICING AGENT, AND (B) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing the Debtors to retain and appoint Omni Agent Solutions, Inc. ("Omni") as claims and noticing agent ("Claims and Noticing Agent") in the Chapter 11 Cases, effective as of the Petition Date, to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket, and otherwise administer proofs of claim filed in the Chapter 11 Cases, and (iii) provide such other claims and noticing services; and (b) granting related relief; and upon the First Day Declaration and the Deutch Declaration; and upon the statements of counsel made in support of the relief requested in the Application at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Application has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor:

      **IT IS HEREBY ORDERED THAT:**

      1.      Notwithstanding the terms of the Engagement Agreement attached hereto as **<u>Exhibit 1</u>**, the Application is approved solely as set forth in this Order.

      2.      Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

      3.      The Debtors are authorized pursuant to 28 U.S.C. §156(c) and Local Rule 2002-1(e) to retain Omni as Claims and Noticing Agent, effective as of the Petition Date, under the terms of the Engagement Agreement, and Omni is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in the Chapter 11 Cases (if any), and to perform all related tasks, all as described in the Application.

      4.      Omni shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Cases (if any) and is authorized and directed to maintain official claims registers for each of the Debtors, to provide public access to every proof of claim unless otherwise ordered by this Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk (if necessary).

33769059.1

5. Omni is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim (if necessary).

6. Omni is authorized to take such other action to comply with all duties set forth in the Application and this Order.

7. Omni shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. §156(c).

8. The Debtors are authorized to compensate Omni in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Omni and the rates charged for each, and to reimburse Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9. Omni shall maintain records of all services performed, showing dates, categories of services, fees charged, and expenses incurred. Omni shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee appointed in the Chapter 11 Cases, counsel to Compass Group Diversified Holdings LLC, the Debtors' prepetition secured lender and postpetition secured lender, and any party-in-interest who specifically requests service of the monthly invoices.

10. The Debtors and Omni shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; *provided* that the Debtors or Omni may seek resolution of any such dispute from this Court if resolution is not achieved.

33769059.1

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Omni under this Order shall be an administrative expense of the Debtors' estates.

12. Omni may apply the Retainer to all prepetition invoices, which Retainer shall be replenished to the original retainer amount, and, thereafter, Omni may hold the Retainer under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement. Upon completion of its engagement, Omni shall return any excess Retainer amounts to the Debtors or the Reorganized Debtors, as applicable.

13. The Debtors shall indemnify the Indemnified Parties under the terms of the Engagement Agreement, as modified pursuant to this Order.

14. The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

15. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify an Indemnified Party, or provide contribution or reimbursement to such Indemnified Party, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from such Indemnified Party's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of such Indemnified Party's contractual obligations (if any) if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which such

33769059.1

Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

16. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing the Chapter 11 Cases, any Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, such Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to such Indemnified Party before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by any Indemnified Party for indemnification, contribution, or reimbursement.

17. In the event Omni is unable to provide the services set out in this Order, Omni will immediately notify the Clerk and the Debtors' counsel and, upon approval of this Court, cause to have all original proofs of claim and other relevant information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

18. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Omni but is not specifically authorized by this Order.

33769059.1

19. Omni shall not cease providing noticing and claims processing services during the Chapter 11 Cases for any reason, including nonpayment, without an order of this Court; *provided*, *however*, that Omni may seek expedited relief for such an order.

20. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

21. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

22. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

23. The Debtors and Omni are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

24. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: November 18th, 2025**
**Wilmington, Delaware**

                                            **BRENDAN L. SHANNON**
                                            **UNITED STATES BANKRUPTCY JUDGE**

33769059.1