**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Lugano Diamonds & Jewelry Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered) |

**DECLARATION OF JEFFREY REEVES IN SUPPORT OF**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

I, Jeffrey Reeves, do hereby declare as follows:

1.      I am an attorney, duly license to practice law in California.  I am a founding partner of Reeves & Weiss LLP, which serves as counsel for Mordechai Ferder, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust ("**Mr. Ferder**") in the California State Court action which was removed from the Orange County Superior Court by Plaintiff, Lugano Diamonds & Jewelry, Inc. ("**Lugano**" or "**Debtor**"). I submit this declaration in support of the Motion for Relief from the Automatic Stay ("**Motion**").  I have personal first-hand knowledge of the matters set forth herein, except those matters where I state that my knowledge is based on information and belief and as to those matters, I believe them to be true.  If called upon as a witness to testify thereto, could and would do so competently.

2.      On or about June 24, 2025, Plaintiff Lugano filed a Complaint against Mr. Ferder in the California Superior Court, County of Orange, which was subsequently amended by the First

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are: Lagano Buyer, Inc. (4565); K.L.D. Jewelry, LLC (0319); Lugano Prive, LLC (4308); Lugano Diamonds & Jewelry Inc. (6784); and Lugano Holding, Inc. (9690).  The Debtors' mailing address is 620 Newport Center Dr., Ste 100, Newport Beach, CA 92660.

1

Amended Complaint filed on November 26, 2025.  Attached hereto as <u>Exhibit 1</u> and incorporated herein by this reference is the Amended Complaint.  Lugano's lawsuit ("**State Court Action**") alleges that Mr. Ferder breached his duties as CEO in connection with certain financing agreements, referred to as the "Diamond Contracts."   Mr. Ferder denies these allegations, contending that Lugano's claims are an effort to deflect responsibility for business strategies known to and approved by Lugano and its majority shareholder.  He maintains that all funds from the disputed contracts went directly into Lugano's corporate accounts to fund an aggressive expansion plan that the company itself demanded.

3.      Mr. Ferder was formerly the Chief Executive Office of Lugano, and performed services for Lugano pursuant to an employment agreement.  Attached hereto as <u>Exhibit 2</u> and incorporated herein by this reference is the Employment Agreement by and between Mr. Ferder and Lugano ("**Employment Agreement**").   The Employment Agreement contains a clear, mandatory forum-selection and choice-of-law clause:

> All disputes relating to this Agreement, Executive's employment or other service with the Company … shall be heard in the state of federal courts located in Orange County, California.

 Employment Agreement at 12.

4.      In addition to the State Court Action, there are at least seven other related actions pending in the Orange County Superior Court, most of which are before the same judge, the Honorable Jonathan Fish.[2] These cases all arise from the same core set of facts concerning the

---

[2] *Bryan Gadol v. Mordechai Ferder*, Case No. 30-2025-01488102-CU-BC-CJC (stay filed by Lugano); *Raymond W. Cohen v. Lugano Diamonds & Jewelry Inc.*, Case No. 30-2025-01490111-CU-BC-CJC; *Ken Kraus v. Lugano Diamonds & Jewelry, Inc.*, Case No. 30-2025-014901065-CU-BC-CJC (stay filed by Lugano); *Barry Aronoff v. Mordechai Ferder*, Case No. 30-2025-01490509-CU-FR-CJC (stay filed by Lugano); *Lugano Diamonds & Jewelry Inc. v. Mordechai Ferder*, Case No. 30-2025-01492210-CU-CO-CJC; *Avina LLC v. Lugano Diamonds & Jewelry,*

CORE/3536099.0002/237230106.1

Diamond Contracts[3], and Lugano is a defendant in all but one, the *Bryan Gadol* action, which names Simba Holdings instead of Lugano Jewelry as a defendant. I am informed and believe, and on that basis allege, that Lugano Jewelry has filed notices of stay of proceedings due to the Lugano bankruptcy cases in five of the actions in which it is a defendant.

5.    All counsel – both for Lugano and Mr. Ferder – are located in Los Angeles and Orange County, California. The parties to the State Court Action have already conducted mediation in Orange County California. Mr. Ferder, through counsel, has also served discovery and issued third-party subpoenas in the State Court Action.

6.    I am informed and believe and, on that basis, allege, that on November 16, 2025, Lugano and several affiliates filed for protection under Chapter 11 of the United States Bankruptcy Code[4]. Attached hereto as Exhibit 3 and incorporated herein by this reference is the *Lugano Diamonds & Jewelry Inc.*, Case No. 25-12055 (BLS) Voluntary Petition for Bankruptcy. I am further informed and believe, and on that basis allege, that Lugano chose to file not in California, their operational home, but in the District of Delaware with venue for Lugano itself predicated on the filing of an affiliate incorporated there, *Id.* at 3.

7.    On December 22, 2025, Lugano removed the State Court Action to the California District Court, Central District of California ("**California District Court**"). Attached hereto as

---

*Inc.*, Case No. 30-2-25-1495834-CU-FR-CJC; *The Arvielo Family Trust v. Lugano Diamonds & Jewelry Inc.*, Case No. 30-2025-01506931-CU-BC-CJC (stay filed by Lugano) (Judge Manssourian) and *Champion Force Industrial Limited v. Lugano Diamonds & Jewelry Inc.*, Case No. 30-2025-01499613-CU-BC-CJC (Stay filed by Lugano) (Judge Leal).

[3] Initial capitalized terms not defined herein have the meaning ascribed to them in the Motion.

[4] *Lugano Buyer, Inc.*, Case No. 25-12052 (BLS); *K.L.D. Jewelry, LLC*, Case No. 25-12053 (BLS); *Lugano Prive, LLC*, Case No. 25-12054 (BLS); *Lugano Diamonds & Jewelry Inc.*, Case No. 25-12055 (BLS); and *Lugano Holding, Inc.*, Case No. 24-12056 (BLS).

CORE/3536099.0002/237230106.1

Exhibit 4 and incorporated herein by this reference is the *Plaintiff Lugano Diamonds & Jewelry Inc.'s Notice of Removal; Demand for Jury Trial* ("**Notice of Removal**").  Upon removal, the State Court Action was assigned Case No. 2:25-cv-12108 by the California Central District Court and then subsequently transferred to the California Central District Court, Southern Division, and assigned Case No. 8:25-cv-02845-FWS (JDEx).

8.      The Notice of Removal states: "Lugano intends to file a motion to transfer this action to the District of Delaware." *Id.* at 3.  Lugano has only removed the State Court Action, the one in which it is the plaintiff.  In the cases where it is a defendant, it has invoked the automatic stay of the bankruptcy court.

9.      On January 6 and 14, 2026, in accordance with California District Court Local Rule 7-3 I met and conferred with counsel for Lugano, Amjad Khan, via videoconference.  During those conferences, I reiterated a request that I had originally made of Mr. Khan at the December 15, 2025 Case Management Conference conducted by Judge Fish in the State Court Action, which was attended by Lugano's counsel, as well as multiple counsel for parties in the related cases.  During my conversation with Mr. Khan inside Judge Fish's courtroom a the Casem Management conference, but not on the record, I asked Mr. Khan whether Lugano would agree to stipulate to relief from stay to permit Mr. Ferder to file, serve and prosecute compulsory counterclaims for the purposes set forth in the Motion.  Mr. Kahn gave no definitive answer at that time.  During the January 6 and 14 meet and confers, I again asked Mr. Khan whether Lugano would stipulate to relief from stay so that Mr. Ferder could file his counterclaims against Lugano without fear or later being accused of having violated the automatic stay.  In response, Mr. Khan shared his view that relief from stay might not be necessary under the circumstances, and he did not agree during or after these conferences that Lugano would stipulate to relief from stay. While we were unable to

4

resolve the issues, we were able to agree on a stipulated briefing schedule to address all the issues raised by the bankruptcy filing and the removal of the State Court Action.   On January 16, 2026, Ferder and Plaintiff entered into a *First Stipulation Re: Responsive Pleading Deadline for Defendant Mordechai Ferder and Briefing Schedule for Motions to Transfer and Remand* ("**Stipulation**") in which the parties agreed, subject to the California District Court's approval, to a briefing schedule for the filing of the Remand Motion, a motion for relief from the automatic stay ("**Stay Motion**") and Plaintiff's motion to transfer the California District Court Action to this Court ("**Transfer Motion**") by January 27, 2026, opposition by February 17, 2026, and replies by March 3, 2026.

10.    On January 20, 2026, the California District Court entered an Order Re First Stipulation Regarding Responsive Pleading Deadline for Defendant Mordechai Ferder and Briefing Schedule for Motions to Transfer and Remand ("**District Court Order**"), a true and correct copy of which is attached hereto as Exhibit 5 and incorporated herein by this reference. Pursuant to the District Court Order, Mr. Ferder's responsive pleading is due on or before March 6, 2026.

11.    Concurrently with the filing of the Motion, Mr. Ferder is filing a Motion to Abstain From Hearing State court Action, or in the Alternative, to Remand Removed Action ("**Remand Motion**"), in which Ferder requests that the California District Court remand the Removed Action back to the State Court pursuant to the mandatory abstention provisions set forth in 28 U.S.C. § 1334(c)(2) or alternatively upon equitable grounds warranting remand pursuant to 28 U.S.C. § 1452.

12.    Although not required to do so because Ferder has not yet responded to the Amended Complaint, Ferder as a precautionary measure, filed a Bankruptcy Rule 9027(e)(3)

5

statement with the California District Court in which he confirms that the Removed Action is non-core and that Ferder does not consent to entry of final orders and judgment by the bankruptcy judge.

13.     Ferder has a number of defenses to the State Court Action, including, but not limited to: (i) Lugano Jewelry is the primary obligor on all of the Diamond Contracts, not Ferder; (ii) Ferder's conduct can and should be imputed to Lugano Jewelry because he acted in his capacity as CEO when entering into the Diamond Contracts; and (iii) unclean hands – Ferder did not act alone, and other higher ups at Lugano Jewelry, including Josh Gaynor, and at Compass, were aware of the financing arrangements that were being used and enjoyed the benefits of those arrangements when it suited them.

14.     Further, Ferder has his own affirmative claims against Lugano Jewelry, Joshua Gaynor (Lugano Jewelry's interim CEO), Compass, and Elias Sabo (CEO of Compass) for, among other things: (i) defamation per se against Lugano Jewelry, Gaynor, Compass and Sabo for statements accusing Ferder of embezzlement, fraud and theft; (ii) breach of contract against Lugano Jewelry for failure, as the primary obligor on the Diamond Contracts, to resolve them, and for Ferder's expenses in litigation as a result of Lugano Jewelry's failure to honor its obligation to satisfy the Diamond Contracts; (iii) intentional interference with contractual relations against Compass and Sabo for undermining, and causing the termination of, the employment agreement and shareholder relationship between Mr. Ferder and Lugano Jewelry; (iv) intentional interference with prospective economic advantage against Compass and Sabo for interfering with the sale of Lugano Jewelry to a prospective purchaser of Lugano Jewelry depriving Ferder and other shareholders of the substantial economic benefit  that would have been realized from that sale; (v) breach of fiduciary duty against Sabo and breach of the implied covenant of good faith and fair

6

dealing against Lugano and Compass as its majority shareholder; (vi) equitable indemnity against Lugano Jewelry and Compass for all monetary expenses Ferder has had to suffer for being called upon to satisfy Lugano Diamond's obligations;  (vii) California Labor Code claims under Cal. Lab. Code §§ 2802 and 201-203 against Lugano Jewelry for wrongful termination, indemnity, reimbursement for business expenses, and for unpaid salary and accrued bonuses; and (viii) declaratory relief against Compass, Sabo, and Gaynor regarding Lugano Jewelry's liability for all obligations arising under the Diamond Contracts, and Lugano Jewelry's obligation to indemnify Ferder for all funds he has expended to cover company expenses and to defend himself.

15.     Mr. Ferder brings this Motion to permit him to assert counterclaims against Lugano and others.  Any such counterclaims will be California law-based claims that a state court can adjudicate.

16.     Joshua Gaynor (Lugano Jewelry's interim CEO), Compass, and Elias Sabo (CEO of Compass) both reside and/or work in Orange County, California where the State Court Action was filed.  Further, most of the third party witnesses we currently anticipate calling at trial reside in California.

I declare and state under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in Irvine, California on January 26, 2026.

_____
Jeffrey Reeves

CORE/3536099.0002/237230106.1