IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al*.,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 325 |

### ORDER (A) AUTHORIZING THE DEBTORS TO (I) REJECT AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY, AND (II) ABANDON ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES, BOTH EFFECTIVE AS OF THE REJECTION EFFECTIVE DATE; AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") (a) authorizing, but not directing, the Debtors to (i) reject, effective as of Rejection Effective Date, the Lease, and (ii) abandon, effective as of Rejection Effective Date, any Remaining Property located at the Premises; and (b) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court, if any; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

33936808.2

§§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Lease, to the extent not already terminated in accordance with its applicable terms or upon agreement of the parties, is hereby rejected, effective as of January 30, 2026 (the "Rejection Effective Date").

4. The Debtors are authorized to abandon any Remaining Property located at the Premises free and clear of all liens, claims, encumbrances, interests, and rights of third parties, with such abandonment being effective as of the Rejection Effective Date. The Landlord and/or its agents or representatives are authorized to dispose of the abandoned Remaining Property without liability to the Debtors or any third party, and, to the extent applicable, the automatic stay is modified to allow such disposition.

5. Claims arising out of the rejection of the Lease must be filed on or before the date that is 30 days after the entry of this Order in accordance with this Court's order establishing various bar dates in the Chapter 11 Cases [Docket No. 223].

6. Nothing contained in the Motion or this Order shall prejudice the rights of the Debtors to argue that: (a) the Lease was terminated prior to the Petition Date or Rejection Effective Date; (b) any claim for damages arising from the rejection of the Lease is limited to the remedies available under any applicable termination provision of the Lease; or (c) any such claim is an obligation of a third party and not that of the Debtors or their estates.

7. Nothing contained in the Motion or this Order, nor any actions or payments made by the Debtors pursuant to this Order, shall be construed as: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' property; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease, other than the Lease, pursuant to section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order. Nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

8. The requirements set forth in Bankruptcy Rules 6006 and 6007 are satisfied.

9. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: February 18th, 2026
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

33936808.2