**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1] | Case No. 25-12055 (BLS) |
| Debtors. | (Jointly Administered) |

**Objections Due:  March 23, 2026 at 4:00 P.M. (ET)**
**Hearing Date:  To be scheduled if necessary**

**SECOND MONTHLY FEE APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF**
**PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM**
**JANUARY 1, 2026 THROUGH JANUARY 31, 2026**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of December 1, 2025 by order signed January 6, 2026 [Docket No. 274] |
| Period for which Compensation and Reimbursement is Sought: | January 1, 2026 through January 31, 2026[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $536,623.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $6,487.61 |

This is a:      ☒monthly      ☐ interim      ☐final application.

The total time expended for fee application preparation is approximately 2.0 hours and

the corresponding compensation requested is approximately $1,300.00.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

4938-9563-0738.1 53772.00002

PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 1/14/26 | 12/1/25 – 12/31/25 | $563,109.75 | $635.28 | $450,487.80 | $635.28 |

### PSZJ PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Wallen, Ben L. | Partner, 2016 | $1,195.00 | 44.70 | $53,416.50 |
| Nasatir, Iain A.W. | Partner, 1983 | $1,775.00 | 12.20 | $21,655.00 |
| Morris, John A. | Partner, 1991 | $2,050.00 | 41.40 | $84,870.00 |
| O'Neill, James E. | Partner, 2001 | $1,595.00 | 11.20 | $17,864.00 |
| Pomerantz, Jeffrey N. | Partner, 1989 | $2,175.00 | 48.90 | $106,357.50 |
| Litvak, Maxim B. | Partner, 2001 | $1,895.00 | 26.50 | $50,217.50 |
| Pachulski, Richard M. | Partner, 1979 | $2,250.00 | 2.30 | $5,175.00 |
| Kroop, Jordan A. | Counsel, 1998 | $1,750.00 | 72.60 | $127,050.00 |
| Dine, Jeffrey M. | Counsel, 2019 | $1,795.00 | 21.40 | $38,413.00 |
| Winograd, Hayley R. | Associate, 2018 | $1,250.00 | 4.10 | $5,125.00 |
| Bates, Andrea T. | Paralegal | $695.00 | 38.10 | $26,479.50 |
| **Grand Total** | | | **323.40** | **$536,623.00** |

**Grand Total:** $536,623.00
**Total Hours:** 323.40
**Blended Rate:** $1,659.32

### COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 0.80 | $1,740.00 |
| Bankruptcy Litigation | 140.90 | $211,600.50 |
| Case Administration | 16.20 | $21,281.00 |
| Claims Administration and Objections | 4.40 | $7,754.00 |
| PSZJ Compensation | 4.90 | $5,043.00 |
| Other Professional Compensation | 2.80 | $3,444.00 |
| Employee Benefits/Pensions/ and KEIP/KERP | 2.30 | $4,025.00 |
| Contract and Lease Matters | 1.00 | $1,750.00 |
| Financing/Cash Collateral/Cash Management | 41.30 | $80,705.00 |
| General Creditors' Committee | 38.00 | $73,665.00 |

4938-9563-0738.1 53772.00002

5

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Insurance Coverage | 13.20 | $23,830.00 |
| Plan and Disclosure Statement | 32.70 | $59,809.50 |
| PSZJ Retention | 2.70 | $3,856.50 |
| Other Professional Retention | 10.10 | $17,441.00 |
| Serenade | 4.30 | $7,604.50 |
| Simba | 4.70 | $7,697.50 |
| Stay Litigation | 3.10 | $5,376.50 |
| **Grand Total** | **323.40** | **$536,623.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Auto Travel Expense | | $686.92 |
| Working Meals | | $20.85 |
| Delivery/Courier Service | | $15.00 |
| Lexis/Nexis-Legal Research | | $270.09 |
| Litigation Support Vendors | | $537.48 |
| PACER - Court Research | | $145.80 |
| Reproduction Expense | | $36.10 |
| Transcript | Reliable | $226.20 |
| Westlaw-Legal Research | | $4,549.17 |
| **Total** | | **$6,487.61** |

---

[3]   PSZJ may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1] | Case No. 25-12055 (BLS) |
| Debtors. | (Jointly Administered) |

**Objections Due:  March 23, 2026 at 4:00 P.M. (ET)**
**Hearing Date:  To be scheduled if necessary**

**SECOND MONTHLY FEE APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF**
**PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM**
**JANUARY 1, 2026 THROUGH JANUARY 31, 2026**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**") and this Court's *Order (A) Authorizing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, and (B) Granting Related Relief* entered on December 15, 2025 [Docket No. 193] (the "**Administrative Order**"), Pachulski Stang Ziehl & Jones LLP ("**PSZJ**" or the "**Firm**"), counsel for the official committee of unsecured creditors (the "**Committee**"), hereby submits its *Second Monthly Fee Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors for the Period From January 1, 2026 Through January 31, 2026* (the "**Application**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

By this Application PSZJ seeks a monthly interim allowance of compensation in the amount of $536,623.00 and actual and necessary expenses in the amount of $6,487.61 for a total allowance of $543,110.61 and (ii) payment of $429,298.40 (80% of the allowed fees pursuant to the Administrative Order) and reimbursement of $6,487.61 (100% of the allowed expenses pursuant to the Administrative Order) for a total payment of $435,786.01 for the period January 1, 2026 through January 31, 2026 (the "**Fee Period**"):

**Background**

1.      On November 16, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No request for the appoint of a trustee or examiner has been made in these chapter 11 cases.

2.      On November 26, 2025, the Office of the United States Trustee (the "**U.S. Trustee**") appointed the Committee, which consists of the following members: (i) Royalty T Diamonds Group Ltd.; (ii) NBS Diamonds Inc. (dba Scarselli Diamonds); (iii) Ponte Gadea Chicago, LLC; (iv) The Irvine Company; (v) William Scott Simon; (vi) Barry Aronoff; (vii) Avina LLC/Global Innovations LLC; (viii) Adam Rothstein; and (ix) Kristoffer Winters. The *Notice of Appointment of Committee of Unsecured Creditors* [Docket. No. 88] was filed on November 25, 2025, and amended on November 26, 2025 [Docket No. 93].

3.      On December 1, 2025, the Committee PSZJ as its counsel and Force Ten Partners, LLC ("**Force Ten**") as its financial advisor.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.      On December 15, 2025, the Court entered the Administrative Order, authorizing estate professionals ("**Professionals**") to submit applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  The initial monthly fee Application will cover the period from Petition Date through December 31, 2025.  Beginning with the period ending February 28, 2026, and at three-month intervals or such other intervals convenient to the Court, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee Application for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

6.      The retention of PSZJ, as counsel to the Committee, was approved effective as of December 1, 2025, by this Court's *Order Granting Application to Employ Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of December 1, 2025* [Docket No. 274] (the "**Retention Order**").  The Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZJ's APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

7.      All services for which PSZJ requests compensation were performed for or on behalf of the Committee.  PSZJ has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZJ and any other person other than the partners of PSZJ for the sharing of compensation to be received for services rendered in this case.  PSZJ has not received a retainer in this case.

**Fee Applications**

8.      The invoice for the Fee Period is attached hereto as **Exhibit A**.  This Application contains daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZJ's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order.  PSZJ's time reports are initially handwritten or directly entered in the billing system, by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZJ is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.  PSZJ's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  To the extent it is feasible, PSZJ professionals attempt to work during travel.

**Actual and Necessary Expenses**

9.      A summary of the actual and necessary expenses incurred by PSZJ for the Fee Period is attached hereto as part of **Exhibit A**.  PSZJ customarily charges $0.10 per page for

photocopying expenses related to cases, such as this, arising in Delaware. PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying charges on a daily basis.

10.     PSZJ charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZJ does not charge the Debtor for the receipt of faxes in this case.

11.     With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

12.     PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("**ABA**") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

<u>**Summary of Services Rendered**</u>

13.     The names of the timekeepers of PSZJ who have rendered professional services in this case during the Interim Period are set forth in the attached **Exhibit A**. PSZJ, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various

4938-9563-0738.1 53772.00002                                    2

matters in connection with the Debtors' cases, and performed all necessary professional services which are described and narrated in detail below.

**Summary of Services by Project**

14.     The services rendered by PSZJ during the Fee Period can be grouped into the categories set forth below.  PSZJ attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**.  **Exhibit A** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.     Asset Disposition**

15.     During the Fee Period, the Firm, (i) conferred and corresponded with Committee financial advisor regarding (i) sale issues; (ii) bonus issues; and (iii) retail proceeds from liquidation.

Fees:  $1,740.00          Hours:  0.80

**B.     Bankruptcy Litigation**

16.     During the Fee Period, the Firm, (i) drafted litigation/investigation summaries; (ii) drafted a chronology of fraud complaints; (iii) researched litigation claims; (iv) conferred regarding 2004 requests to Debtors and drafted same; (v) conferred regarding Special Committee investigation and prepetition litigation issues; (vi) reviewed and analyzed insurance complaint; (vii) conferred regarding protective order; (viii) attend several litigation team calls regarding

productions and deposition schedule; (ix) reviewed productions received; and (x) reviewed and analyzed CODI 10-K documents.

Fees:  $211,600.50          Hours:  140.90

**C.      Case Administration**

17.      During the Fee Period, the Firm, among other things, (i) reviewed correspondence and pleadings and forwarded them to appropriate parties; (ii) maintained a calendar of critical dates and deadlines; (iii) participated in WIP calls; (iv) corresponded internally and followed up on various open case issues; and (v) participated in weekly case strategy calls with financial advisor.

Fees:  $21,281.00          Hours:  16.20

**D.      Claims Administration and Objections**

18.      During the Fee Period, the Firm, among other things, (i) investigated claim information for unsecured creditor; (ii) reviewed claim filed by Moti; and (iii) reviewed various other claims.

Fees:  $7,754.00          Hours:  4.40

**E.      PSZJ Compensation**

19.      During the Fee Period, the Firm (i) corresponded regarding the first monthly fee application; and (ii) drafted and filed the December monthly fee application.

Fees:  $5,043.00       Hours:  4.90

**F.      Other Professional Compensation**

20.      During the Fee Period, the Firm (i) reviewed and revised Force 10's first monthly fee application; and (ii) filed the first monthly fee application.

Fees:  $3,444.00       Hours:  2.80

**G.**      **Employee Benefits/Pensions and KEIP/KERP**

21.      During the Fee Period, the Firm (i) corresponded regarding staffing and strategy issues; and (ii) conferred with the Debtors' counsel regarding WARN Act issues, including researching WARN Act provisions.

Fees: $4,025.00      Hours: 2.30

**H.**      **Contract and Lease Matters**

22.      During the Fee Period, the Firm analyzed the Toronto lease settlement agreements.

Fees: $1,750.00      Hours: 1.00

**I.**      **Financing/Cash Collateral/Cash Management**

23.      During the Fee Period, the Firm, among other things, (i) corresponded with Debtors' counsel and lenders' counsel regarding various issues regarding cash collateral; (ii) reviewed the revised DIP; (iii) prepared for and attended calls with lenders; (v) drafted an objection to the cash collateral motion; (vi) revised a proposed final cash collateral order; (vii) reviewed CODI stock purchase and loan documents; and (viii) conferred regarding the budget.

Fees: $80,705.00      Hours: 41.30

**J.**      **General Creditors' Committee**

24.      During the Fee Period, the Firm, among other things, (i) corresponded with the Committee regarding case status and open issues; (ii) conferred regarding litigation issues; (iii) drafted agendas and memos for Committee meetings, attended same; and (iv) corresponded with Committee regarding plan issues.

Fees: $73,665.00      Hours: 38.00

**K.** **Insurance Coverage**

25.    During the Fee Period, the Firm (i) reviewed the Debtors' insurance material; (ii) analyzed the Travelers complaint; and (iii) corresponded with counsel regarding insurance.

Fees:  $23,830.00                Hours:  13.20

**L.** **Plan and Disclosure Statement**

26.    During the Fee Period, the Firm, (i) drafted an initial liquidating trust agreement; (ii) conferred regarding potential litigation trustee role; (iii) conferred regarding substantive consolidation plan term sheet budget; (iv) edits to plan term sheet; and (v) conferred with Committee regarding plan term sheet revisions.

Fees:  $3,856.50                Hours: 2.70

**M.** **Other Professional Retention**

27.    During the Fee Period, the Firm, among other things, (i) drafted supplemental Meislik declaration; (ii) conferred with US Trustee regarding changes to Force 10's retention order; (iii) revisions to retention order; (iv) finalized and file certification of counsel; and (vi) conducted interviews with various counsel re: Codi acquisition of equity and initial lending transaction.

Fees:  $17,741.00                Hours:  10.10

**N.** **Serenade**

28.    During the Fee Period, the Firm, (i) monitored related California bankruptcy case; (ii) updated critical dates memo; (iii) attended case status conference (virtually); and (iv) conferred with equity holder counsel regarding case status.

Fees:  $7,604.50                Hours:  4.30

**O.** **Simba**

29.    During the Fee Period, the Firm, (i) monitored related California bankruptcy case;

(ii) updated critical dates memo; (iii) analyzed Schedules and SOFAs; and (iv) reviewed venue transfer motion.

Fees:  $7,697.50          Hours:  4.70

**P.      Stay Litigation**

30.      During the Fee Period, the Firm, (i) analyzed Ferder stay relief motion; and (ii) drafted portions of venue transfer motion.

Fees:  $5,376.50          Hours:  3.10

**Valuation of Services**

31.      Attorneys and paraprofessionals of PSZJ expended a total 323.40 hours in connection with their representation of the Committee during the Fee Period, as follows:

**PSZJ PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Wallen, Ben L. | Partner, 2016 | $1,195.00 | 44.70 | $53,416.50 |
| Nasatir, Iain A.W. | Partner, 1983 | $1,775.00 | 12.20 | $21,655.00 |
| Morris, John A. | Partner, 1991 | $2,050.00 | 41.40 | $84,870.00 |
| O'Neill, James E. | Partner, 2001 | $1,595.00 | 11.20 | $17,864.00 |
| Pomerantz, Jeffrey N. | Partner, 1989 | $2,175.00 | 48.90 | $106,357.50 |
| Litvak, Maxim B. | Partner, 2001 | $1,895.00 | 26.50 | $50,217.50 |
| Pachulski, Richard M. | Partner, 1979 | $2,250.00 | 2.30 | $5,175.00 |
| Kroop, Jordan A. | Counsel, 1998 | $1,750.00 | 72.60 | $127,050.00 |
| Dine, Jeffrey M. | Counsel, 2019 | $1,795.00 | 21.40 | $38,413.00 |
| Winograd, Hayley R. | Associate, 2018 | $1,250.00 | 4.10 | $5,125.00 |
| Bates, Andrea T. | Paralegal | $695.00 | 38.10 | $26,479.50 |
| **Grand Total** | | | **323.40** | **$536,623.00** |

**Grand Total:**   **$536,623.00**
**Total Hours:**        **323.40**
**Blended Rate:**    **$1,659.32**

32. The nature of work performed by these persons is fully set forth in **Exhibit A** attached hereto. These are PSZJ's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZJ for the Committee during the Fee Period is $536,623.00.

33. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

WHEREFORE, PSZJ respectfully requests that, for the period of January 1, 2026 through January 31, 2026, (i) an interim allowance be made to PSZJ for compensation in the amount $536,623.00 and actual and necessary expenses in the amount of $6,487.61 for a total allowance of $543,110.61 and (ii) payment of $429,298.40 (80% of the allowed fees pursuant to the Administrative Order) and reimbursement of $6,487.61 (100% of the allowed expenses pursuant to the Administrative Order) for a total payment of $435,786.01, and for such other and further relief as this Court may deem just and proper.

Dated:   March 2, 2026                 Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
James E. O'Neill, Esq. (DE Bar No. 4042)
Edward A. Corma, Esq. (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:   (302) 652-4100
Email:          joneill@pszjlaw.com
                    ecorma@pszjlaw.com


- and -


Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
Jordan A. Kroop, Esq. (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:   (310) 277-6910
Email:          jpomerantz@pszjlaw.com
                    jkroop@pszjlaw.com


- and -


John A. Morris, Esq. (admitted *pro hac vice*)
Hayley R. Winograd, Esq. (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:   (212) 561-7700
Email:          jmorris@pszjlaw.com

*Counsel to the*
*Official Committee of Unsecured Creditors*

4938-9563-0738.1 53772.00002

**DECLARATION**

STATE OF DELAWARE        :

                                   :

COUNTY OF NEW CASTLE   :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a)        I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

b)        I am familiar with the legal services rendered by PSZJ as counsel to the Committee.

c)        I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about December 15, 2025 and submit that the Application substantially complies with such rule and orders.

*/s/ James E. O'Neill*

James E. O'Neill

4938-9563-0738.1 53772.00002