**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 25-12055 (BLS) |
| LUGANO DIAMONDS & JEWELRY INC., *et al.,* | Jointly Administered |
| Debtors. | **Hearing Date:** |
| | **April 20, 2026, 11:00 a.m. ET** |
| | **Related Docs 312, 450** |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINDER
IN DEBTORS' OBJECTION TO MORDECHAI FERDER'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "**Committee**") joins the objection [Doc 450] (the "**Debtors' Objection**") [1] by the above-captioned debtors (the "**Debtors**") to the relief sought in Mordechai Ferder's motion for relief from the automatic stay [Doc 312] (the "**Stay Relief Motion**") and adopts as its own the arguments contained in the Debtors' Objection.

The Debtors' Objection and this joinder are unfortunately necessitated by two poor decisions. First, Mr. Ferder has decided to try keeping a matter central to and inexplicably bound up in these Chapter 11 cases in the State Court, maximizing the likelihood that proceedings within the exclusive core jurisdiction of this Court are impermissibly litigated in a forum lacking competent jurisdiction. These estates would be forced to engage in the unheard-of exercise of objecting *in a state court bereft of bankruptcy jurisdiction* to Mr. Ferder's Proof of Claim filed in this Court. The likely inconsistent results conflicting with the orderly administration of these Chapter 11 estates and the chaos that would surely ensue from litigation in the State Court would severely harm these Chapter 11 estates and their creditors and benefit only Mr. Ferder, the unrepentant fraudster who victimized every creditor in this case and destroyed the Debtors' business before absconding to Israel.

---

[1] Capitalized terms used without definition in this joinder retain the meanings given to them in the Debtors' Objection.

Second, the U.S. District Court in Orange County, California regrettably misunderstood the legal standards for remand under 28 U.S.C. §§ 1334 and 1452 and the centrality of Lugano's action against Mr. Ferder in these Chapter 11 cases. Especially because Mr. Ferder voluntarily subjected himself to this Court's jurisdiction by filing his Proof of Claim, the California District Court erroneously misapplied applicable law and remanded a matter within this Court's exclusive, core jurisdiction to a state court that *lacks* jurisdiction, relying almost entirely on a choice of law provision in Mr. Ferder's employment agreement, the relevancy of which has, by now, ebbed to zero in the face of Mr. Ferder's astronomically expensive transgressions. Improvident as the California District Court's decision was, 28 U.S.C. § 1452(b) makes even clearly erroneous decisions unappealable.

Now that these estates' claims against Mr. Ferder are back in the State Court, he wishes to further exploit his undeserved win in the California District Court by seeking relief from an automatic stay whose application to Mr. Ferder's meritless claims against these estates epitomizes Bankruptcy Code § 362's very *raison d'etre.* As the Debtors elucidate in their objection, forcing the square peg of Bankruptcy Code administration of these estates' claims against Mr. Ferder (as well as his Proof of Claim against these estates) into the round hole of the State Court, which lacks jurisdiction over matters solidly within this Court's exclusive core jurisdiction, would inflict incalculable harm on these estates and its creditors just as these Chapter 11 cases approach a plan confirmation process.

This Court can avoid all this. For the reasons stated in the Debtors' objection, Mr. Ferder cannot possibly meet the rigorous standard for relief under Bankruptcy Code § 362(d)(1). The Committee respectfully urges the Court to deny the Stay Relief Motion and keep all proceedings in this Court where they belong.

March 30, 2026               Respectfully submitted,

                            **PACHULSKI STANG ZIEHL & JONES LLP**

                            */s/ James E. O'Neill*
                            James E. O'Neill, Esq. (DE Bar No. 4042)
                            919 North Market Street, 17th Floor
                            Wilmington, DE 19801
                            Telephone:   (302) 652-4100
                            Email:       joneill@pszjlaw.com

                            - and -

                            Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
                            10100 Santa Monica Blvd., 13th Floor
                            Los Angeles, CA 90067
                            Telephone:   (310) 277-6910
                            Email:       jpomerantz@pszjlaw.com

                            - and -

                            John A. Morris, Esq. (admitted *pro hac vice*)
                            Jordan A. Kroop, Esq. (admitted *pro hac vice*)
                            1700 Broadway, 36th Floor
                            New York, NY 10019
                            Telephone:   (212) 561-7700
                            Email:       jmorris@pszjlaw.com
                                         jkroop@pszjlaw.com

                            *Counsel to Official Committee of Unsecured Creditors*