**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 25-12055 (BLS)<br>(Jointly Administered)<br><br>**Objections Due: May 5, 2026 at 4:00 pm ET**<br>**Hearing Date: June 1, 2026 at 11:00 am ET** |

**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES OF**
**FORCE TEN ADVISORS, LLC AS FINANCIAL ADVISOR FOR THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM**
**DECEMBER 3, 2025, THROUGH FEBRUARY 28, 2026**

| | |
|---|---|
| Name of Applicant: | Force Ten Advisors, LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of December 3, 2025, by order entered January 8, 2026 [Doc 284] |
| Period for which Compensation and Reimbursement is Sought: | December 3, 2025 – February 28, 2026 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $709,686.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $219.95 |
| Rates are Higher than those Approved or Disclosed at Retention? Yes ☐ No ☒<br>If yes, Total Compensation Sought Using Rates Disclosed in Retention Application: | |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $567,748.80 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $219.95 |
| Number of Professionals Included in this Application: | 8 |
| If Applicable, Number of Professionals in this Application not Included in Staffing Plan Approved by Client: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 2 |

This is a:      ☐monthly      ☒ interim      ☐final          application

The total time expended for fee application preparation is approximately 2.0 hours and the corresponding compensation requested is approximately $1,300.

## MONTHLY APPLICATIONS FILED

| Monthly Fee Period | Total Fees Requested | Total Expenses Requested | Amount of Fees Paid or to be Paid (80%) | Amount of Expenses Paid or to be Paid (100%) | Amount of Holdback Fees Sought (20%) |
|---|---|---|---|---|---|
| 12/3/2025 to 12/31/2025 | $267,267.50 | $50.40 | $213,814.00 | $50.40 | $53,453.50 |
| 1/1/2026 to 1/31/2026 | $168,107.50 | $166.35 | $134,486.00 | $166.35 | $33,621.50 |
| 2/1/2026 to 2/28/2026 | $274,311.00 | $3.20 | $219,448.80 | $3.20 | $54,862.20 |
| **TOTALS** | **$709,686.00** | **$219.95** | **$567,748.80** | **$219.95** | **$141,937.20** |

## FORCE 10 PROFESSIONALS

| Name | Title | Fees Billed in the Application Period ($) | Hours Billed in the Application Period | Hourly Rate Billed in the Application Period ($) |
|---|---|---|---|---|
| Adam Meislik | Partner | $210,900.00 | 228.0 | $925.00 |
| Brian Weiss | Partner | $226,347.50 | 244.7 | $925.00 |
| Renee Albarano | Managing Director | $21,703.50 | 27.3 | $795.00 |
| Erik Nathan | Managing Director | $80,682.00 | 135.6 | $595.00 |
| Isaac Chan | Manager | $90,023.50 | 151.3 | $595.00 |
| Ellen Sprague | Manager | $1,526.50 | 4.3 | $355.00 |
| Mylene Ayala | Manager | $1,562.00 | 4.4 | $355.00 |
| Nicholas Rafatjoo | Associate | $76,941.00 | 185.4 | $415.00 |
| **Totals** | | $709,686.00 | 981.0 | |

Total:            $709,686.00
Total Hours:          981.0
Blended Rate:      $723.43

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Information Technology | $219.95 |
| **Total** | **$219.95** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,<br><br>    Debtors. | Chapter 11<br>Case No. 25-12055 (BLS)<br>(Jointly Administered)<br><br>**Objections Due: May 5, 2026 at 4:00 pm ET**<br>**Hearing Date: June 1, 2026 at 11:00 am ET** |

**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF
FORCE TEN ADVISORS, LLC AS FINANCIAL ADVISOR FOR THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM
DECEMBER 3, 2025, THROUGH FEBRUARY 28, 2026**

Under sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and this Court's *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief* entered on December 15, 2025 [Doc 193] (the "**Interim Compensation Order**"), Force Ten Advisors, LLC ("**Force 10**"), financial advisor to the Official Committee of Unsecured Creditors (the "**Committee**"), submits its *First Interim Application for Compensation and for Reimbursement of Expenses of Force Ten Advisors, LLC as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from December 3, 2025, through February 28, 2026* (the "**Application**").

By this Application, Forcd10 seeks an interim allowance of compensation in the amount of $709,686.00 and actual and necessary expenses in the amount of $219.95 for a total allowance of $709,905.95 and payment of the unpaid amount of such fees and expenses for the period December 3, 2025, through February 28, 2026 (the "**First Interim Period**"). In support of this Application, Force 10 respectfully represents:

## BACKGROUND

1.     On November 16, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession under Bankruptcy Code § 1107(a) and 1108. The Debtors' chapter 11 cases are being jointly administered under Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for the appointment of a trustee or examiner has been made.

2.     On November 26, 2025, the Office of the United States Trustee (the "**U.S. Trustee**") appointed the Committee, comprising: (i) Royalty T Diamonds Group Ltd.; (ii) NBS Diamonds Inc. (dba Scarselli Diamonds); (iii) Ponte Gadea Chicago, LLC; (iv) The Irvine Company; (v) William Scott Simon; (vi) Barry Aronoff; (vii) Avina LLC/Global Innovations LLC; (viii) Adam Rothstein; and (ix) Kristoffer Winters. The *Notice of Appointment of Committee of Unsecured Creditors* was filed as amended on November 26, 2025 [Doc 93].

3.     The Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 157(b)(2) and 1334.

4.     On December 15, 2025, the Court entered the Interim Compensation Order, authorizing estate professionals ("**Professionals**") to submit applications for interim compensation and reimbursement for expenses. The Interim Compensation Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within 21 days after service of the monthly fee application, the Debtors are authorized to pay the Professional 80% of the requested fees and 100% of the requested expenses.

5.     The Committee's retention of Force 10 as financial advisor was approved effective as of December 3, 2025, by this Court's *Order Authorizing the Official Committee of Unsecured*

*Creditors to Employ Force Ten Advisors, LLC as Financial Advisor, Effective as of December 3, 2025* [Doc 284] (the "**Retention Order**"). The Retention Order authorized Force 10 to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

6.      The following exhibits are attached: **Exhibit A**, Customary and Comparable Compensation Disclosures with Fee Applications; **Exhibit B**, Summary of Timekeepers Included in this Fee Application; **Exhibit D-1**, Summary of Compensation Requested by Project Category; **Exhibit D-2**, Summary of Expense Reimbursement Requested by Category; and **Exhibit E**, Summary Cover Sheet of Fee Application.

**FORCE 10'S APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

7.      Force 10's monthly fee applications for December 2025, January 2026, and February 2026 have been filed and served in accordance with the Interim Compensation Order.

8.      On January 23, 2026, Force 10 filed its first monthly application requesting $267,267.50 in fees and $50.40 in expenses. Force 10 received payment on account of the first monthly application in the amount of $213,814 (80% of fees) and reimbursement of expenses in the amount of $50.40 (100% of expenses).

9.      On March 2, 2026, Force 10 filed its second monthly application requesting $168,107.50 in fees and $ 166.35 in expenses. Force 10 received payment on account of the second application in the amount of $134,486 (80% of fees) and reimbursement of expenses in the amount of $166.35 (100% of expenses).

10.     On March 25, 2026, Force 10 filed its third monthly application requesting $274,311 in fees and $3.20 in expenses. Force 10 received payment on account of the third

application in the amount of $219,448.80 (80% of fees) and reimbursement of expenses in the amount of $3.20 (100% of expenses).

11.     The monthly applications covered by this Application contain detailed daily time logs describing the actual and necessary services provided by Force 10 during the periods covered by such applications as well as other detailed information required to be included in fee applications.

**Requested Relief**

12.     By this Application, Force 10 requests that the Court approve payment of 100% of the fees and expenses incurred by Force 10 during the First Interim Period.

13.     At all relevant times, Force 10 has not represented any party having an interest adverse to these cases.

14.     All services for which Force 10 requests compensation were performed for or on behalf of the Committee, and not on behalf of the Debtors, any other committee, creditor, or other person.

15.     Neither Force 10 nor any of its partners or employees have received any payment or promises of payment from any source other than from the Debtors for services rendered or to be rendered in any capacity in connection with the matters covered by this Application. There is no agreement or understanding between Force 10 and any other person (other than among Force 10's professionals) for the sharing of compensation to be received for services rendered in these cases.

16.     The professional services and related expenses for which Force 10 requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of Force 10's professional responsibilities as financial

advisor for the Committee in these chapter 11 cases. Force 10's services have been necessary and beneficial to the Committee, the Debtors and their estates, creditors and other parties in interest.

17.    In accordance with the factors enumerated in Bankruptcy Code § 330, Force 10 respectfully submits that the amount requested in this Application is fair and reasonable given (a) the complexity of the cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Force1- has reviewed the requirements of, and believes this Application complies with, Local Rule 2016-2 and the Interim Compensation Order.

Force 10 respectfully requests that, for the First Interim Period, the Court allow, on an interim basis, Force 10's compensation in the amount of $709,686.00 and actual and necessary expenses in the amount of $219.95, for a total allowance of $709,905.95 and authorize and direct the Debtors to pay to Force 10 the outstanding amount of such sums.

Dated:    April 14, 2026         Respectfully submitted,

**FORCE TEN ADVISORS, LLC**

*/s/ Adam Meislik*
Adam Meislik
5271 California Avenue
Suite 270
Irvine, California 92617

*Financial Advisor for the Official Committee of Unsecured Creditors*

**DECLARATION**

James E. O'Neill, declares under penalty of perjury:

a)      I am a partner of the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

b)      I am familiar with the financial advisory services rendered by Force 10 as financial advisor to the Committee.

c)      I have reviewed the foregoing Application. The facts set forth in it are true to the best of my knowledge, information, and belief. Moreover, I have reviewed Local Rule 2016-2 and the Interim Compensation Order, and submit that the Application substantially complies with them.

*/s/ James E. O'Neill*
James E. O'Neill