**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1] | Case No. 25-12055 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 525** |

**CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED**
**ORDER APPROVING STIPULATION FOR RELIEF FROM THE AUTOMATIC**
**STAY, ASSIGNMENT OF INSURANCE RIGHTS, AND WAIVER OF CLAIM**

On May 11, 2026, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Motion of Debtors for Entry of an Order Approving Stipulation for Relief from the Automatic Stay, Assignment of Insurance Rights, and Waiver of Claim* [Docket No. 525] (the "Motion")[2] with the United States Bankruptcy Court for the District of Delaware (the "Court"). A proposed form of order approving the Motion was attached to the Motion as Exhibit A (the "Proposed Order"). The deadline to file objections or otherwise respond to the Motion was established as May 26, 2026, at 4:00 p.m. (ET) (the "Objection Deadline").[3]

Prior to the Objection Deadline, the Debtors received informal comments from the U.S. Trustee. No other formal or informal responses or objections to the Motion were received.

To resolve the U.S. Trustee's comments, the Debtors have agreed (i) to a revised form of order (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**, and (ii) to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

[3]    The Objection Deadline was extended to May 27, 2026 at 4:00 p.m. (ET) for the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

60150345.1

represent that, with the exception of CODI, Scarselli, and the Debtors, all of whom are parties to the Stipulation, the Debtors are not aware of other parties claiming to be named loss payees on account of the Diamond Loss under the Policies.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**.

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, and the U.S. Trustee, CODI, Scarselli, and the Committee do not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's convenience.

[*Remainder of Page Intentionally Left Blank*]

60150345.1

Dated: May 28, 2026
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Shella Borovinskaya (Del. No. 6758)
Brynna M. Gaffney (Del No. 7402)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: emorton@ycst.com
        sbeach@ycst.com
        sborovinskaya@ycst.com
        bgaffney@ycst.com


-and-

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (admitted *pro hac vice*)
Traci L. Shafroth (admitted *pro hac vice*)
Scott Friedman (admitted *pro hac vice*)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251
Email: tkeller@kbkllp.com
        tshafroth@kbkllp.com
        sfriedman@kbkllp.com

*Attorneys for Debtors*
*and Debtors-in-Possession*

60150345.1

3

## EXHIBIT A

**Revised Proposed Order**

60150345.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al*.,[1] | Case No. 25-12055 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 525** |

**ORDER APPROVING STIPULATION FOR RELIEF FROM THE AUTOMATIC
STAY, ASSIGNMENT OF INSURANCE RIGHTS, AND WAIVER OF CLAIM**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) approving the Stipulation, a copy of which is attached hereto as **Exhibit 1**, by and between Lugano Diamonds & Jewelry Inc. ("Lugano"), NBS Diamonds LLC dba Scarselli ("Scarselli"), and Compass Group Diversified Holdings, LLC and certain related parties (excluding Lugano) ("CODI") and (b) granting related relief; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court, if any; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United

---

[1]    The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc.  (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308).  The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Stipulation (as defined herein), as applicable.

States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors; estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Stipulation is approved in its entirety pursuant to Bankruptcy Rule 9019 and sections 105(a) and 363(b) of the Bankruptcy Code.  Further, this Court finds and determines that the proposed compromise and resolution embodied in the Stipulation is reasonable and appropriate and a valid exercise of the Debtors' business judgment.

3.      The automatic stay imposed by 11 U.S.C. 362(a) in each of the Chapter 11 Cases is hereby modified for exclusive and limited purpose of permitting Scarselli to pursue its legal rights with respect to the Diamond Loss against Lugano, solely to the extent that the cost of Lugano's defense and the satisfaction of any award, judgment, or other resolution of the Diamond Loss may obtain against Lugano are payable or covered by the Policies, including to permit Scarselli to: (a) pursue insurance recovery under the Policies relating to the Diamond Loss; (b) prosecute the Scarselli Litigation against the underwriters subscribing to the Policies; (c) enforce any judgment or settlement obtained against the underwriters, but only against available insurance proceeds and not against the Debtors' bankruptcy estates or any non-insurance assets of the Debtors; and (d) in the event that Scarselli obtains a judgment, award, settlement, or resolution of the Diamond Loss, collect such judgment, award, or settlement from the Policies, *provided that* such judgment, award, or settlement shall be payable only out of the applicable Policies.

4.     The Debtors are authorized to enter into, perform, execute, and deliver the definitive documents and take any and all actions necessary to carry out, effectuate, or otherwise enforce the terms, conditions, and provisions of the Stipulation and this Order and otherwise perform thereunder, including, without limitation, entry into the Stipulation of Responsibility attached as Exhibit A to the Stipulation, and to modify the Stipulation, with the consent of Scarselli, the Committee, and CODI, upon further notice and order of this Court.

5.     Lugano is hereby authorized to irrevocably assign, transfer, and convey to Scarselli all of Lugano's rights, title, and interest in and to any and all claims, causes of action, choses in action, rights to payment, and other rights of recovery of every kind and nature whatsoever under or arising out of the Policies, but solely to the extent such rights relate to the Diamond Loss and such assignment, transfer, and conveyance is hereby approved pursuant to Section 363(b) of the Bankruptcy Code.

6.     The waiver of Scarselli's claims set forth in Paragraph 8 of the Stipulation shall apply to all of the Debtors, in each case, subject to the terms and conditions of such Paragraph 8.

7.     Neither the estates nor their successors-in-interest (such as a liquidation trust under a confirmed plan or a chapter 7 trustee) must reserve funds for possible distribution on account of the Proof of Claim.

8.     This Order shall, subject to the terms and conditions of the Stipulation, implement the Assignment of Insurance Rights (Paragraph 3), the Right of Prosecute in Assignor's Name (Paragraph 4), and the releases and waivers in Paragraphs 6-9); *provided however*, that the Stipulating Parties may, but shall not be required to, further evidence such assignments, rights, releases, and waivers.

9.      Nothing contained in this Order shall be construed as a waiver or limitation of the Debtors' rights under the Stipulation and nothing in the Stipulation shall affect, impair, or release any of the Debtors' claims against Ferder.

10.     The provisions of this Order shall be binding upon any trustee appointed in the Chapter 11 Cases.

11.     Notwithstanding any applicability of Bankruptcy Rules 4001(a)(4) and 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12.     This Court shall retain jurisdiction to hear any and all disputes arising out of the implementation, interpretation, or enforcement of this Order and the Stipulation.

## **EXHIBIT 1**

### **Stipulation**

## JOINT STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY
## AND ASSIGNMENT OF INSURANCE RIGHTS

This Joint Stipulation for Relief from the Automatic Stay and Assignment of Insurance Rights (**"Stipulation"**) is entered into by and between: (1) Lugano Diamonds & Jewelry Inc. (**"Lugano"** or **"Assignor"**), debtor and debtor-in-possession in the above-captioned bankruptcy case; (2) NBS Diamonds LLC dba Scarselli (**"Scarselli"** or **"Assignee"**); and (3) Compass Diversified Holding and Compass Group Diversified Holdings LLC, together with their respective subsidiaries and affiliates, other than Lugano, and their respective trustees, directors, officers, employees, and agents (collectively, "CODI") (collectively, **"Compass"** or **"CODI"**), solely for purposes of the waivers and dismissal provisions set forth herein.

**RECITALS**

**A.** Based on information available to Lugano, including the Memorandum Agreement and associated shipping records, Scarselli consigned to Lugano one (1) fancy intense blue, internally flawless, pear-shaped diamond, weighing approximately 6.43 carats, bearing GIA Certificate Number 2195924123, having a stated value of $10,500,000.00 (the **"Diamond"**), pursuant to a written Memorandum Agreement dated January 28, 2025 (the **"Memorandum Agreement"**).

**B.** At all relevant times, Lugano maintained a Primary All Risk Jewelers' Block Insurance Policy, Certificate Number B080123941W24 (the **"Primary Policy"**), and an Excess All Risk Jewelers' Block Insurance Policy, Certificate Number B080123942W24 (the **"Excess Policy"**) (collectively, the **"Policies"**), underwritten by Lloyd's of London syndicates (the **"Underwriters"**).

**C.** The available information indicates that the Diamond was lost while in Lugano's care, custody, and control as a result of the unauthorized conduct of Lugano's then-Chief Executive Officer, Mordechai "Moti" Ferder (**"Ferder"**) (the **"Diamond Loss"**). Lugano acknowledges and stipulates that it bears responsibility for the Diamond Loss under the terms of the Memorandum Agreement. The facts and circumstances of the Diamond Loss are more fully set forth in the Stipulation of Responsibility attached hereto as Exhibit A.

**D.** Scarselli is identified as the "loss payee" under the Policies with respect to the Diamond.

**E.** Lugano has demanded that the Underwriters subscribing to the Policies pay the full $10,500,000.00 in coverage for the Diamond Loss. Lugano made this demand by letter dated November 5, 2025.

**F.** The Underwriters, through their counsel Tarkian & Associates, have acknowledged coverage under the Primary Policy's Employee Infidelity Extension and agreed to pay $1,000,000, which the Underwriters state represents the "maximum limit" and "full amount of their indemnity" under the Primary Policy. The Underwriters have characterized the Diamond Loss as resulting from the "dishonest, criminal, and/or fraudulent actions" of Ferder. To date, the Underwriters have not paid any portion of the $1,000,000 tendered amount.

**G.** Scarselli has asserted claims against Lugano, the Underwriters subscribing to the Policies, and Compass relating to the Diamond Loss in the action captioned *N.B.S. Diamonds Inc. dba*

*Scarselli Diamonds v. Lugano Diamonds & Jewelry, Inc., et al.*, Orange County Superior Court Case No. 30-2025-01494948-CU-BC-CJC (the **"State Court Action"**).

**H.** Lugano filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on or about November 16, 2025, Case No. 25-12055 (BLS) (the **"Bankruptcy Case"**).

**I.** Pursuant to 11 U.S.C. § 362, the filing of Lugano's chapter 11 petition operated as an automatic stay.

**J.** On or about January 22, 2026, Scarselli timely filed its proof of claim, claim number 109, in the Lugano bankruptcy case (the **"Scarselli POC"**).

**K.** Compass is the ultimate parent entity of Lugano and has been named as a defendant in the State Court Action.

**L.** The parties desire to: (a) permit Scarselli to pursue recovery under the Policies relating solely to the Diamond Loss; (b) withdraw any claim by Scarselli against Lugano's bankruptcy estate; (c) obtain the dismissal of certain CODI-related entities from the State Court Action; and (d) preserve all parties' rights to the maximum extent consistent with the foregoing objectives.

**M.** This Stipulation has been negotiated at arm's length, in good faith, and is supported by adequate consideration flowing to each party, as more fully set forth in Exhibit A, Section IV.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, among the Parties, subject to Court approval, as follows:

**1. Relief from Automatic Stay**

The parties hereby stipulate and agree that the automatic stay imposed under 11 U.S.C. § 362(a) shall be modified for the exclusive and limited purpose of permitting Scarselli to pursue its legal rights with respect to the Diamond Loss against the Debtor, solely to the extent that the cost of Lugano's defense and the satisfaction of any award, judgment, or other resolution of the Diamond Loss may obtain against Lugano are payable or covered by the Policies.

Such relief shall permit Scarselli to, among other relief: (a) pursue insurance recovery under the Policies relating to the Diamond Loss; (b) prosecute the State Court Action against the Underwriters subscribing to the Policies; and (c) enforce any judgment or settlement obtained against the Underwriters, but only against available insurance proceeds and not against the bankruptcy estate or any non-insurance assets of Lugano.

The parties further stipulate and agree that, in the event that Scarselli obtains a judgment, award, settlement, or resolution of the Diamond Loss, (i) Scarselli shall be authorized to collect such judgment, award, or settlement from the Policies, and (ii) such judgment, award, or settlement shall be payable only out of the applicable Policies.

**2. Acknowledgment of Loss and Responsibility**

Lugano and Scarselli shall enter into a stipulation substantially in the form attached hereto as Exhibit A (the **"Stipulation of Responsibility"**), which shall set forth Lugano's acknowledgments and admissions regarding the Diamond Loss, including without limitation the

2

mechanism of loss, Ferder's status as CEO, the applicable coverage under the Policies, and the Underwriters' prior admissions and coverage positions.

## 3. Assignment of Insurance Rights

Effective upon entry of an order of the Bankruptcy Court approving this Stipulation, Lugano hereby irrevocably assigns, transfers, and conveys to Scarselli all of Lugano's rights, title, and interest in and to any and all claims, causes of action, choses in action, rights to payment, and other rights of recovery of every kind and nature whatsoever under or arising out of the Policies, but solely to the extent such rights relate to the Diamond Loss.

The assignment expressly includes, without limitation:

**(a)** all contractual rights to insurance proceeds under both the Primary Policy and the Excess Policy;

**(b)** all claims for breach of contract, including the Underwriters' failure to pay the full indemnity demanded;

**(c)** all claims for breach of the implied covenant of good faith and fair dealing (including first-party and/or third-party bad faith);

**(d)** all extra-contractual claims, including claims for consequential damages;

**(e)** all claims for unreasonable delay, wrongful denial, improper investigation, or failure to settle;

**(f)** all statutory claims arising out of claims handling, including but not limited to claims under California Insurance Code §§ 790.03 and 790.09;

**(g)** all rights to attorneys' fees (including Brandt fees), costs, prejudgment and post-judgment interest, and litigation expenses;

**(h)** all claims for punitive or exemplary damages to the fullest extent permitted by law;

**(i)** all rights under the Primary Policy and Excess Policy;

**(j)** all rights to pursue declaratory, equitable, or other relief relating to the Diamond Loss;

**(k)** all rights to the benefit of any admissions, concessions, or coverage positions previously taken by the Underwriters, including the Underwriters' acknowledgment that the Employee Infidelity Extension provides coverage, that the maximum indemnity limit thereunder has been met, and the Underwriters' characterization of the Diamond Loss as resulting from the "dishonest, criminal, and/or fraudulent actions" of Ferder; and

**(l)** all rights arising from Lugano's status as the named insured under the Policies, including all rights of an insured to enforce policy provisions and to challenge coverage denials.

This assignment includes all accrued and unaccrued claims to the fullest extent assignable under applicable law, but is strictly limited to rights relating to the Diamond Loss and does not assign the Policies in their entirety.

**4. Right to Prosecute in Assignor's Name; Irrevocable Authorization**

Subject to entry of an order of the Bankruptcy Court approving this Stipulation and granting relief from the automatic stay to the extent necessary, Assignor hereby irrevocably authorizes and empowers Assignee, at Assignee's sole election, to prosecute, commence, maintain, compromise, settle, and/or dismiss any action, claim, arbitration, or proceeding arising out of or relating to the Policies (including but not limited to breach of contract, bad faith, and extra-contractual claims) either:

**(a)** in Assignee's own name;

**(b)** in the name of Assignor as a nominal party only; or

**(c)** jointly in the names of Assignor and Assignee, as Assignee may determine in its sole discretion.

This authorization includes, without limitation:

**(i)** the right to file suit in Assignor's name to the extent required by applicable real-party-in-interest rules;

**(ii)** the right to execute pleadings, verifications, discovery responses, settlement agreements, and related litigation documents in Assignor's name to the extent legally permissible;

**(iii)** the exclusive right to control all strategic and substantive decisions in connection with such litigation or proceedings, including the right to select and direct counsel; and

**(iv)** the right to pursue all contractual and extra-contractual remedies, including claims for breach of contract, breach of the implied covenant of good faith and fair dealing, bad faith, consequential damages, attorneys' fees (including Brandt fees), statutory damages, and punitive or exemplary damages to the fullest extent permitted by law.

Nothing in this provision shall require Assignor to expend estate resources, appear as an active litigant, or incur litigation expenses.

This authorization and power are coupled with the assigned interest and are irrevocable. This provision shall survive confirmation of any plan, conversion, dismissal, or other termination of the Bankruptcy Case.

**5. Scope Limitation**

Nothing in this Stipulation assigns or transfers any rights unrelated to the Diamond Loss. No physical loss of or damage to property other than the Diamond shall be deemed related to or arising out of the Diamond Loss. Lugano retains all rights under the Policies with respect to any other claims or losses. This limitation shall not be construed to exclude from the assignment any claim, defense, argument, or evidence relating to the facts, circumstances, or pattern of conduct surrounding the Diamond Loss, including Ferder's other conduct, to the extent relevant to establishing coverage, bad faith, or damages in connection with the Diamond Loss.

4

*Execution Version*

**6. Waiver by Compass / CODI**

CODI hereby irrevocably waive any claim, right, or entitlement to insurance proceeds under one or both of the Policies, whether as loss payee, additional insured, secured creditor, or otherwise, to the extent such proceeds under the Policies relate to the Diamond Loss. This waiver is absolute and unconditional and shall be binding on CODI and its successors and assigns. CODI acknowledges that by virtue of this waiver, it has no interest in the insurance proceeds under the Policies relating to the Diamond Loss, and that the Primary Underwriters have no basis to interplead, withhold, or condition payment of any insurance proceeds on account of any claimed interest by CODI.

**7. Release and Dismissal of CODI Entities from State Court Action**

In consideration of the waivers, assignments, and agreements set forth herein, and subject to the entry of an order of the Bankruptcy Court approving this Stipulation, and subject to paragraph 9(a) below, except for the obligations created under this Stipulation (i), Scarselli shall be deemed to have forever released, acquitted, waived, and discharged CODI and Compass Group Management LLC and each of their respective agents, servants, employees, directors, officers, attorneys, accountants, affiliates, stockholders, representatives, receivers, trustees, parents, subsidiaries, predecessors, successors and assigns (other than Lugano or Ferder, as reserved herein) from any and all claims, liabilities, and obligations at law or in equity related to the Diamond Loss; and (ii) Scarselli agrees to dismiss, with prejudice, all claims asserted in the State Court Action against the following CODI-related entities:

Compass Group Diversified Holdings LLC and any other CODI (as defined above) company included or meant to be included in the operative complaint.

Likewise, CODI and each of the entities dismissed pursuant to this Section 7 shall be deemed to have forever released, acquitted, waived, and discharged Scarselli from any and all claims, liabilities, and obligations at law or in equity related to the Diamond Loss, including but not limited to any claims for contribution, indemnity, or subrogation

Such dismissals shall be effectuated by Scarselli's filing of a Request for Dismissal (with prejudice) in the State Court Action within fourteen (14) calendar days after entry of a final, non-appealable order of the Bankruptcy Court approving this Stipulation, or three (3) business days after the expiration of any stay of such Bankruptcy Court order, whichever is later.

**Carve-Out for Moti Ferder:** Notwithstanding the foregoing, this Stipulation shall not require the release or dismissal of any claims asserted against Moti Ferder in his individual capacity, including claims based on Ferder's acts as CEO, officer, or agent of any CODI entity, and Scarselli expressly reserves all rights and claims against Moti Ferder.

**Reversal or Vacatur:** In the event that the Bankruptcy Court's order approving this Stipulation is reversed, vacated, or materially modified on appeal or otherwise, any dismissals filed pursuant to this Section 7 shall be deemed void ab initio and Scarselli's claims against the dismissed entities shall be deemed restored nunc pro tunc, with all rights and priorities preserved as of the original filing date of the State Court Action.

## 8. Waiver of Estate Claim

In consideration of the assignment, waivers, and dismissals provided herein, Scarselli agrees to withdraw the Scarselli POC and further waive any and all claims against Lugano's bankruptcy estate relating to the Diamond Loss, except to the extent necessary to effectuate this Stipulation or to preserve Scarselli's standing to pursue the assigned insurance claims.

For the avoidance of doubt, Scarselli's withdrawal of the Scarselli POC and waiver of estate claims is expressly conditioned upon entry of a final, non-appealable order of the Bankruptcy Court approving this Stipulation; and the assignment of insurance rights set forth in Section 3.

**Reinstatement:** In the event that any court of competent jurisdiction determines that the assignment of insurance rights set forth in Section 3 is unenforceable in whole or in material part, or that the relief from the automatic stay granted pursuant to Section 1 is vacated, reversed, or materially modified on appeal or otherwise, Scarselli's withdrawal of the Scarselli POC and waiver of claims against the Lugano bankruptcy estate shall be deemed rescinded, and the Scarselli POC shall be reinstated *nunc pro tunc* to its original filing date, with all rights and priorities preserved as of the original filing date.

## 9. State Court Action Against Lugano

Upon entry of the Bankruptcy Court's order approving this Stipulation and the filing of the dismissals contemplated by Section 7, Scarselli agrees to limit its recovery against Lugano with respect to the Diamond Loss solely to available proceeds under the Policies, subject to the following:

**(a)** Scarselli may maintain Lugano as a nominal defendant in the State Court Action to the extent necessary to prosecute the assigned insurance claims against the Underwriters and to establish coverage under the Policies;

**(b)** Lugano's acknowledgment of responsibility set forth in Section 2 and Exhibit A shall constitute a stipulated determination of Lugano's liability for the Diamond Loss for purposes of the insurance claims, and may be entered as a stipulated judgment in the State Court Action if necessary to establish or support coverage under the Policies;

**(c)** Any such stipulated judgment shall be enforceable only against available insurance proceeds and shall not be enforceable against the bankruptcy estate or any non-insurance assets of Lugano; and

**(d)** Nothing herein shall prejudice Scarselli's right to enforce the assignment of insurance rights or to pursue the Underwriters under the Policies to the fullest extent permitted by law.

## 10. Cooperation and Testimony

Lugano agrees to cooperate reasonably with Scarselli in connection with Scarselli's pursuit of the assigned insurance claims, consistent with the obligations of a third party that has received a subpoena in a civil action, including without limitation:

**(a)** appearing for deposition and trial testimony on reasonable notice;

6

**(b)** producing relevant documents in Lugano's possession, custody, or control, including documents relating to the Diamond, the Diamond Loss, the Policies, communications with the Underwriters and their representatives.

**(c)** executing documents reasonably necessary to effectuate the assignment, including any documents required by the Underwriters or any court;

**(d)** using reasonable efforts to make Ferder available for deposition and testimony, to the extent within Lugano's power or ability to do so; and

**(e)** not taking any action that would impair, diminish, or prejudice the assigned insurance rights or Scarselli's ability to recover under the Policies.

Such obligations shall be deemed a stipulation to appear on call and to produce, and may be subject to protective orders or other orders in the State Court Action or the Bankruptcy Case. Lugano shall not be required to expend estate resources in connection with such cooperation, and Scarselli shall reimburse Lugano's reasonable out-of-pocket expenses incurred in connection with such cooperation.

## 11. Preservation of Coverage Arguments and Prior Positions

Nothing in this Stipulation shall constitute a waiver or release of any coverage position, argument, or demand previously asserted or not asserted by or on behalf of Lugano against the Underwriters, including but not limited to:

**(a)** the demand for payment of $10,500,000.00 set forth in Lugano's November 5, 2025, letter to the Underwriters' counsel;

**(b)** the position that the Excess Policy follows form to the Primary Policy and provides coverage for the Diamond Loss above the Primary Policy's Employee Infidelity Extension limit;

**(c)** the position that both Policies provide "All Risk" coverage against loss or damage arising from any cause whatsoever;

**(d)** the position that Exclusion 1(a) of the Primary Policy does not apply to the Diamond Loss;

**(e)** the Underwriters' characterization of the Diamond Loss as resulting from the "dishonest, criminal, and/or fraudulent actions" of Ferder, as stated in the Underwriters' counsel's letter of January 5, 2026, and the Underwriters' admission of coverage and agreement to pay $1,000,000 under the Employee Infidelity Extension, as stated in the Underwriters' letter of October 20, 2025; and

**(f)** any and all other coverage positions, arguments, or rights previously asserted or not yet asserted by or on behalf of Lugano.

All such positions, arguments, demands, and admissions are hereby assigned to and may be relied upon and prosecuted by Scarselli as part of the assigned insurance rights.

## 12. No Impairment of Insurance Rights

Lugano shall not, without Scarselli's prior written consent: (a) settle, compromise, or release any claim against the Underwriters relating to the Diamond Loss; (b) take any action that would

7

impair, void, or diminish coverage under the Policies; (c) agree to any modification, amendment, or cancellation of the Policies that would adversely affect the assigned insurance rights; or (d) make any admission or statement to the Underwriters that is inconsistent with the acknowledgments and positions set forth in this Stipulation or in Exhibit A.

### 13. Severability of Assignment

If any court of competent jurisdiction determines that any specific right, claim, or cause of action assigned under Section 3 is not assignable under applicable law, such determination shall not affect the validity or enforceability of the assignment as to any other right, claim, or cause of action. The assignment shall be enforced to the maximum extent permitted by law, and any non-assignable right shall be deemed held by Lugano in trust for the benefit of Scarselli and shall be prosecuted by Lugano at Scarselli's direction and expense.

### 14. Binding Effect

This Stipulation shall be binding upon and inure to the benefit of the parties and their respective successors, assigns, heirs, executors, administrators, trustees, and legal representatives, including without limitation any Chapter 7 trustee, Chapter 11 trustee, or other fiduciary appointed in the Bankruptcy Case.

### 15. Survival

The provisions of this Stipulation, including without limitation the assignment of insurance rights (Section 3), the irrevocable authorization (Section 4), the CODI waiver (Section 6), the cooperation obligations (Section 10), the preservation of coverage positions (Section 11), and the no-impairment provisions (Section 12), shall survive confirmation of any plan of reorganization, conversion to Chapter 7, dismissal of the Bankruptcy Case, or any other termination of the Bankruptcy Case. No plan of reorganization confirmed in the Bankruptcy Case shall impair, modify, or extinguish the rights assigned to Scarselli under this Stipulation or Scarselli's right to pursue recovery under the Policies. The parties shall use best efforts to ensure that any plan of reorganization contains provisions consistent with and protective of the assignments and rights set forth herein.

### 16. Governing Law

This Stipulation shall be governed by and construed in accordance with the laws of the State of California, without regard to its conflicts of law principles, except to the extent that federal bankruptcy law applies.

### 17. Entire Stipulation; Amendment

This Stipulation, together with Exhibit A attached hereto, constitutes the entire agreement among the parties with respect to the subject matter hereof and supersedes all prior negotiations, representations, warranties, commitments, offers, and agreements, whether written or oral. This Stipulation may not be amended or modified except by a written instrument signed by all parties and approved by the Bankruptcy Court.

*Execution Version*

### 18. Counterparts

This Stipulation may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Electronic or facsimile signatures shall have the same force and effect as original signatures.

### 19. Bankruptcy Court Approval

This Stipulation is subject to and contingent upon entry of an order of the Bankruptcy Court approving the terms hereof, including the relief from stay, the assignment of insurance rights, and the other provisions set forth herein. The parties shall submit a separate proposed order for the Bankruptcy Court's consideration contemporaneously with the filing of this Stipulation and shall cooperate in good faith to obtain such approval on an expedited basis.

### 20. Retention of Jurisdiction

The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation. Nothing herein shall divest the Orange County Superior Court or any other court of competent jurisdiction of jurisdiction over the State Court Action, the insurance coverage claims, or any proceedings between Scarselli and the Underwriters.

### 21. Notices

All notices, requests, demands, and other communications required or permitted under this Stipulation shall be in writing and shall be deemed to have been duly given when (a) delivered personally, (b) sent by electronic mail (with confirmation of receipt), or (c) sent by nationally recognized overnight courier service, to the parties at the addresses set forth on the signature pages hereto or at such other address as a party may designate by written notice to the other parties.

[*Signature Page Follows*]

**LUGANO DIAMONDS & JEWELRY INC.**

(Debtor and Debtor-in-Possession / Assignor)

By Its Counsel, Keller Benvenutti Kim LLP

By: */s/ Tobias S. Keller*

Name: Tobias S. Keller, Esq.

Title: Attorney for Lugano Diamonds & Jewelry Inc.

Date: May 11, 2026

**NBS DIAMONDS LLC dba SCARSELLI**

(Assignee)

By Its Counsel, Bryan Cave Leighton Paisner LLP

By: */s/ Jarret P. Hitchings*

Name: Jarret P. Hitchings, Esq.

Title: Attorney for NBC Diamonds LLC

Date: May 11, 2026

**COMPASS GROUP DIVERSIFIED HOLDINGS LLC**

(Solely for purposes of Sections 6 and 7)

By Its Counsel, Squire Patton Boggs (US) LLP

By: */s/ Peter R. Morrison*

Name: Peter R. Morrison, Esq.

Title: Attorney Compass Group Diversified Holdings LLC

Date: May 11, 2026

**EXHIBIT A**

**STIPULATION OF RESPONSIBILITY AND ACKNOWLEDGMENTS**

Lugano Diamonds & Jewelry Inc. (**"Lugano"** or the **"Insured"**), debtor and debtor-in-possession in the above-captioned bankruptcy case, hereby makes the following representations, acknowledgments, and stipulations in connection with the Joint Stipulation for Relief from the Automatic Stay and Assignment of Insurance Rights (the "**Stipulation**") entered into by and among Lugano, NBS Diamonds LLC dba Scarselli (**"Scarselli"**), and Compass Group Diversified Holdings LLC and its subsidiaries and affiliates (collectively, **"CODI"**).

**I. REPRESENTATIONS**

Lugano represents that to its best knowledge and belief:

**(a)** it has not previously assigned, transferred, pledged, encumbered, or otherwise disposed of the claims or rights assigned pursuant to the Stipulation;

**(b)** the Primary All Risk Jewelers' Block Insurance Policy, Certificate Number B080123941W24 (the **"Primary Policy"**), and the Excess All Risk Jewelers' Block Insurance Policy, Certificate Number B080123942W24 (the **"Excess Policy"**) (collectively, the **"Policies"**), were in full force and effect at the time of the Diamond Loss (as defined below) and all premiums were current and paid;

**(c)** Lugano has complied with all notice and cooperation obligations under the Policies relating to the Diamond Loss; and

**(d)** Lugano has not taken any action and is not aware of any fact or circumstance (if any), that would impair or void coverage under the Policies with respect to the Diamond Loss.

**II. ACKNOWLEDGMENTOF LOSS AND RESPONSIBILITY**

Lugano hereby acknowledges, stipulates, and agrees as follows:

**(a) Consignment and Custody.** Scarselli consigned to Lugano one (1) fancy intense blue, internally flawless, pear-shaped diamond, weighing approximately 6.43 carats, bearing GIA Certificate Number 2195924123, having a stated value of $10,500,000.00 (the **"Diamond"**), pursuant to a written Memorandum Agreement dated January 28, 2025 (the "Memorandum Agreement"). The Diamond was delivered to Lugano via Malca-Amit on January 28, 2025, and was thereafter in Lugano's care, custody, and control.

**(b) Mechanism of Loss.** The Diamond was lost as a result of the unauthorized transfer, disposition, or misappropriation of the Diamond by Lugano's then-Chief Executive Officer, Mordechai "Moti" Ferder ("Ferder"), acting without authorization from Scarselli and in a manner inconsistent with the terms of the Memorandum Agreement (the "Diamond Loss"). The cause and nature of the Diamond Loss are known to Lugano, and Lugano's acknowledgments herein are made with full knowledge of the facts and circumstances surrounding the Diamond Loss.

**(c) Ferder's Status as CEO**, Not "Servant, Traveller or Messenger." At all relevant times, Ferder served as the Chief Executive Officer of Lugano. In that role, Ferder functioned as an executive officer of the corporation

**(d) Ferder Acted Adversely to Lugano's Interests**. Ferder's transfer, disposition, or misappropriation of the Diamond was not authorized, directed, or ratified by Lugano's board of directors, its parent entity CODI, or any other officer or governance body of Lugano. Ferder's conduct was adverse to Lugano's interests, caused direct harm to Lugano (including Lugano's liability to Scarselli under the Memorandum Agreement and the resulting claims), and was undertaken for purposes inconsistent with Lugano's business interests and obligations. Lugano did not benefit from, authorize, or acquiesce in Ferder's conduct. Lugano operated as a corporate entity distinct from any individual officer or shareholder. Corporate governance authority resided in Lugano's board of directors. Ferder did not constitute the alter ego of Lugano and did not possess authority to appropriate Lugano's assets or property entrusted to Lugano for personal purposes. His conduct was undertaken outside the scope of Lugano's corporate authority and in direct violation of Lugano's obligations and interests.

**(e) Responsibility**. Lugano bears responsibility for the Diamond Loss under the terms of the Memorandum Agreement, including but not limited to its obligations as bailee of the Diamond. Lugano's liability to Scarselli for the Diamond Loss is not less than $10,500,000.00, representing the stated value of the Diamond under the Memorandum Agreement, plus attorneys' fees, costs, and interest as provided therein.

**(f) Lugano's Coverage Position**. It is Lugano's position that the Diamond Loss constitutes a covered loss under the Policies and that Lugano is entitled to indemnification from the Underwriters for the full value of the Diamond. Lugano has demanded payment of $10,500,000.00 from the Underwriters by letter dated November 5, 2025, representing the full value of the Diamond, and Lugano stands behind that demand. Lugano's position is that the all-risk coverage grant of the Primary Policy ("AGAINST LOSS OR DAMAGE ARISING FROM ANY CAUSE WHATSOEVER") provides coverage for the Diamond Loss and that Exclusion 1(a) does not apply.

**(g) Underwriters' Admissions and Characterization of Loss**. The Underwriters have characterized the Diamond Loss as resulting from the "dishonest, criminal, and/or fraudulent actions" of Ferder, as stated in the Underwriters' letter dated January 5, 2026. The Underwriters acknowledged coverage under the Primary Policy's Employee Infidelity Extension and agreed to pay $1,000,000, which the Underwriters state represents the "maximum limit" and "full amount of their indemnity" under the Primary Policy. Lugano acknowledges these positions and statements by the Underwriters, which Scarselli may rely upon in connection with its pursuit of the assigned insurance rights.

## III. PURPOSES AND RELIANCE

The foregoing acknowledgments are made voluntarily, in good faith, and with full knowledge of the relevant facts. These acknowledgments are intended to and may be relied upon by Scarselli in the State Court Action (Orange County Superior Court Case No. 30-2025-01494948-CU-BC-CJC) and in any related proceedings against the Underwriters, including but not limited to proceedings to establish coverage, to obtain a stipulated judgment, and to enforce any judgment or settlement against available insurance proceeds.

2

These acknowledgments may be entered as a stipulated determination of Lugano's liability and the circumstances of the Diamond Loss for purposes of the insurance claims, and may be entered as a stipulated judgment in the State Court Action if necessary to establish or support coverage under the Policies, subject to the limitations set forth in Section 9 of the Stipulation.

## IV. ARM'S-LENGTH NEGOTIATION AND CONSIDERATION

The parties represent and stipulate that this Exhibit A and the Stipulation of which it is a part were negotiated at arm's length, in good faith, and are supported by adequate consideration flowing to each party. Specifically:

**(a)** Scarselli asserts a claim against Lugano's bankruptcy estate in the amount of not less than $10,500,000.00, as reflected in Proof of Claim No. 109. Scarselli's agreement to withdraw that claim and to limit its recovery to available insurance proceeds constitutes substantial and material consideration to the Lugano bankruptcy estate and its creditors.

**(b)** Lugano's assignment of insurance rights and the acknowledgments set forth herein constitute substantial and material consideration to Scarselli, which would otherwise be required to litigate its claims against Lugano in a potentially protracted bankruptcy proceeding.

**(c)** The acknowledgments set forth herein reflect Lugano's genuine position regarding the Diamond Loss and the applicable coverage under the Policies and are consistent with the positions previously taken by in correspondence with the Underwriters.

**(d)** This stipulation reflects the reasonable and probable outcome of the dispute between Lugano and Scarselli had the matter been fully litigated, given that Lugano's liability for the Diamond Loss under the Memorandum Agreement is clear and undisputed.

## V. INTERPLEADER RESOLUTION

The parties acknowledge that the Primary Underwriters, through their counsel, have indicated they may seek to interplead the $1,000,000 admitted payment among Lugano, Scarselli, CODI, and other potential loss payees. By virtue of this Stipulation, including CODI's irrevocable waiver of insurance proceeds relating to the Diamond Loss (Section 6 of the Stipulation), the assignment of Lugano's insurance rights to Scarselli (Section 3 of the Stipulation), and Lugano's acknowledgment that Scarselli is the sole proper recipient of insurance proceeds relating to the Diamond Loss.

## VI. PARTIAL PAYMENT; NO WAIVER

Scarselli is authorized to accept and collect the $1,000,000 previously tendered by the Primary Underwriters as a partial, without-prejudice payment on account of the Diamond Loss. Acceptance of such partial payment shall not constitute accord and satisfaction, waiver, release, or compromise of any claim by Scarselli or Lugano for additional amounts under the Policies, including but not limited to the remaining $9,500,000 of the Diamond's stated value, pre- and post-judgment interest, attorneys' fees (including Brandt fees), consequential damages, statutory damages, and punitive or exemplary damages. Scarselli's acceptance of the $1,000,000 partial payment is expressly conditioned upon and subject to Scarselli's full reservation of all rights and claims assigned under the Stipulation.

**LUGANO DIAMONDS & JEWELRY INC.**

(Debtor and Debtor-in-Possession / Assignor)

By Its Counsel, Keller Benvenutti Kim LLP

    By: */s/ Tobias S. Keller*

    Name: Tobias S. Keller, Esq.

    Title: Attorney for Lugano Diamonds & Jewelry Inc.

    Date: May 11, 2026

**NBS DIAMONDS LLC dba SCARSELLI**

(Assignee)

By Its Counsel, Bryan Cave Leighton Paisner LLP

    By: */s/ Jarret P. Hitchings*

    Name: Jarret P. Hitchings, Esq.

    Title: Attorney for NBC Diamonds LLC

    Date: May 11, 2026

## **EXHIBIT B**

**Blackline**

60150345.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1] | Case No. 25-12055 (BLS) |
|  | (Jointly Administered) |
| Debtors. | **Ref. Docket No. ——525** |

**ORDER APPROVING STIPULATION FOR RELIEF FROM THE AUTOMATIC
STAY, ASSIGNMENT OF INSURANCE RIGHTS, AND WAIVER OF CLAIM**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) approving the Stipulation, a copy of which is attached hereto as **Exhibit 1**, by and between Lugano Diamonds & Jewelry Inc. ("Lugano"), NBS Diamonds LLC dba Scarselli ("Scarselli"), and Compass Group Diversified Holdings, LLC and certain related parties (excluding Lugano) ("CODI") and (b) granting related relief; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court, if any; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

---

[1]    The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc.  (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308).  The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Stipulation (as defined herein), as applicable.

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors; estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Stipulation is approved in its entirety pursuant to Bankruptcy Rule 9019 and sections 105(a) and 363(b) of the Bankruptcy Code.  Further, this Court finds and determines that the proposed compromise and resolution embodied in the Stipulation is reasonable and appropriate and a valid exercise of the Debtors' business judgment.

3. The automatic stay imposed by 11 U.S.C. 362(a) in each of the Chapter 11 Cases is hereby modified for exclusive and limited purpose of permitting Scarselli to pursue its legal rights with respect to the Diamond Loss against Lugano, solely to the extent that the cost of Lugano's defense and the satisfaction of any award, judgment, or other resolution of the Diamond Loss may obtain against Lugano are payable or covered by the Policies, including to permit Scarselli to: (a) pursue insurance recovery under the Policies relating to the Diamond Loss; (b) prosecute the Scarselli Litigation against the underwriters subscribing to the Policies; (c) enforce any judgment or settlement obtained against the underwriters, but only against available insurance proceeds and not against the Debtors' bankruptcy estates or any non-insurance assets of the Debtors; and (d) in the event that Scarselli obtains a judgment, award, settlement, or resolution of the Diamond Loss, collect such judgment, award, or

settlement from the Policies, *provided that* such judgment, award, or settlement shall be payable only out of the applicable Policies.

4.      The Debtors are authorized to enter into, perform, execute, and deliver the definitive documents and take any and all actions necessary to carry out, effectuate, or otherwise enforce the terms, conditions, and provisions of the Stipulation and this Order and otherwise perform thereunder, including, without limitation, entry into the Stipulation of Responsibility attached as Exhibit A to the Stipulation, and to ~~make~~ modify the Stipulation, ~~without further notice or Order of this Court,~~ with the consent of Scarselli, the Committee, and CODI, upon further notice and order of this Court.

5.      Lugano is hereby authorized to irrevocably assign, transfer, and convey to Scarselli all of Lugano's rights, title, and interest in and to any and all claims, causes of action, choses in action, rights to payment, and other rights of recovery of every kind and nature whatsoever under or arising out of the Policies, but solely to the extent such rights relate to the Diamond Loss and such assignment, transfer, and conveyance is hereby approved pursuant to Section 363(b) of the Bankruptcy Code.

6.      The waiver of Scarselli's claims set forth in Paragraph 8 of the Stipulation shall apply to all of the Debtors, in each case, subject to the terms and conditions of such Paragraph 8.

7.      Neither the estates nor their successors-in-interest (such as a liquidation trust under a confirmed plan or a chapter 7 trustee) must reserve funds for possible distribution on account of the Proof of Claim.

8.      This Order shall, subject to the terms and conditions of the Stipulation, implement the Assignment of Insurance Rights (Paragraph 3), the Right of Prosecute in Assignor's Name (Paragraph 4), and the releases and waivers in Paragraphs 6-9); *provided however*, that the

3

Stipulating Parties may, but shall not be required to, further evidence such assignments, rights, releases, and waivers.

9. Nothing contained in this Order shall be construed as a waiver or limitation of the Debtors' rights under the Stipulation and nothing in the Stipulation shall affect, impair, or release any of the Debtors' claims against Ferder.

10. The provisions of this Order shall be binding upon any trustee appointed in the Chapter 11 Cases.

11. Notwithstanding any applicability of Bankruptcy Rules 4001(a)(4) and 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. This Court shall retain jurisdiction to hear any and all disputes arising out of the implementation, interpretation, or enforcement of this Order and the Stipulation.

4

## <u>EXHIBIT 1</u>

### Stipulation

*[Intentionally Omitted]*