**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Lugano Diamonds & Jewelry Inc., *et al.*,[1] | Case No. 25-12055 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 525**<br>**Hearing Date: June 1, 2026 at 11:00 a.m. ET** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF MORDECHAI
FERDER, INDIVIDUALLY AND IN HIS CAPACITY AS TRUSTEE OF THE HAIM
FAMILY TRUST, TO MOTION FOR ENTRY OF AN ORDER APPROVING
STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY, ASSIGNMENT OF
<u>INSURANCE RIGHTS, AND WAIVER OF CLAIM</u>**

Mordechai Ferder, individually and in his capacity as trustee of the Haim Family Trust ("**Mr. Ferder**"), by and through undersigned counsel, respectfully submits this limited objection and reservation of rights ("**Limited Objection**") to the *Motion of Debtors for Entry of an Order Approving Stipulation for Relief From the Automatic Stay, Assignment of Insurance Rights, and Waiver of Claim* ("**9019 Motion**") [Docket No. 525], and respectfully states as follows:

1.      While no objection is being made to the substantive request made in the 9019 Motion regarding for approval of the compromise with NBS Diamonds LLC dba Scarselli ("Scarselli"),[2] the Debtors' unsupported, self-serving, and prejudicial allegations set forth in the factual "stipulations" regarding the alleged acts and omissions of Mr. Ferder as set forth in its proposed Joint Stipulation for Relief from the Automatic Stay and Assignment of Insurance Rights (the "Joint Stipulation") are just that – allegations. The gratuitous allegations are irrelevant to the Debtor's

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, CA 92660.

[2] References to defined terms not otherwise defined herein shall have the meaning ascribed to them in the 9019 Motion.

business judgment in seeking approval of the Joint Stipulation; they are superfluous to the 9019 Motion; and remain disputed, unproven and unadjudicated.

2.    Specifically, the Debtor's 9019 Motion contains at least two inappropriate and factually inaccurate statements.

3.    *First*, the Debtor represents that

> The available information indicates that the Diamond was lost while in Lugano's care, custody, and control as a result of the unauthorized conduct of Lugano's then-Chief Executive Officer, Mordechai "Moti" Ferder (**"Ferder"**) (the **"Diamond Loss"**). Lugano acknowledges and stipulates that it bears responsibility for the Diamond Loss under the terms of the Memorandum Agreement. The facts and circumstances of the Diamond Loss are more fully set forth in the Stipulation of Responsibility attached hereto as Exhibit A.

Recital C to the Joint Stipulation.

4.    The first sentence of Recital C should be struck. If the Debtors are accepting responsibility, it is sufficient for the Debtors to acknowledge that they bear responsibility for the Diamond Loss without the inclusion of the prejudicial, unsupported, and unproved factual assertions regarding Mr. Feder's purported responsibility.

5.    Second, the Debtors include the following prejudicial statement:

> **Ferder Acted Adversely to Lugano's Interests**. Ferder's transfer, disposition, or misappropriation of the Diamond was not authorized, directed, or ratified by Lugano's board of directors, its parent entity CODI, or any other officer or governance body of Lugano. Ferder's conduct was adverse to Lugano's interests, caused direct harm to Lugano (including Lugano's liability to Scarselli under the Memorandum Agreement and the resulting claims), and was undertaken for purposes inconsistent with Lugano's business interests and obligations. Lugano did not benefit from, authorize, or acquiesce in Ferder's conduct. Lugano operated as a corporate entity distinct from any individual officer or shareholder. Corporate governance authority resided in Lugano's board of directors. Ferder did not constitute the alter ego of Lugano and did not possess authority to appropriate Lugano's assets or property entrusted to Lugano for personal purposes. His conduct was undertaken outside the scope of Lugano's corporate authority and in direct violation of Lugano's obligations and interests.

*See* Joint Stipulation, Ex. A at II.d.

2

6.       The "representation" attributes blame for which there is no evidentiary support contained in the 9019 Motion. Additionally, the "representation" presupposes—without any evidence of the same—that Mr. Ferder acted adversely to the interests of the Debtors or Scarselli under the Memorandum Agreement. Again, this representation is made without any evidentiary support and should also be stricken in its entirety. The approval of the proposed settlement does not rise and fall on the inclusion of these prejudicial and harmful statements.

7.       In addition to the revisions to the Joint Stipulation, Mr. Feder objects to entry of the Debtors' proposed order to the extent the Debtors or other Stipulating Parties may argue in these proceedings (or other proceedings) that the order approving the Joint Stipulation and the Stipulating Parties' settlement, and the Court's factual recitals therein, resolved any factual disputes between the parties and thus having preclusive effect in the future. Mr. Ferder is not even a party to this settlement.

8.       Accordingly, to the extent the prejudicial representations are not removed from the Joint Stipulation, it is respectfully requested that the Court modify the Proposed Order to include the following provisions:

   a. *First*, the Proposed Order should include an express provision stating that the Joint Stipulation, inclusive of Exhibit A, and any findings, recitals, and/or characterizations contained therein shall not be admissible as an established fact and shall have no preclusive, evidentiary, or collateral estoppel effect in any proceeding.

   b. *Second*, the Proposed Order should provide that any stipulated judgment entered in the State Court Action pursuant to the Joint Stipulation shall expressly state that the Joint Stipulation does not bind Mr. Ferder, is not evidence of Mr. Ferder's liability or culpability, and may not be used against Mr. Ferder in any proceeding.

   c. *Third*, the Proposed Order should require the Stipulating Parties to provide Mr. Ferder's counsel with notice and an opportunity to be heard before any stipulated judgment is entered in the State Court Action.

9.      For the avoidance of doubt, Mr. Ferder maintains his position that the claims brought against him in California state court are non-core. Mr. Ferder does not consent to entry of final orders and judgment by the bankruptcy court.  Further, all rights, claims, defenses, and remedies are reserved.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Court strike the offensive portions of the Joint Stipulation and/or clarify in the order that the offensive recitals are not intended, and shall not be construed, as admissions, stipulations, or legally binding representations of fact and have no evidentiary weight in this or any other proceedings.

Respectfully submitted,

Dated: May 28, 2026

*/s/ Jeffrey M. Schlerf*
Jeffrey M. Schlerf (No. 3047)
STINSON LLP
1007 N. Orange St.
3rd Floor #127
Wilmington, DE 19801
Telephone: (302) 509-4634
Email: jeffrey.schlerf@stinson.com

 -and-

Sandford L. Frey (admitted pro hac vice))
STINSON, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Telephone: (310) 730-7020
Email:  sandford.frey@stinson.com