**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1] | Case No. 25-12055 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Proposed Hearing Date:**[2] **July 14, 2026, at 10:00 a.m. (ET)** |
| | **Proposed Objection Deadline: July 7, 2026, at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS; (B) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (C) APPROVING THE FORMS OF BALLOTS AND SOLICITATION MATERIALS; (D) ESTABLISHING THE VOTING RECORD DATE; (E) FIXING THE DATE, TIME, AND PLACE FOR THE COMBINED CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO; AND (F) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Interim Disclosure Statement Order"), (a) approving the Disclosure Statement[3] on an interim basis; (b) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan; (c) approving the forms of Ballots and solicitation

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]  Contemporaneously with the filing of this Motion, the Debtors filed the *Motion of Debtors for an Order Shortening the Notice Period for the Debtors' Motion for Entry of an Order (A) Approving the Disclosure Statement on an Interim Basis; (B) Establishing Solicitation and Tabulation Procedures; (C) Approving the Forms of Ballots and Solicitation Materials; (D) Establishing the Voting Record Date; (E) Fixing the Date, Time, and Place for the Combined Confirmation Hearing and the Deadline for Filing Objections Thereto; and (F) Granting Related Relief*, seeking to shorten notice of the hearing on this Motion and the corresponding objection deadline by one (1) day.

[3]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

materials; (d) establishing the voting record date; (e) fixing the date, time, and place for the combined confirmation hearing (the "<u>Combined Confirmation Hearing</u>") and the deadlines for filing objections thereto; and (f) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

<b><u>PRELIMINARY STATEMENT</u></b>

1.      The Debtors, Compass Group Diversified Holdings LLC ("<u>CODI</u>")—the Debtors' majority shareholder and secured lender—and the Official Committee of Unsecured Creditors (the "<u>Committee</u>") have reached a global settlement that concludes the Committee's and the Debtors' (acting through the Special Committee of the Board of Directors of Debtor Lugano Diamonds & Jewelry Inc.) investigation into, among other things, the extent and validity of CODI's claims (the "<u>Settlement</u>").  The Settlement will be implemented pursuant to the *Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time, the "<u>Plan</u>"), which is filed contemporaneously herewith.  The Plan and the Settlement provide for an allocation of proceeds of estate assets between CODI and the general unsecured creditors that will be distributed by a liquidation trust (the "<u>Liquidation Trust</u>").  The Plan and the Settlement also provide for broad releases, including consensual third party releases, for the Debtors and their professionals, the Committee and their professionals, CODI and its related parties, and other third parties. The Plan further permits creditors to contribute certain claims to the Liquidation Trust in exchange for an enhanced recovery.

2.      By this Motion, the Debtors are seeking approval of the solicitation procedures, interim approval of the Disclosure Statement, and other ancillary relief, as more fully set forth herein.

## JURISDICTION AND VENUE

3.      This United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory and legal predicates for the relief requested herein are sections 105(a), 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3017-2.

## BACKGROUND

7.      On November 16, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court.  The Debtors are authorized to operate their business and manage their business as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[4]

---

[4]     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of J. Michael Issa in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2], which is incorporated herein by reference.

8. On November 25, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee [Docket No. 88]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

9. On November 20, 2025, the Court entered an interim approval order [Docket No. 71] authorizing the Debtors to assume the Agency Agreement with the Agent, whereby the Agent would sell certain of the Debtors' assets. On December 17, 2025, the Court entered an order approving the Debtors' bidding procedures and the provision of bidding protections for the Agent [Docket No. 206]. On December 31, 2025, the Court entered an order on a final basis authorizing the Debtors to assume the Agency Agreement [Docket No. 263].

## RELIEF REQUESTED

10. By this Motion, the Debtors seek entry of the Proposed Interim Disclosure Statement Order pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002(b), 3017, 3018, and 3020, and Local Rule 3017-2, (a) approving the *Disclosure Statement for Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), filed contemporaneously herewith, on an interim basis for solicitation purposes only; (b) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan; (c) approving the forms of Ballots and solicitation materials; (d) establishing the voting record date; (e) fixing the date, time, and place for the Combined Confirmation Hearing, for the Court to consider final approval of the adequacy of the Disclosure Statement and confirmation of the Plan and establishing the deadline for filing objections related thereto; and (f) granting related relief.

11. The proposed procedures facilitate, among other things, the orderly dissemination of information necessary for the holders of claims eligible to vote on the Plan to make an informed

4

judgment about the Plan and certain related elections and for the return and accurate processing of those votes.  As part of the Plan solicitation process, the Debtors also propose that holders of eligible claims be able to make certain elections with respect to the Plan.  Creditors (other than CODI) may elect to opt out of the third party releases provided for in Section 11.09 of the Plan (Equity Interest Holders who do not hold Claims, and Holders of Subordinated Creditors who do not hold other Claims, in each case who are not otherwise a Releasing Party, are not bound by the third party releases in Section 11.09 of the Plan and need not be given an opportunity to make an Opt-Out Election).  Holders of General Unsecured Claims may elect to contribute claims that such holders may have against Grant Thornton LLP (the Debtors' former auditor) and its affiliates (collectively, "GT") to the Liquidation Trust as specified in the Plan.  Finally, Holders of General Unsecured Claims may elect to reduce their claim amount to $10,000 and, if such claims are Allowed, receive treatment as a Convenience Class Claim.

### PLAN AND DISCLOSURE STATEMENT

12.     The Debtors commenced these Chapter 11 Cases following the discovery of an alleged fraud perpetrated by their former CEO, Mordechai Haim Ferder.  The Debtors (through a Special Committee of the Board of Directors of Lugano Diamonds & Jewelry Inc. (the "Special Committee")) commenced investigations into the fraud and potential Causes of Action related thereto.  Such investigation included investigating potential claims against the Debtors' majority equity holder and secured creditor, CODI, as well as numerous third parties.  The Committee, in accordance with its rights under the Cash Collateral Order, also investigated the extent and validity of CODI's claims.  Ultimately, and as detailed in the Disclosure Statement, the Debtors (through

the Special Committee),, the Committee and CODI participated in a voluntary non-binding mediation that resulted in the terms of the Settlement.[5]

13.     Following agreement on the terms of the Settlement, the Debtors, the Committee and CODI worked to prepare the necessary documents, which include the CODI Settlement Agreement, the PSA, the Plan and the Disclosure Statement.  It is the intent that the Plan implement the terms of the CODI Settlement Agreement.

14.     Specifically, under the Plan, the Debtors will transfer all of their assets (other than certain tax refunds) to a Liquidation Trust, including all Causes of Action, other than those released under the Plan, and cash on hand.  The Liquidation Trust will become the sole owner of Lugano Holding, Inc. ("Lugano Holding") and Lugano Holding will remain in existence solely for the purpose of collecting the tax refunds owed to it from governmental authorities.

15.     The Liquidation Trustee, subject to an oversight board, will, among other things, (a) prosecute the Causes of Action, (b) monetize the estates' assets (subject to the Agency Agreement), (c) prosecute or resolve objections to claims, (d) make distributions, and (e) succeed to the Debtors' privileges and books and records.

16.     Under the Plan, CODI will receive a Special Beneficial Interest in the Liquidation Trust and General Unsecured Creditors will receive General Beneficial Interests.  These Beneficial Interests are entitled to an allocation of proceeds based on the type of asset and the expenses incurred by the Liquidation Trust.

17.     The Liquidation Trustee will establish two reserves, not part of the Liquidation Trust, that will hold cash for payment of claims that will be paid in cash under the Plan:  one for

---

[5]   The Settlement is described in more detail in the Disclosure Statement (see Disclosure Statement Section III.F.4) and a copy of the CODI Settlement Agreement, which the Debtors will seek approval of at the Combined Confirmation Hearing, is attached as Exhibit C to the Plan.

payment of administrative expenses (other than professional fee claims), priority claims, secured claims, and convenience claims, and one for payment of professional fees.

18.     The Plan provides for the following classification and treatment of Claims and Equity Interests:

| Class | Claim or Interest | Treatments |
|---|---|---|
| 1 | Other Secured Claims | Cash in the amount of the Allowed Claim, return of collateral, or other treatment to render the Claim Unimpaired in full satisfaction, settlement, release, and exchange of such Claim. |
| 2 | Priority Claims | Cash in amount of Allowed Claim in full satisfaction, settlement, release, and exchange of such Claim. |
| 3 | CODI Claim | Special Beneficial Interest in full satisfaction, settlement, release, and exchange of such Claim. |
| 4 | General Unsecured Claims | General Beneficial Interests in full satisfaction, settlement, release, and exchange of such Claim. |
| 5 | Convenience Class Claims | Cash equal to 50% of Allowed Claim (Allowed Claim amount limited to $10,000) in full satisfaction, settlement, release, and exchange of such Claim. |
| 6 | Intercompany Claims | No distribution. |
| 7 | Subordinated Claims | No distribution. |
| 8 | Equity Interests | No distribution. |

19.     As set forth above, the Holders of the CODI Claim in Class 3, General Unsecured Claims in Class 4, and Convenience Class Claims in Class 5 are the only Holders of Claims entitled to vote on the Plan.  All other Holders of Claims or Equity Interests are not entitled to vote on the Plan because those Holders either (a) hold a Claim that is not classified under the Plan (e.g., Administrative Claims, Priority Tax Claims, and DIP Claims); (b) hold a Claim that is unimpaired under the Plan and are conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code (Priority Claims and Other Secured Claims); or (c) hold a Claim or Equity

Interest that is impaired under the Plan, are not receiving a distribution, and are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code (Intercompany Claims, Subordinated Claims, and Equity Interests).

20.    All Holders of Claims other than CODI and those in Classes that are deemed to reject the Plan (i.e., Class 6, Class 7, and Class 8) will have an opportunity to make an Opt-Out Election.  By making this election, such Holders will not be bound to the third-party releases but will remain bound to the other injunctions, exculpations, and releases in the Plan.  Equity Interest Holders who do not hold Claims, and Holders of Subordinated Creditors who do not hold other Claims, in each case who are not otherwise a Releasing Party, are not bound by the third party releases in Section 11.09 of the Plan and need not be given an opportunity to make an Opt-Out Election.  For Holders of Claims receiving a Ballot, the Opt-Out Election must be made on the Ballot and returned to the Notice and Claims Agent by the Voting Deadline.  All other parties must use an Opt-Out Form to make an Opt-Out Election and return such election to the Notice and Claims Agent by the Voting Deadline.

21.    In addition, Holders of Claims in Class 4 may elect to contribute their Causes of Action against GT that relate to the Debtors, their predecessors or affiliates, or any Excluded Party, to the Liquidation Trust.  For Holders of Claims receiving a Class 4 Ballot, the election to contribute and assign such a Cause of Action against GT can be made on either the Ballot or the Claim Contribution Form, which must be delivered to the Notice and Claims Agent by the Voting Deadline.  All other Creditors who believe they may have a Class 4 Claim must use the Claim Contribution Form to make such an election by delivery of that form to the Notice and Claims Agent by the Voting Deadline.

## TIMELINE

22.     A summary of the key dates proposed to be established by the Proposed Interim Disclosure Statement Order, subject to the Court's availability, is set forth below:

| Event | Proposed Date |
|---|---|
| Voting Record Date | July 14, 2026 |
| Date by which Solicitation will be Mailed | July 21, 2026 |
| Deadline to File Rule 3018 Motions | August 4, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to File Plan Supplement | August 11, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline for Debtors to File Objections to Rule 3018 Motions | August 21, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Voting Deadline | August 18, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosure Statement | August 18, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to Make Opt-Out Election | August 18, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to Contribute and Assign Contributed Claims | August 18, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to File Confirmation Brief and any Replies or Declarations in Support of the Plan and the Proposed Confirmation Order | August 27, 2026 at 12:00 noon (prevailing Eastern Time) |
| Combined Confirmation Hearing | August 31, 2026 at 11:00 a.m. (prevailing Eastern Time) |

## RELIEF REQUESTED

23.     The Debtors seek entry of an Order (a) approving, on an interim basis, the Disclosure Statement for solicitation purposes only; (b) approving the Solicitation Procedures, and (c) setting a combined hearing for the Court to consider final approval of the Disclosure Statement and confirmation of the Plan in accordance with the timeline proposed above.  The Debtors submit

that the process proposed herein is the most efficient means to conclude these Chapter 11 Cases

and distribute the Debtors' remaining assets to their creditors.

## BASIS FOR RELIEF

**A.      Interim Approval of the Disclosure Statement for Solicitation Purposes**

24.      Section 1125 of the Bankruptcy Code requires that a disclosure statement approved

by the bankruptcy court contain "adequate information" prior to a debtor's solicitation of

acceptances or rejections of a plan.  11 U.S.C. § 1125(b).  "Adequate information" is defined in

the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably
> practicable in light of the nature and history of the debtor and the
> condition of the debtor's books and records . . . that would enable
> such a hypothetical investor of the relevant class to make an
> informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

25.      In evaluating whether a disclosure statement provides "adequate information,"

courts adhere to the Bankruptcy Code's instruction that making this determination is a flexible

exercise based on the facts and circumstances of each case.  *See, e.g.*, *Oneida Motor Freight, Inc.*

*v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125

we discern that adequate information will be determined by the facts and circumstances of each

case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988)

(noting that adequacy of disclosure for a particular debtor will be determined based on how much

information is available from outside sources); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H.

1991) (stating that a disclosure statement "must clearly and succinctly inform the average

unsecured creditor what it is going to get, when it is going to get it, and what contingencies there

are to getting its distribution."); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N.

5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

26.     In accordance with these precepts, the Disclosure Statement provides the pertinent information necessary for eligible Holders of Claims to make an informed decision about whether to vote to accept or reject the Plan.  Specifically, the Disclosure Statement provides, among other things, information regarding:

- the major events that occurred prior to, and during the course of, these Chapter 11 Cases (Article II and III);

- a summary of the classification and treatment of all Classes of Claims and Equity Interests under the Plan (Article I.A);

- an estimate of distributions to the Holders of Allowed Claims pursuant to the Plan (Article I.A);

- the treatment of all Classes of Claims and Equity Interests under the Plan (Article IV.B);

- risk factors regarding the Plan (Article V);

- the means for implementation of the Plan (Article IV.F);

- the provisions governing distributions under the Plan (Article IV.H); and

- federal income tax consequences of the Plan (Article VIII.A–D).

27.     Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code.  At the Combined Confirmation Hearing, the Debtors will demonstrate on a final basis that the information set forth in the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.  To ensure that the Plan is confirmed in a timely manner, and to thereby preserve value for the benefit of all stakeholders, the Debtors have determined in their business judgment that it is necessary and prudent to proceed on the timeline proposed herein.  Accordingly, the Debtors respectfully request that the Court enter the Proposed Interim Disclosure Statement Order

11

approving, among other things, the Disclosure Statement on an interim basis for solicitation purposes only.

**B.      Solicitation Procedures**

*i.      Approval of Form of Solicitation Materials and Ballot*

28.      Pursuant to the Plan, the Debtors have created eight (8) separate Classes of Claims and Equity Interests.  A chart listing each such Class is below:

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Not voting (conclusively presumed to accept) |
| 2 | Priority Claims | Unimpaired | Not voting (conclusively presumed to accept) |
| 3 | CODI Claim | Impaired | Entitled to vote |
| 4 | General Unsecured Claims | Impaired | Entitled to vote |
| 5 | Convenience Class Claims | Impaired | Entitled to vote |
| 6 | Intercompany Claims | Impaired | Not voting (deemed to reject) |
| 7 | Subordinated Claims | Impaired | Not voting (deemed to reject) |
| 8 | Equity Interests | Impaired | Not voting (deemed to reject) |

29.      As detailed above, only Class 3 (CODI Claim), Class 4 (General Unsecured Claims), and Class 5 (Convenience Class Claims) (collectively, the "Voting Classes") are entitled to vote on the Plan.  The remaining Classes (collectively, the "Non-Voting Classes") are not entitled to vote on the Plan, as they are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code (in the case of Class 1 (Secured Claims) and Class 2 (Other Priority Claims)) or, in the alternative, are deemed to have rejected the Plan in accordance with section 1126(g) of the Bankruptcy Code (in the case of Class 6 (Intercompany Claims), Class 7 (Subordinated Claims), and Class 8 (Equity Interests)).

30.     Bankruptcy Rule 3017(d)(1) identifies the materials that must be provided to the holders of claims and equity interests for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

(1)     *Sending the Plan and Related Documents.*

(A)     *In General.* After the disclosure statement has been approved, the court must order the debtor in possession, the trustee, the plan proponent, or the clerk to mail the following items to creditors and equity security holders and, in a Chapter 11 case, to send a copy of each to the United States trustee:

(i)      the court-approved disclosure statement;

(ii)     the plan or a court-approved summary of it;

(iii)    a notice of the time to file acceptances and rejections of the plan; and

(iv)    any other information as the court orders— including any opinion approving the disclosure statement or a court-approved summary of the opinion.

(B)     *Exception.* The court may vary the requirements for an unimpaired class of creditors or equity security holders.

Fed. R. Bankr. P. 3017(d)(1).

31.     The Debtors propose that the following materials be mailed no later than five (5) business days after the entry of the Proposed Interim Disclosure Statement Order (the "Service Date") by the Debtors' claims and voting agent, Omni Agent Solutions, Inc. (the "Notice and Claims Agent"), to the Holders of Claims in the Voting Classes (collectively, the "Solicitation Package"):

- a paper copy of the appropriate form of ballot for Claims held in each Voting Class, substantially in the form attached to the Proposed Interim Disclosure Statement

Order as Exhibits 1A-1C (collectively, the "Ballots" and each, a "Ballot"), including instructions on how to complete the appropriate Ballot;[6]

- the notice of, among other things, the Combined Confirmation Hearing and related objection procedures (the "Combined Confirmation Hearing Notice"), substantially in the form attached to the Proposed Interim Disclosure Statement Order as Exhibit 2;

- instructions, including a QR code, for accessing the Disclosure Statement, the Plan, and the Proposed Interim Disclosure Statement Order;

- a pre-paid, pre-addressed return envelope; and

- any other documents and materials that the Court may direct or approve, including supplemental materials filed by the Debtors.

The Debtors request that they not be required to transmit Solicitation Packages to Holders of Claims or Equity Interests in the Non-Voting Classes, and instead propose sending such parties (a) a notice, substantially in the form attached to the Proposed Interim Disclosure Statement Order as Exhibit 3 (the "Notice of Non-Voting Status"), that gives (i) notice of the filing of the Plan; (ii) notice that such party has been identified as the Holder of a Claim or Equity Interest in a Non-Voting Class or an unclassified Claim; (iii) instructions regarding the Combined Confirmation Hearing and how to obtain a copy of the Solicitation Package (other than a Ballot) free of charge; and (iv) detailed directions for filing objections to confirmation of the Plan and final approval of the adequacy of the information in the Disclosure Statement; and (b) the Combined Confirmation Hearing Notice. Holders of Claims in Non-Voting Classes (Classes 1 and 2) will also receive an Opt-Out Form (the "Opt-Out Form"), substantially in the form attached to the Proposed Interim Disclosure Statement Order as Exhibit 4A. Holders of Subordinated Claims and Equity Interests (Classes 7 and 8) are not subject to the releases set forth in Section 11.09 of the Plan and thus will not receive an Opt-Out Form.

---

[6]   The Ballot is substantially similar to Official Form No. B 314 but has been modified to be consistent with the specific provisions of the Plan and the facts of these Chapter 11 Cases.

14

32.     The Combined Confirmation Hearing Notice also informs parties that the Opt-Out Form and a claim contribution and assignment form (the "Claim Contribution Form," and together with the Opt-Out Form, the "Election Forms"), substantially in the form attached to the Proposed Interim Disclosure Statement Order as Exhibit 4B, will be available on the Notice and Claims Agent's website free of charge. The Claim Contribution Form will provide for eligible creditors to contribute their claims against GT to the Liquidation Trust if they so elect.

ii.     *Establishment of Voting Deadline*

33.     Bankruptcy Rule 3017(c) provides that, "[a]t the time or before the disclosure statement is approved, the court: (1) must set a deadline for the holders of claims and interests to accept or reject the plan; and (2) may set a date for a confirmation hearing." Fed. R. Bankr. P. 3017(c). Additionally, Local Rule 3017-2(b)(v)(C) requires the voting deadline to be "at least 10 days before the joint hearing" to consider confirmation of a plan and final approval of a disclosure statement. Del. Bankr. L.R. 3017-2(b)(v)(C). The Debtors will finish the plan solicitation period by mailing the Ballots (and other approved solicitation materials) to the Voting Classes no later than six (6) business days after the entry of the Interim Disclosure Statement Order. Based on this schedule, the Debtors propose that any Ballot being cast must be properly executed, completed, and delivered by mail, overnight courier, personal delivery, or by Electronic Means (as defined below) to the Notice and Claims Agent in accordance with the instructions set forth in the Ballot, so that the Ballot is actually *received* by the Notice and Claims Agent no later than **4:00 p.m. (prevailing Eastern Time) on August 18, 2026** (the "Voting Deadline"). This date will give Holders of Claims in the Voting Classes sufficient time to review the solicitation materials and vote.

34.     In addition to accepting paper Ballots by mail, overnight courier, and personal delivery, the Debtors request authorization to accept Ballots from Holders of Claims in the Voting

15

Classes by having such Ballots uploaded to and transmitted solely through a secure balloting portal on the Debtors' case website to be maintained by the Notice and Claims Agent (the "Electronic Means").  The instructions for submission by the Electronic Means are set forth on the Ballots.  Submission by the Electronic Means will include an audit trail created by such electronic submission.

### iii.   Approval of Tabulation Procedures

35.   The Debtors propose that the following procedures in the subsequent list be utilized in tabulating the votes to accept or reject the Plan (collectively, the "Tabulation Procedures"). Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of the Debtors and their estates in any other context, the Debtors propose that each Claim within the Voting Classes vote in an amount determined by the following procedures:

- If a Claim is deemed Allowed under the Plan, an order of the Court, or a stipulated agreement between the appropriate parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

- If a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Notice and Claims Agent), and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

- If a Claim for which a proof of claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Notice and Claims Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

- If a Claim for which a proof of claim was timely filed and is liquidated and non-contingent, or was listed in the Debtors' schedules of assets and liabilities (the "Schedules") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting purposes in the amount set forth on the proof of claim, or if no proof of claim was timely filed, in the amount set forth in the Schedules;

16

- If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution (unless otherwise specified in such order);

- If a Claim is listed on the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court, or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

- Proofs of claim filed for $0.00 are not entitled to vote;

- If the Debtors or another party in interest have served an objection or request for estimation as to a Claim by July 21, 2026, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

- For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one (1) Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

- Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one (1) Solicitation Package and one (1) Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

- If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amended proof of claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed proof of claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended proof of claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures; and

- Notwithstanding anything to the contrary herein, and without prejudice to any parties' rights with respect to allowance or for any other purpose, if no objection or request for estimation is filed to the Claims listed on Exhibit 5 to the Proposed Interim Disclosure Statement Order by July 21, 2026, which include the Claims filed by (a) Mr. Mordechai Haim Ferder, individually and as Trustee of the Haim Family Trust, (b) Simba IL Holdings, LLC, (c) Bryan Gadol, and (d) Darren Testa,

17

to which the Debtors expressly reserve all rights, shall be (1) entitled to vote in the amount of $1.00; and (2) temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, or any other purpose, as General Unsecured Claims in the amount of $1.00.

**Voting Rules**

- Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted unless the Debtors, in their discretion, granted an extension of the Voting Deadline in writing;

- Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

- Any Ballot cast by a person or entity that does not hold a Claim in a Voting Class as of the Voting Record Date will not be counted;

- Any unsigned Ballot, or Ballot without an original signature, will not be counted, *provided, however*, that Ballots submitted by the Electronic Means will be counted if signed by acceptable electronic means;

- Except in the Debtors' discretion, any Ballot transmitted to the Notice and Claims Agent by facsimile or other electronic means (other than through the Electronic Means noted above) will not be counted;

- Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted;

- Whenever a claimant casts more than one (1) Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated, valid, timely received, properly executed Ballot will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

- If a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted;

- Claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Plan, and any votes that are split will not be counted;

- Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code will not be counted; and

- Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects, irregularities, or conditions of delivery as to any particular Ballot.

18

**Election Rules**

The following rules apply to (a) elections made on Election Forms and (b) elections made on a Ballot with respect to (i) an Opt-Out Election or (ii) election to contribute a Contributed Claim (all such elections, the "Elections").

- Except as otherwise ordered by the Court, any Election received after the Voting Deadline will not be a valid election unless the Debtors, in their discretion, granted an extension of the Voting Deadline in writing;

- Any Election that is illegible or contains insufficient information to permit the identification of the claimant will not be a valid election;

- Any Election that does not clearly indicate than an Election has been made will not be a valid election;

- Any Election with respect to contributing and assigning a Contributed Claim made by a Person or entity that is not the Holder of a General Unsecured Claim that is or becomes Allowed will not be valid;

- Any Election with respect to contributing and assigning a Contributed Claim is not valid if (a) the Holder of a Claim does not certify on its Ballot or its Claim Contribution Form under penalty of perjury that the Contributed Claim is colorable and supportable by evidence and (b) the Liquidation Trustee (in consultation with the Liquidation Trust Oversight Board) does not independently and reasonably confirm that such Contributed Claim is colorable and supportable by evidence;

- Any unsigned Election made on an Election Form or Ballot, will not be valid, *provided, however* that Ballots submitted by the Electronic Means will be valid if signed by acceptable electronic means;

- Except in the Debtors' discretion, any Election transmitted to the Notice and Claims Agent by facsimile or other electronic means (other than through the Electronic Means noted above) will not be valid;

- Whenever a Person or entity makes more than one Election prior to the Voting Deadline, only the latest-dated, valid, timely received, properly executed document (*i.e.*, an Election Form or Ballot) will be deemed to reflect the Person or entity's intent and, thus, will supersede any prior Elections;

- If a claimant makes simultaneous duplicative Elections that are made inconsistently (whether on an Election Form and a Ballot or multiple Election Forms or Ballots), the election will not be considered valid; and

- Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects, irregularities, or conditions of delivery as to any particular Election.

36.     The Debtors respectfully submit that the Tabulation Procedures are appropriate and reasonable under the circumstances and should be approved.

    *iv.*     *Establishment of Voting Record Date*

37.     Bankruptcy Rule 3017 provides that the bankruptcy court may set the record date for determining which Holders of Claims are entitled to receive solicitation materials, including ballots for voting on a chapter 11 plan, "[a]t the time or before the disclosure statement is approved."  Fed. R. Bankr. P. 3017(d).

38.     The Debtors propose that the Court establish **July 14, 2026,** as the record date (the "Voting Record Date") for purposes of determining which Holders of Claims are entitled to receive a Ballot to vote to accept or reject the Plan.  Only Holders of the CODI Claim, General Unsecured Claims, and Convenience Class Claims are entitled to vote.

39.     With respect to any transferred Claim, the Debtors propose that the transferee will be entitled to receive and cast a Ballot on account of such transferred Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

    *v.*     *Procedures for Temporary Allowance of Claims*

40.     The Debtors propose that any Holder of a Claim that seeks to challenge the temporary allowance of its claim for voting purposes based on the Tabulation Procedures be required to file a motion, pursuant to Bankruptcy Rule 3018(a),[7] for an order temporarily allowing

---

[7]     Bankruptcy Rule 3018(a)(4) provides that "the court may, after notice and a hearing, temporarily allow a claim or interest in an amount that the court considers proper for voting to accept or reject a plan."

its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion"), no later than **August 4, 2026, at 4:00 p.m. (prevailing Eastern Time)**, and serve the Rule 3018 Motion on the Notice Parties. The Debtors (and, with respect to filing a response, any party in interest) will then have until **August 21, 2026,** to (a) file and serve any responses to a Rule 3018 Motion; and (b) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Combined Confirmation Hearing. In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Procedures and other applicable provisions contained herein unless and until the underlying claim or interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

**C.      Combined Confirmation Hearing, Confirmation Objection Deadline, and Notice Thereof**

41.      Bankruptcy Rule 3017 provides that, on or before the approval of a disclosure statement, a bankruptcy court "may set a date for a confirmation hearing." Fed. R. Bankr. P. 3017(c). Section 105 of the Bankruptcy Code expressly authorizes a court to issue an order that "provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the bankruptcy court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(2)(B)(vi). In addition, Local Rule 3017-2 permits a debtor to hold a combined hearing to consider final approval of the adequacy of a disclosure statement and confirmation of the proposed plan. *See* Del. Bankr. L.R. 3017-2.

42.      Bankruptcy Rule 2002(b) requires that the Debtors provide notice to all creditors and parties in interest at least twenty-eight (28) days prior to the deadline for filing objections to

confirmation of the Plan, and the hearing on the final approval of the Disclosure Statement and the Plan.  Bankruptcy Rule 2002(d), in turn, requires that equity security holders be given notice of these matters in the manner and form directed by the Court.

43.     Consistent with the foregoing authority, the Debtors respectfully request that the Combined Confirmation Hearing to consider confirmation of the Plan and final approval of the Disclosure Statement be set for **August 31, 2026, at 11:00 a.m. (prevailing Eastern Time)**.  The Debtors submit that a combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of creditors by allowing the Debtors to implement the Plan in a timely and efficient manner and limiting the amount of time the Debtors remain in chapter 11. Under the circumstances, a combined hearing will spare the Debtors from additional administrative expenses associated with a two-stage process and promote judicial efficiency and economy.

44.     In the interests of an orderly procedure, the Debtors further request that objections to confirmation of the Plan or final approval of the Disclosure Statement, if any, must be (i) in writing and (ii) filed with the Court and served on the following:  (a) the Debtors, Attn: J. Michael Issa (missa@glassratner.com); (b) counsel for the Debtors, (1) Keller Benvenutti Kim LLP, Attn:  Tobias  S.  Keller,  Esq.  (tkeller@kbkllp.com)  and  Scott  J.  Friedman,  Esq. (sfriedman@kbkllp.com); and (2) Young Conaway Stargatt & Taylor, LLP, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com), Sean M. Beach, Esq. (sbeach@ycst.com), and Shella Borovinskaya, Esq. (sborovinskaya@ycst.com); (c) counsel to Compass Group Diversified Holdings LLC, the Debtors' prepetition secured lender and postpetition secured lender, (1) Squire Patton Boggs (US) LLP, Attn:  Stephen D. Lerner (stephen.lerner@squirepb.com), Peter R. Morrison,  Esq.  (peter.morrison@squirepb.com)  and  Jeffrey  N.  Rothleder (jeffrey.rothleder@squirepb.com);  and (2) Bayard, P.A., as Delaware counsel, Attn:  Erika F.

22

Johnson, Esq. (ejohnson@bayardlaw.com); (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Benjamin A. Hackman, Esq. (Benjamin.a.hackman@usdoj.gov); and (e) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, (, Attn: James E. O'Neill, Esq. (joneill@pszjlaw.com), Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com), John A. Morris, Esq. (jmorris@pszjlaw.com), and Jordan A. Kroop, Esq. (jkroop@pszjlaw.com), so that they are received no later than **4:00 p.m. (prevailing Eastern Time) on August 18, 2026** (the "Confirmation Objection Deadline").

45.     The Debtors and any other party in interest may file a reply to any such objections or brief(s) or declaration(s) in support of confirmation of the Plan, or final approval of the adequacy of the Disclosure Statement, by no later than **12:00 p.m. (prevailing Eastern Time) on August 27, 2026** (or two (2) business days prior to the date of any adjourned Combined Confirmation Hearing).

46.     The Combined Confirmation Hearing Notice sets forth, among other things, (a) the Confirmation Objection Deadline, (b) the time, date, and place of the Combined Confirmation Hearing, and (c) instructions on how to obtain a copy of the Disclosure Statement and the Plan, free of charge. The Debtors will cause the Combined Confirmation Hearing Notice to be served by the Service Date on the following parties, excluding any parties set to receive the Notice of Non-Voting Status: (a) all Persons or entities that have filed or are deemed to have filed a proof of claim or request for allowance of Claim as of the Voting Record Date; (b) all Persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) all entities known by the Debtors to hold or assert a lien or other interest in the Debtors' property;

(g) any other parties that have requested notice pursuant to Bankruptcy Rule 2002, (h) all parties to executory contracts set forth in the Schedules; and (i) all other parties in the creditor matrix.  In addition, the Debtors will cause the Notice of Non-Voting Status to be served on Holders of Claims and Equity Interests in the Non-Voting Classes and the Opt-Out Form to Holders of Claims in the Non-Voting Classes.  With respect to Class 6 (Intercompany Claims), the Debtors respectfully request a waiver of any requirement to serve the Combined Confirmation Hearing Notice, Notice of Non-Voting Status, Opt-Out Notice, or any other type of notice in connection with the Plan and Disclosure Statement because such Claims are held by the Debtors (and not individual creditors). Under the Debtors' proposed timeline set forth herein, the Combined Confirmation Hearing Notice and the Notice of Non-Voting Status will be served at least twenty-eight (28) days prior to the Confirmation Objection Deadline, and at least thirty-five (35) days prior to the Combined Confirmation Hearing.

47.    The Debtors also respectfully request that the Court authorize the Debtors to publish notice of the Combined Confirmation Hearing (the "Publication Notice"), substantially in the form attached to the Proposed Interim Disclosure Statement Order as Exhibit 6, at least twenty-eight (28) days prior to the Confirmation Objection Deadline and thirty-five (35) days prior to the Combined Confirmation Hearing in the national edition of *The New York Times*, the *Orange County Business Journal*, or any similar publication.  The Debtors believe that the Publication Notice will provide sufficient notice to parties who do not receive the Combined Confirmation Hearing Notice by mail.

48.    The Debtors submit that the foregoing procedures for providing notice of the Combined Confirmation Hearing, the Confirmation Objection Deadline, and related matters fully comply with Bankruptcy Rules 2002 and 3017 and Local Rules 3017-1 and 3017-2, and the time

limits set forth therein, are consistent with sections 105, 1126(f), and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d) with respect to parties that are not entitled to vote on the Plan, are both fair to Holders of Claims or Equity Interests and other parties in interest, and are designed to permit an organized and efficient Combined Confirmation Hearing.  Accordingly, the Debtors respectfully request that the Court approve such notice procedures as appropriate under the circumstances of these Chapter 11 Cases and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## NON-SUBSTANTIVE MODIFICATIONS

49.    The Debtors request authorization to make non-substantive modifications to the Combined Confirmation Hearing Notice, the Notice of Non-Voting Status, the Solicitation Package, the Ballot, the Publication Notice, and related documents without further order of the Court, including modifications to correct typographic and grammatical errors, if any, and to make conforming modifications to the Disclosure Statement and the Plan, and any other materials in the Solicitation Package prior to distribution.

## NOTICE

50.    Notice of this Motion will be provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the Securities and Exchange Commission; (h) counsel to Compass Group Diversified Holdings LLC, the Debtors' prepetition secured lender and postpetition secured lender; (i) any party listed on Exhibit 5 to the Proposed Interim Disclosure Statement Order at the address set forth in the proof of claim, and (j) any party that is entitled to

notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the

Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Interim Disclosure Statement Order attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  June 24, 2026
  Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: *Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Shella Borovinskaya (Del. No. 6758)
Brynna M. Gaffney (Del No. 7402)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:   (302) 571-1253
Email:  emorton@ycst.com
        sbeach@ycst.com
        sborovinskaya@ycst.com
        bgaffney@ycst.com

-and-

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (admitted *pro hac vice*)
Traci L. Shafroth (admitted *pro hac vice*)
Scott Friedman (admitted *pro hac vice*)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone:  (415) 496-6723
Facsimile:   (650) 636-9251
Email:  tkeller@kbkllp.com
        tshafroth@kbkllp.com
        sfriedman@kbkllp.com

*Attorneys for Debtors
and Debtors-in-Possession*