# EXHIBIT A

## Proposed Interim Disclosure Statement Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al*.,[1] | Case No. 25-12055 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM
BASIS; (B) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES;
(C) APPROVING THE FORMS OF BALLOTS AND SOLICITATION MATERIALS;
(D) ESTABLISHING THE VOTING RECORD DATE; (E) FIXING THE DATE,
TIME, AND PLACE FOR THE COMBINED CONFIRMATION HEARING AND
THE DEADLINE FOR FILING OBJECTIONS THERETO;
AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for entry of an order (this "Order")

(a) approving the Disclosure Statement on an interim basis for solicitation purposes only;

(b) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan;

(c) approving the forms of Ballots and solicitation materials; (d) establishing the voting record

date; (e) fixing the date, time, and place for the Combined Confirmation Hearing and establishing

the deadline for filing objections related thereto; and (f) granting related relief, all as more fully

set forth in the Motion; and upon the statements of counsel made in support of the relief requested

in the Motion at the hearing before this Court, if any; and this Court having jurisdiction to consider

---

[1]    The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308).  The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Plan, as applicable.

the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor:

**THIS COURT HEREBY FINDS AS FOLLOWS:**

A.      The forms of ballots attached hereto as **Exhibit 1A–1C** (collectively, the "Ballots" and each, a "Ballot"): (i) are consistent with Official Form No. 314; (ii) adequately address the particular needs of these Chapter 11 Cases; (iii) are appropriate for the Voting Classes; and (iv) comply with Bankruptcy Rule 3017(d).

B.      A Ballot need not be provided to Holders of Claims or Equity Interests in the Non-Voting Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code or (ii) impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code. A chart listing each such Class is below:

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 1 | Other Secured Claims | Unimpaired | Not voting (conclusively presumed to accept) |

| 2 | Priority Claims | Unimpaired | Not voting (conclusively presumed to accept) |
|---|---|---|---|
| 3 | CODI Claim | Impaired | Entitled to vote |
| 4 | General Unsecured Claims | Impaired | Entitled to vote |
| 5 | Convenience Class Claims | Impaired | Entitled to vote |
| 6 | Intercompany Claims | Impaired | Not voting (deemed to reject) |
| 7 | Subordinated Claims | Impaired | Not voting (deemed to reject) |
| 8 | Equity Interests | Impaired | Not voting (deemed to reject) |

C.      The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for the Holders of Claims in the Voting Classes to make an informed decision to accept or reject the Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

D.      The Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

E.      The contents of each Solicitation Package and the procedures for providing notice of the Combined Confirmation Hearing and the other matters set forth in the Combined Confirmation Hearing Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED THAT:**

1.      The relief requested in the Motion is **GRANTED** as set forth herein.

**CONDITIONAL APPROVAL OF THE DISCLOSURE STATEMENT**

2.      The Disclosure Statement is approved on an interim basis as containing adequate information for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.

**APPROVAL OF THE CONFIRMATION TIMELINE**

3.      This Court shall schedule the Combined Confirmation Hearing for (a) final approval of the Disclosure Statement as containing adequate information and (b) confirmation of the Plan for **August 31, 2026, at 11:00 a.m. (prevailing Eastern Time)**.  The Combined Confirmation Hearing may be continued from time to time without further notice other than by (a) announcing any adjourned date at the Combined Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of these Chapter 11 Cases.

4.      The following dates and deadlines are hereby approved:

| Event | Proposed Date |
| --- | --- |
| Voting Record Date | July 14, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Date by which Solicitation will be Mailed | July 21, 2026 |
| Deadline to File Rule 3018 Motions | August 4, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to File Plan Supplement | August 11, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline for Debtors to File Objections to Rule 3018 Motions | August 21, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Voting Deadline | August 18, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosure Statement | August 18, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to Make Opt-Out Election | August 18, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to Contribute and Assign Contributed Claims | August 18, 2026 at 4:00 p.m. (prevailing Eastern Time) |

4

| Event | Proposed Date |
|---|---|
| Deadline to File Confirmation Brief and any Replies or  Declarations in Support of the Plan and the Proposed Confirmation Order | August 27, 2026, at 12:00 noon (ET) |
| Combined Confirmation Hearing | August 31, 2026, at 11:00am (ET) |

### APPROVAL OF THE SOLICITATION PROCEDURES

5.      The Ballots, in substantially the forms attached hereto as **Exhibits 1A–1C**, are approved.

6.      The Combined Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit 2**, is approved.

7.      The Notice of Non-Voting Status, in substantially the form attached hereto as **Exhibit 3**, is approved.

8.      The Election Forms, in substantially the forms attached hereto as **Exhibits 4A** and **4B**, are approved.

9.      Pursuant to Bankruptcy Rule 3017(d), **July 14, 2026 at 4:00 p.m. (prevailing Eastern Time)** shall be the record date for purposes of determining which Holders of Claims are entitled to receive the Solicitation Package and vote on the Plan (the "Record Date").

10.      With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if:  (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule

5

3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

11.      On or prior to July 21, 2026 (the "Service Date"), the Notice and Claims Agent shall mail the Solicitation Package to Holders of Claims in the Voting Classes containing copies of:  (a) the Combined Confirmation Hearing Notice; (b) instructions, including a QR code, for accessing the Disclosure Statement, the Plan, and this Order; (c) the applicable Ballot; and (d) a pre-paid, pre-addressed return envelope.  The Debtors shall be excused from distributing Solicitation Packages to those Persons or entities listed at addresses for which previous mailings have been returned as undeliverable, unless the Debtors receive written notice of accurate addresses for such persons or entities prior to the Voting Record Date.  The Debtors and the Notice and Claims Agent are also not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots) or Combined Confirmation Hearing Notices.

12.      On or prior to the Service Date, the Notice and Claims Agent shall mail the Combined Confirmation Hearing Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package or a Notice of Non-Voting Status:  (a) all Persons or entities that have filed or are deemed to have filed a proof of claim or request for allowance of Claim as of the Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) all entities known by the Debtors to hold or assert a lien or other interest in the Debtors' property; (g) any other parties that

have requested notice pursuant to Bankruptcy Rule 2002, (h) all parties to executory contracts set forth in the Schedules; and (i) all other parties in the creditor matrix.

13.    On or prior to the Service Date, the Notice and Claims Agent shall mail the Notice of Non-Voting Status to the Holders of Claims or Equity Interests in the Non-Voting Classes and the Opt-Out Form to Holders of Claims in the Non-Voting Classes.

14.    The Debtors are granted a waiver of the strict notice requirement with respect to Holders of Intercompany Claims in Class 6.

15.    The Debtors are authorized, but not directed, to publish the Publication Notice, substantially in the form attached hereto as **Exhibit 6**, in the national edition of *The New York Times*, the *Orange County Business Journal*, or a similar publication at least twenty-eight (28) days prior to the Confirmation Objection Deadline and at least thirty-five (35) days prior to the Combined Confirmation Hearing.

16.    To be counted as a vote to accept or reject the Plan, a Ballot must be properly executed, completed, and delivered to the Notice and Claims Agent in accordance with the instructions on the Ballot so that it is actually *received* by the Notice and Claims Agent no later than **4:00 p.m. (prevailing Eastern Time) on August 18, 2026** (the "Voting Deadline").

17.    Any Opt-Out Election or contribution and assignment of a Contributed Claim, whether made on a Ballot, Opt-Out Form, or Claim Contribution Form, must be properly executed, completed, and delivered to the Notice and Claims Agent in accordance with the instructions on the Ballot or on the applicable Election Form so that it is actually *received* by the Notice and Claims Agent no later than **4:00 p.m. (prevailing Eastern Time) on August 18, 2026.**

18.    Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights

7

of the Debtors and its estate in any other context, the votes to accept or reject the Plan of the Claims

within each Voting Class shall be tabulated in accordance with following Tabulation Procedures:

- If a Claim is deemed Allowed under the Plan, an order of the Court, or a stipulated agreement between the appropriate parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

- If a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Notice and Claims Agent), and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

- If a Claim for which a proof of claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Notice and Claims Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

- If a Claim for which a proof of claim was timely filed and is liquidated and non-contingent, or was listed in the Debtors' schedules of assets and liabilities (the "Schedules") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting purposes in the amount set forth on the proof of claim, or if no proof of claim was timely filed, in the amount set forth in the Schedules;

- If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution (unless otherwise specified in such order);

- If a Claim is listed on the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court, or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

- Proofs of claim filed for $0.00 are not entitled to vote;

- If the Debtors or another party in interest have served an objection or request for estimation as to a Claim by July 21, 2026, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

8

- For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one (1) Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

- Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one (1) Solicitation Package and one (1) Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

- If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amended proof of claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed proof of claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended proof of claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures; and

- Notwithstanding anything to the contrary herein, and without prejudice to any parties' rights with respect to allowance or for any other purpose, if no objection or request for estimation is filed to the Claims listed on Exhibit 5 to the Proposed Interim Disclosure Statement Order by July 21, 2026, which include the Claims filed by (a) Mr. Mordechai Haim Ferder, individually and as Trustee of the Haim Family Trust, (b) Simba IL Holdings, LLC, (c) Bryan Gadol, and (d) Darren Testa, to which the Debtors expressly reserve all rights, shall be (1) entitled to vote in the amount of $1.00; and (2) temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, or any other purpose, as General Unsecured Claims in the amount of $1.00.

## Voting Rules

- Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted unless the Debtors, in their discretion, granted an extension of the Voting Deadline in writing;

- Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

- Any Ballot cast by a person or entity that does not hold a Claim in a Voting Class as of the Voting Record Date will not be counted;

- Any unsigned Ballot, or Ballot without an original signature, will not be counted, *provided, however*, that Ballots submitted by the Electronic Means will be counted if signed by acceptable electronic means;

9

- Except in the Debtors' discretion, any Ballot transmitted to the Notice and Claims Agent by facsimile or other electronic means (other than through the Electronic Means noted above) will not be counted;

- Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted;

- Whenever a claimant casts more than one (1) Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated, valid, timely received, properly executed Ballot will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

- If a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted;

- Claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Plan, and any votes that are split will not be counted;

- Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code will not be counted; and

- Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects, irregularities, or conditions of delivery as to any particular Ballot.

## Election Rules

The following rules apply to (a) elections made on Election Forms and (b) elections made on a Ballot with respect to (i) an Opt-Out Election or (ii) election to contribute a Contributed Claim (all such elections, the "Elections").

- Except as otherwise ordered by the Court, any Election received after the Voting Deadline will not be a valid election unless the Debtors, in their discretion, granted an extension of the Voting Deadline in writing;

- Any Election that is illegible or contains insufficient information to permit the identification of the claimant will not be a valid election;

- Any Election that does not clearly indicate than an Election has been made will not be a valid election;

- Any Election with respect to contributing and assigning a Contributed Claim made by a Person or entity that is not the Holder of a General Unsecured Claim that is or becomes Allowed will not be valid;

10

- Any Election with respect to contributing and assigning a Contributed Claim is not valid if (a) the Holder of a Claim does not certify on its Ballot or its Claim Contribution Form under penalty of perjury that the Contributed Claim is colorable and supportable by evidence and (b) the Liquidation Trustee (in consultation with the Liquidation Trust Oversight Board) does not independently and reasonably confirm that such Contributed Claim is colorable and supportable by evidence;

- Any unsigned Election made on an Election Form or Ballot, will not be valid, *provided, however* that Ballots submitted by the Electronic Means will be valid if signed by acceptable electronic means;

- Except in the Debtors' discretion, any Election transmitted to the Notice and Claims Agent by facsimile or other electronic means (other than through the Electronic Means noted above) will not be valid;

- Whenever a Person or entity makes more than one Election prior to the Voting Deadline, only the latest-dated, valid, timely received, properly executed document (*i.e.*, an Election Form or Ballot) will be deemed to reflect the Person or entity's intent and, thus, will supersede any prior Elections;

- If a claimant makes simultaneous duplicative Elections that are made inconsistently (whether on an Election Form and a Ballot or multiple Election Forms or Ballots), the election will not be considered valid; and

- Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects, irregularities, or conditions of delivery as to any particular Election.

19. Upon completion of the balloting, the Notice and Claims Agent shall certify the amount and number of allowed claims of the Voting Classes accepting or rejecting the Plan, including all votes not counted and the reason for not counting such votes. The Debtors shall cause such certification to be filed with this Court no later than noon (Prevailing Eastern Time) two (2) business days prior to the Combined Confirmation Hearing.

20. If any Holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") no later than **August 4, 2026, at 4:00 p.m. (prevailing Eastern Time)** and serve the Rule 3018 Motion

on the Notice Parties.  The Debtors (and, with respect to filing a response, any other party in interest) shall then have until **August 21, 2026,** to (a) file and serve any responses to such Rule 3018 Motions, and (b) coordinate with this Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Combined Confirmation Hearing.  Any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or interest is temporarily allowed by this Court for voting purposes in a different amount, after notice and a hearing.

21.    Objections to confirmation of the Plan or final approval of the Disclosure Statement, if any, must (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) comply with the Bankruptcy Rules and the Local Rules; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following:  (a) the Debtors, Attn:  J. Michael Issa (missa@glassratner.com); (b) counsel for the Debtors, (1) Keller Benvenutti Kim LLP, Attn:  Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Scott J. Friedman, Esq. (sfriedman@kbkllp.com); and (2) Young Conaway Stargatt & Taylor, LLP, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com), Sean M. Beach, Esq. (sbeach@ycst.com), and Shella Borovinskaya, Esq. (sborovinskaya@ycst.com); (c) counsel to Compass Group Diversified Holdings LLC, the Debtors' prepetition secured lender and postpetition secured lender, (1) Squire Patton Boggs (US) LLP, Attn:  Stephen D. Lerner (stephen.lerner@squirepb.com), Peter R. Morrison, Esq. (peter.morrison@squirepb.com) and Jeffrey N. Rothleder (jeffrey.rothleder@squirepb.com);  and (2) Bayard, P.A., as Delaware counsel, Attn:  Erika F. Johnson, Esq. (ejohnson@bayardlaw.com); (d) the United States Trustee for the District of

Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Benjamin A. Hackman, Esq. (Benjamin.a.hackman@usdoj.gov); and (e) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn:  James E. O'Neill, Esq. (joneill@pszjlaw.com), Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com), John A. Morris, Esq. (jmorris@pszjlaw.com), and Jordan A. Kroop, Esq. (jkroop@pszjlaw.com), so that they are received no later than **4:00 p.m. (prevailing Eastern Time) on August 18, 2026** (the "Confirmation Objection Deadline").

22.     The Debtors and any other party in interest may file a reply to any such objections or brief or declarations in support of confirmation of the Plan, or final approval of the Disclosure Statement, by no later than **12:00 p.m. (prevailing Eastern Time) on August 27, 2026** (or two (2) business days prior to the date of any adjourned Combined Confirmation Hearing).

23.     The Debtors are authorized to make non-substantive and ministerial changes to the Disclosure Statement, the Plan, the Combined Confirmation Hearing Notice, Ballots, the Publication Notice, and related documents without further approval of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to any materials included in the Solicitation Package prior to their distribution.

24.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order.

25.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

26.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

## EXHIBIT 1A

**Form of Class 3 (CODI Claim) Ballot**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered) |

**CLASS 3 (CODI CLAIM) BALLOT FOR**
**VOTING TO ACCEPT OR REJECT THE CHAPTER 11 PLAN OF LIQUIDATION**
**OF LUGANO DIAMONDS & JEWELRY INC. AND ITS AFFILIATED DEBTORS**

---

**PLEASE READ AND FOLLOW THE INSTRUCTIONS FOR**
**COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY OMNI AGENT SOLUTIONS, INC. BY THE VOTING DEADLINE OF AUGUST 18, 2026, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

---

This ballot (this "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit your vote to accept or reject the *Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket No. [●]] filed by the Debtors (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Plan").[2]  The Plan, Disclosure Statement, and the Disclosure Statement Order may be accessed using the QR Code (located below) and may also be obtained free of charge on the dedicated webpage of Omni Agent Solutions, Inc. (the "Notice and Claims Agent") at https://omniagentsolutions.com/Lugano or upon request to the Notice and Claims Agent by (a) telephone at (888) 902-1791 (US & Canada toll free) or +1 (747) 226-5603 (International), or (b) email at LuganoInquiries@omniagnt.com.[3]

You are receiving this Ballot because you are a Holder of a Class 3 CODI Claim as of July 14, 2026.  Accordingly, you have a right to vote to accept or reject the Plan.

The Plan can be confirmed by the Bankruptcy Court and made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who voted on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308).  The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]   All capitalized terms used but not otherwise defined herein have the meanings set forth in the Disclosure Statement or Plan, as applicable.

[3]   Copies of the Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

## <u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

1. For your vote to count, you must:

   a. Submit your Ballot by <u>either</u>:

      i. Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") by mail, overnight courier, or hand delivery, so that it is *received* by **August 18, 2026 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline")** at the following address:  Lugano Diamonds & Jewelry Inc., Ballot Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; **OR**

      ii. **Uploading it to the Notice and Claims Agent's dedicated portal for uploading Ballots (the "<u>Electronic Means</u>") no later than the Voting Deadline.**

      > ANY FAILURE TO FOLLOW THE VOTING INSTRUCTIONS INCLUDED WITH THE BALLOT MAY DISQUALIFY YOUR BALLOT AND YOUR VOTE. BALLOTS CAST BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION, OTHER THAN THROUGH THE BALLOTING SUBMISSION PORTAL, WILL NOT BE COUNTED. SUBMIT YOUR BALLOT VIA THE NOTICE AND CLAIMS AGENT'S ELECTRONIC BALLOTING SUBMISSION PORTAL, BY VISITING HTTPS://OMNIAGENTSOLUTIONS.COM/LUGANO-BALLOTS, AND FOLLOWING THE INSTRUCTIONS TO SUBMIT YOUR BALLOT.

      ***ACCESS TO THE PLAN AND DISCLOSURE STATEMENT*: THE PLAN AND DISCLOSURE STATEMENT MAY BE ACCESSED, FREE OF CHARGE, AT:** https://omniagentsolutions.com/Lugano-Ballots, or by using the following QR Code:

      

   b. The Bankruptcy Court approved certain tabulation procedures and temporarily allowed claims solely for purposes of voting to accept or reject the Plan.  The Voting Amount shown in Item 1 of this Ballot reflects the temporarily allowed amount of your CODI Claim.  If you wish to challenge the temporary allowance of your Claim (including amount and classification), you must file a motion in the Bankruptcy Court pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing your Claim in a different amount or classification and serve that motion in accordance with the Disclosure Statement Order so that it is received by the Notice Parties on or before **August 4, 2026 at 4:00 p.m. (prevailing Eastern Time)**;

   c. In the boxes provided in Item 2 of this Ballot, indicate **<u>either</u>** acceptance or rejection of the Plan by checking the appropriate box;

   d. Review and sign the acknowledgements in Item 3 of this Ballot.  Please be sure to sign and date your Ballot. Your original signature is required for your vote to be counted or, if a Ballot submitted by Electronic Means, it must contain an acceptable electronic signature.  If you are completing this Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing.  If the CODI Claim is held by an entity, the Ballot must be executed in the name of that entity by an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot; and

   e. **Return your Ballot (whether by Paper Ballot or Electronic Means) so it is *received* by the Notice and Claims Agent on or before the Voting Deadline approved by the Bankruptcy Court, <u>August 18, 2026 at 4:00 p.m. (prevailing Eastern Time)</u>.  If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion.**  If neither the "accept" nor "reject" box in Item 2 is checked or if both boxes are checked for an otherwise properly completed, executed, and timely returned Ballot, that Ballot will not be counted.

2.  You must vote all your Claims within a single Class either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and those Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.  This Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or an Equity Interest.

**4.**  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest-dated, valid, timely received, properly executed Ballot will supersede any prior Ballots.  However, inconsistent, duplicate Ballots, simultaneously received by the Notice and Claims Agent, with respect to the same Claim, will not be counted.

5.  NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATIONS, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.  THE NOTICE AND CLAIMS AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

7.  IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT BY EMAIL (LUGANOINQUIRIES@OMNIAGNT.COM), OR BY TELEPHONE AT (888) 902-1791 (US & CANADA TOLL FREE) or +1 (747) 226-5603 (INTERNATIONAL).

8.  CONTACT YOUR OWN LEGAL COUNSEL FOR LEGAL ADVICE.  DO NOT CONTACT THE NOTICE AND CLAIMS AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE NOTICE AND CLAIMS AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

<u>**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE PLAN**</u>

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY AFFECT YOUR RIGHTS.

Section 11.06 of the Plan contains the following injunction provision:

<u>**Injunctions.**</u>

**(a)      From and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtors (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against, or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), along with their respective present or former employees, agents, officers, directors, principals, and Affiliates are permanently enjoined, solely with respect to any Claims dealt with under the Plan, Equity Interests dealt with under the Plan, and Causes of Action dealt with under the Plan, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust, or the property of any of the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; or the property of any of the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust, or the property of any of the Debtors, the Released Parties, Liquidation Trustee or the Liquidation Trust; (iv) asserting setoff, unless such setoff was formally asserted in a timely Filed proof of Claim or in a document Filed with the Bankruptcy Court prior to entry of the Confirmation Order, or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; *provided*, *however*, notwithstanding anything to the contrary in the Plan, the injunction set forth in Section 11.06 of the Plan does not apply to any action taken by one CODI Party against another CODI Party.**

3

(b)      As of the Effective Date, all Persons are precluded and barred from asserting against any property to be Distributed under the Plan any Causes of Action, Equity Interests, or other action or remedy based on any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

(c)      Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Equity Interests, and other parties in interest, along with their Related Parties, are enjoined from taking any actions to interfere with the implementation or substantial consummation of the Plan by the Debtors, the Liquidation Trustee, or their respective Related Parties.

(d)      By accepting Distributions pursuant to the Plan, each Holder of an Allowed Claim is deemed to have specifically consented to the Injunctions set forth in Section 11.06 of the Plan.

As defined in Article I.127 of the Plan:

**Released Parties. Each of: (a) the Debtors and each of the Estates and any of their subsidiaries and retained Professionals and Ordinary Course Professionals and their following directors and officers: (i) Frederic Cumenal; (ii) David Arnold; (iii) L. Spencer Wells (including as a member of the Special Committee); (iv) Thomas FitzGerald (including as a member of the Special Committee); (v) Stuart Winston; (vi) Lisa Calvert; and (vii) Christoph Pachler; (b) the Creditors' Committee and its individual members solely in their capacities as members of the Creditors' Committee, together with all their retained Professionals, agents, and other representatives of the Creditors' Committee and its members solely in their capacities with respect to service on or representation of the Creditors' Committee; (c) the CODI Parties and each of their Related Parties; *provided* that no Excluded Party is a Released Party.**

Section 11.07 of the Plan contains the following exculpation provision:

**Exculpation. Except as otherwise specifically provided in the Plan, no Exculpated Party has or has incurred, and each Exculpated Party is exculpated from any Causes of Action for any Claim related to any act or omission taking place between the Petition Date and the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Confirmation Order, the Liquidation Trust Agreement, the CODI Settlement Agreement, the Plan Support Agreement, or any agreement or document (including providing any legal opinion requested by any entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the CODI Settlement Agreement, the Plan Support Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the administration and implementation of the Plan or these Chapter 11 Cases, or the Distribution of property under the Plan or any other related agreement, except for Claims related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects all Exculpated Parties are entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

As defined in Article I.70 of the Plan:

**Exculpated Parties: Collectively, (a) the Debtors, (b) the Creditors' Committee, and each of its members solely in the member's capacity as such; (c) Thomas FitzGerald, (d) L. Spencer Wells, and (e) each of the preceding's respective Related Parties serving in such capacities after the Petition Date; *provided* that no Ferder Affiliated Party is an Exculpated Party.**

Section 11.09 of the Plan contains the following release:

**Releases by Holders of Claims. Except as otherwise expressly set forth in the Plan or the Confirmation Order—and except to the extent a Holder of a Claim makes an Opt-Out Election—on and after the Effective Date, and with respect to all other Releasing Parties, in exchange for good and valuable consideration, the adequacy of**

which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that such entity would have been legally entitled to assert in their own right (whether individually, derivatively, or collectively) or on behalf of the Holder of any Claim or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation of the Debtors), the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents associated with or related to the DIP Order and Cash Collateral Order, the Plan (including the plan supplement(s)), the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement), or any aspect of the associated transactions, including any contract, instrument, release, or other agreement or document (including any legal opinion requested by any entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, the Disclosure Statement, the DIP Order and Cash Collateral Order documents, the Plan, the plan supplement(s), before or during the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence of such Person. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or entity under the Plan, the Confirmation Order, the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, or any document, instrument, or agreement (including those set forth in the plan supplement) executed to implement the Plan or any Claim or obligation arising under the Plan; (ii) any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits judgments, damages, debts, rights, remedies, and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that a CODI Party would have been legally entitled to assert in its own right (whether individually, derivatively, or collectively) against another CODI Party or any of their officers, directors, members, managers, trustees, or employees; or (iii) Allowed Claims solely against the Debtors.

As defined in Article I.128 of the Plan:

**Releasing Parties: Each of, and in each case in its capacity as such: (a) the Debtors and each of the Estates; (b) L. Spencer Wells and Thomas FitzGerald; (c) any successor to the Debtors or any other representative of the Estates pursuant to Bankruptcy Code § 1123(b)(3), including the Liquidation Trust; (d) all holders of Claims, other than holders of Claims only in Classes 6 and 7, who do not make an Opt-Out Election; (e) each Released Party; and (f) each Related Party of each entity in clauses (a) – (e) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an entity in clauses (a) – (e); *provided* that, in each case, an entity is not a Releasing Party if it makes an Opt-Out Election; *provided* further that no Excluded Party is a Releasing Party.**

Section 11.10 of the Plan contains the following injunction:

**Terms of Injunctions or Stays. Without affecting the injunctions contained in Section 11.06 of the Plan, the exculpations contained in Section 11.07 of the Plan, and the releases contained in Section 11.08 of the Plan, all**

5

**injunctions or stays provided for in these Chapter 11 Cases pursuant to Bankruptcy Code §§ 105 or 362, or otherwise, in existence on the Confirmation Date remain in full force and effect until the Chapter 11 Cases are closed.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, AND 3.  IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Voting Amount.**  The undersigned certifies that, as of July 14, 2026, the undersigned was a Holder of a Class 3 CODI Claim in the amount, for voting purposes, set forth below:

Voting Amount (in U.S. Dollars): $ _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the CODI Claim identified in Item 1 hereby votes to (check **one** box only):

☐ **Accept** the Plan                                    ☐ **Reject** the Plan

**Item 3.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted for voting purposes.

_____                    _____
Name of Creditor                                    Telephone Number

_____                    _____
Signature                                           Email Address

_____
If by Authorized Agent, Name and Title

_____                    _____
Name of Institution                                 Date Completed

_____
Street Address

_____
City, State, Zip Code

**EXHIBIT 1B**

**Form of Class 4 (General Unsecured Claims) Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al*.,[1] | Case No. 25-12055 (BLS) |
|  | (Jointly Administered) |
| Debtors. |  |

**CLASS 4 (GENERAL UNSECURED CLAIMS) BALLOT FOR
VOTING TO ACCEPT OR REJECT THE CHAPTER 11 PLAN OF LIQUIDATION
OF LUGANO DIAMONDS & JEWELRY INC. AND ITS AFFILIATED DEBTORS**

---

**PLEASE READ AND FOLLOW THE INSTRUCTIONS FOR
COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT**

**TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO
BE ACTUALLY RECEIVED BY OMNI AGENT SOLUTIONS, INC. BY THE VOTING DEADLINE OF
AUGUST 18, 2026, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

---

This ballot (this "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit your vote to accept or reject the *Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket No. [●]] filed by the Debtors (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Plan").[2]  The Plan, Disclosure Statement, and the Disclosure Statement Order may be accessed using the QR Code (located below) and may also be obtained free of charge on the dedicated webpage of Omni Agent Solutions, Inc. (the "Notice and Claims Agent") at https://omniagentsolutions.com/Lugano or upon request to the Notice and Claims Agent by (a) telephone at (888) 902-1791 (US & Canada toll free) or +1 (747) 226-5603 (International), or (b) email at LuganoInquiries@omniagnt.com.[3]

You are receiving this Ballot because you are a Holder of a Class 4 General Unsecured Claim as of July 14, 2026. Accordingly, you have a right to vote to accept or reject the Plan.

The Plan can be confirmed by the Bankruptcy Court and made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each Impaired Class who vote on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Disclosure Statement or Plan, as applicable.

[3]    Copies of the Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. For your vote to count, you must:

    a.  Submit your Ballot by either:

    i.  Completing, executing, and submitting this paper Ballot ("Paper Ballot") by mail, overnight courier, or hand delivery, so that it is *received* by **August 18, 2026 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline")** at the following address: Lugano Diamonds & Jewelry Inc., Ballot Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; **OR**

    ii. **Uploading it to the Notice and Claims Agent's dedicated portal for uploading Ballots (the "Electronic Means") no later than the Voting Deadline.**

    > ANY FAILURE TO FOLLOW THE VOTING INSTRUCTIONS INCLUDED WITH THE BALLOT MAY DISQUALIFY YOUR BALLOT AND YOUR VOTE. BALLOTS CAST BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION, OTHER THAN THROUGH THE BALLOTING SUBMISSION PORTAL, WILL NOT BE COUNTED. SUBMIT YOUR BALLOT VIA THE NOTICE AND CLAIMS AGENT'S ELECTRONIC BALLOTING SUBMISSION PORTAL, BY VISITING HTTPS://OMNIAGENTSOLUTIONS.COM/LUGANO-BALLOTS, AND FOLLOWING THE INSTRUCTIONS TO SUBMIT YOUR BALLOT.

    *ACCESS TO THE PLAN AND DISCLOSURE STATEMENT*: **THE PLAN AND DISCLOSURE STATEMENT MAY BE ACCESSED, FREE OF CHARGE, AT: https://omniagentsolutions.com/Lugano-Ballots, or by using the following QR Code:**



    b.  The Bankruptcy Court approved certain tabulation procedures and temporarily allowed claims solely for purposes of voting to accept or reject the Plan. The Voting Amount shown in Item 1 of this Ballot reflects the temporarily allowed amount of your General Unsecured Claim. If you wish to challenge the temporary allowance of your Claim (including amount and classification), you must file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing your Claim in a different amount or classification and serve that motion in accordance with the Disclosure Statement Order so that it is received by the Notice Parties on or before **August 4, 2026 at 4:00 p.m. (prevailing Eastern Time)**;

    c.  In the boxes provided in Item 2 of this Ballot, indicate **either** acceptance or rejection of the Plan by checking the appropriate box;

    d.  You may irrevocably elect to receive the treatment for Class 5 with respect to your Class 4 General Unsecured Claim and to have your Class 4 Claim reduced to $10,000 (such election, the "Convenience Class Election") by checking the box in Item 3 of this Ballot. By making the Convenience Class Election, the aggregate amount of your Class 4 Claim for Distribution purposes will be irrevocably reduced to the lesser of $10,000 or the Allowed Amount of such Claim and your Claim will be entitled to the Class 5 treatment;

    e.  Review and sign the acknowledgements in Item 6 of this Ballot. Please be sure to sign and date your Ballot. Your original signature is required for your vote to be counted or, if a Ballot submitted by Electronic Means, it must contain an acceptable electronic signature. If you are completing this Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing. If the General Unsecured Claim is held by an entity, the Ballot must be executed in the name of that entity by an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot; and

f. **Return your Ballot (whether by Paper Ballot or Electronic Means) so it is *received* by the Notice and Claims Agent on or before the Voting Deadline approved by the Bankruptcy Court, <u>August 18, 2026 at 4:00 p.m. (prevailing Eastern Time)</u>.  If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked before the Voting Deadline), except in the Debtors' discretion.**  If neither the "accept" nor "reject" box in Item 2 is checked or if both boxes are checked for an otherwise properly completed, executed, and timely returned Ballot, that Ballot will not be counted.

2. You must vote all your Claims within a single Class either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and those Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3. This Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or an Equity Interest.

4. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest-dated, valid, timely received, properly executed Ballot will supersede any prior Ballots.  However, inconsistent, duplicate Ballots, simultaneously received by the Notice and Claims Agent, with respect to the same Claim, will not be counted.

5. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6. THE NOTICE AND CLAIMS AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

7. IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT BY EMAIL (LUGANOINQUIRIES@OMNIAGNT.COM), OR BY TELEPHONE AT (888) 902-1791 (US & CANADA TOLL FREE) or +1 (747) 226-5603 (INTERNATIONAL).

8. CONTACT YOUR OWN LEGAL COUNSEL FOR LEGAL ADVICE.  DO NOT CONTACT THE NOTICE AND CLAIMS AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE NOTICE AND CLAIMS AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

<u>**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE PLAN**</u>

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY AFFECT YOUR RIGHTS.

YOU MAY OPT-OUT OF THE RELEASE OF NON-DEBTOR PARTIES SET FORTH IN SECTION 11.09 OF THE PLAN (BUT NOT ANY OTHER RELEASE, INJUNCTION, OR EXCULPATION) BY MAKING THE OPT-OUT ELECTION IN ITEM 3.

Section 11.06 of the Plan contains the following injunction provision:

**Injunctions.**

(a)    **From and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtors (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against, or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), along with their respective present or former employees, agents, officers, directors, principals, and Affiliates are permanently enjoined, solely with respect to any Claims dealt with under the Plan, Equity Interests dealt with under the Plan, and Causes of Action dealt with under the Plan, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust, or the property of any of the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Released Parties, the Liquidation**

3

**Trustee or the Liquidation Trust; or the property of any of the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust, or the property of any of the Debtors, the Released Parties, Liquidation Trustee or the Liquidation Trust; (iv) asserting setoff, unless such setoff was formally asserted in a timely Filed proof of Claim or in a document Filed with the Bankruptcy Court prior to entry of the Confirmation Order, or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; *provided*, *however*, notwithstanding anything to the contrary in the Plan, the injunction set forth in Section 11.06 of the Plan does not apply to any action taken by one CODI Party against another CODI Party.**

**(b)    As of the Effective Date, all Persons are precluded and barred from asserting against any property to be Distributed under the Plan any Causes of Action, Equity Interests, or other action or remedy based on any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.**

**(c)    Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Equity Interests, and other parties in interest, along with their Related Parties, are enjoined from taking any actions to interfere with the implementation or substantial consummation of the Plan by the Debtors, the Liquidation Trustee, or their respective Related Parties.**

**(d)    By accepting Distributions pursuant to the Plan, each Holder of an Allowed Claim is deemed to have specifically consented to the Injunctions set forth in Section 11.06 of the Plan.**

As defined in Article I.127 of the Plan:

**Released Parties. Each of: (a) the Debtors and each of the Estates and any of their subsidiaries and retained Professionals and Ordinary Course Professionals and their following directors and officers: (i) Frederic Cumenal; (ii) David Arnold; (iii) L. Spencer Wells (including as a member of the Special Committee); (iv) Thomas FitzGerald (including as a member of the Special Committee); (v) Stuart Winston; (vi) Lisa Calvert; and (vii) Christoph Pachler; (b) the Creditors' Committee and its individual members solely in their capacities as members of the Creditors' Committee, together with all their retained Professionals, agents, and other representatives of the Creditors' Committee and its members solely in their capacities with respect to service on or representation of the Creditors' Committee; (c) the CODI Parties and each of their Related Parties; *provided* that no Excluded Party is a Released Party.**

Section 11.07 of the Plan contains the following exculpation provision:

**Exculpation. Except as otherwise specifically provided in the Plan, no Exculpated Party has or has incurred, and each Exculpated Party is exculpated from any Causes of Action for any Claim related to any act or omission taking place between the Petition Date and the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Confirmation Order, the Liquidation Trust Agreement, the CODI Settlement Agreement, the Plan Support Agreement, or any agreement or document (including providing any legal opinion requested by any entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the CODI Settlement Agreement, the Plan Support Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the administration and implementation of the Plan or these Chapter 11 Cases, or the Distribution of property under the Plan or any other related agreement, except for Claims related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects all Exculpated Parties are entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

As defined in Article I.70 of the Plan:

4

**Exculpated Parties: Collectively, (a) the Debtors, (b) the Creditors' Committee, and each of its members solely in the member's capacity as such; (c) Thomas FitzGerald, (d) L. Spencer Wells, and (e) each of the preceding's respective Related Parties serving in such capacities after the Petition Date; *provided* that no Ferder Affiliated Party is an Exculpated Party.**

Section 11.09 of the Plan contains the following release:

**Releases by Holders of Claims. Except as otherwise expressly set forth in the Plan or the Confirmation Order—and except to the extent a Holder of a Claim makes an Opt-Out Election—on and after the Effective Date, and with respect to all other Releasing Parties, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that such entity would have been legally entitled to assert in their own right (whether individually, derivatively, or collectively) or on behalf of the Holder of any Claim or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation of the Debtors), the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents associated with or related to the DIP Order and Cash Collateral Order, the Plan (including the plan supplement(s)), the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement), or any aspect of the associated transactions, including any contract, instrument, release, or other agreement or document (including any legal opinion requested by any entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, the Disclosure Statement, the DIP Order and Cash Collateral Order documents, the Plan, the plan supplement(s), before or during the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence of such Person. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or entity under the Plan, the Confirmation Order, the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, or any document, instrument, or agreement (including those set forth in the plan supplement) executed to implement the Plan or any Claim or obligation arising under the Plan; (ii) any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits judgments, damages, debts, rights, remedies, and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that a CODI Party would have been legally entitled to assert in its own right (whether individually, derivatively, or collectively) against another CODI Party or any of their officers, directors, members, managers, trustees, or employees; or (iii) Allowed Claims solely against the Debtors.**

As defined in Article I.128 of the Plan:

**Releasing Parties: Each of, and in each case in its capacity as such: (a) the Debtors and each of the Estates; (b) L. Spencer Wells and Thomas FitzGerald; (c) any successor to the Debtors or any other representative of the Estates pursuant to Bankruptcy Code § 1123(b)(3), including the Liquidation Trust; (d) all holders of**

5

**Claims, other than holders of Claims only in Classes 6 and 7, who do not make an Opt-Out Election; (e) each Released Party; and (f) each Related Party of each entity in clauses (a) – (e) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an entity in clauses (a) – (e);** *provided* **that, in each case, an entity is not a Releasing Party if it makes an Opt-Out Election;** *provided* **further that no Excluded Party is a Releasing Party.**

Section 11.10 of the Plan contains the following injunction:

**Terms of Injunctions or Stays. Without affecting the injunctions contained in Section 11.06 of the Plan, the exculpations contained in Section 11.07 of the Plan, and the releases contained in Section 11.08 of the Plan, all injunctions or stays provided for in these Chapter 11 Cases pursuant to Bankruptcy Code §§ 105 or 362, or otherwise, in existence on the Confirmation Date remain in full force and effect until the Chapter 11 Cases are closed.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

### NOTICE REGARDING CONTRIBUTION

The Plan provides[*] that a general unsecured creditor who believes in good faith that it has a legal claim against Grant Thornton LLP or any of its affiliates ("GT"), in connection with GT's acting as auditor for Lugano, may contribute and assign that claim to the liquidation trust that the Plan will establish to generate returns to creditors (the "Liquidation Trust"). Contributing and assigning your claim to the Liquidation Trust: (a) allows the Liquidation Trust to pool your claim with others' claims (including Lugano's) for purposes of prosecuting all claims together, at no direct monetary cost to you, and potentially obtaining a larger recovery from GT that would be distributed pro rata to all of Lugano's creditors; (b) irrevocably and permanently gives up your personal claim against GT, preventing you from separately pursuing that claim in any forum in the future; and (c) entitles you to receive an enhancement of any eventual distributions from the Liquidation Trust.

The purpose of the contribution election is to provide you with an opportunity to contribute and assign your claim against GT to the Liquidation Trust. You are under no obligation to contribute and assign your claim. If you do not contribute and assign your claim, nothing in the Plan will affect your rights to pursue your claim against GT in any appropriate forum. **You may contribute and assign your claim against GT no matter whether you are entitled to vote on the Plan and no matter if or how you vote on the Plan.** Voting to accept the plan does not automatically contribute your claim against GT to the Liquidation Trust.

You may receive a Claim Contribution Form, which also will provide you with an opportunity to contribute and assign your claim to the Liquidation Trust. If you receive such Claim Contribution Form, you may elect to contribute and assign your claim on such form.

**However, regardless of method, you must elect to contribute and assign your claim by the Voting Deadline, or your claim will be excluded from any action commenced by the Liquidation Trust.** If you make more than one election to contribute and assign your claim to the Liquidation Trust prior to the Voting Deadline, the latest-dated, valid, timely received, properly executed document (*i.e.*, a Claim Contribution Form or Ballot) will supersede any prior document. However, inconsistent, duplicate elections (whether on a Claim Contribution Form and a Ballot or

---

[*] You should consult the Plan for precise language concerning contributing your claim to the Liquidation Trust. You should also consult with your legal counsel regarding the effects of contributing your claim.

6

7

multiple Claim Contribution Forms or Ballots), simultaneously received by the Notice and Claims Agent, will not be considered valid.

**If you wish to contribute and assign your claim against GT to the Liquidation Trust, you must attest under penalty of perjury, that you have a colorable claim supportable by evidence, against GT and wish to irrevocably and permanently contribute and assign that claim to the Liquidation Trust.**

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE), 4 (IF APPLICABLE), 5 (IF APPLICABLE) AND 6.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Voting Amount.**  The undersigned certifies that, as of July 14, 2026, the undersigned was a Holder of a Class 4 General Unsecured Claim in the amount, for voting purposes, set forth below:

Voting Amount (in U.S. Dollars): $ _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the General Unsecured Claim identified in Item 1 hereby votes to (check **one** box only):

☐  **Accept** the Plan                                                         ☐  **Reject** the Plan

**Item 3. Convenience Class Election**.  A Holder of a Class 4 General Unsecured Claim may irrevocably elect to receive the treatment for Class 5 with respect to its Class 4 General Unsecured Claim and to have its Class 4 Claim reduced to $10,000 (such election, the "Convenience Class Election").  By making the Convenience Class Election, the aggregate amount of the Class 4 Class for Distribution purposes will be irrevocably reduced to the lesser of $10,000 or the Allowed Amount of such Claim and your Claim will be entitled to the Class 5 treatment (Cash in the amount of 50% of the Allowed Claim).

☐          The undersigned elects to reduce its Claim to $10,000 and to receive the treatment for Class 5 (Convenience Class Claims).

**Item 4.  Opt-Out Election.  Important Information Regarding Releases by Holders of Claims**

**The Plan contains of series of releases, exculpations, and injunctions.**  More information on the releases, exculpations, and injunctions can be found in the "**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE PLAN**" section of the Voting Instructions.  Please review carefully the Voting Instructions before making the election in this Item 4.

The undersigned Holder of the General Unsecured Claim identified in Item 1 elects to (optional):

☐          **I elect to not grant (and therefore OPT OUT of the Third Party Release) contained in Section 11.09 of the Plan.**

**Item 5.  Contribution Election.  Important Information Regarding the Contribution of the Contributed Claim**

**The Plan permits Holders of General Unsecured Claims to contribute and assign their Claims and Causes of Action against GT to the Liquidation Trust in exchange for an additional recovery.**  More information on the contribution and assignment can be found in the "**NOTICE REGARDING CONTRIBUTION**" section of the Voting Instructions.  Please review carefully the Voting Instructions before making the election in this Item 5.

If you wish to use this Ballot to contribute and assign your claim against GT to the Liquidation Trust, please complete the following information, which includes an attestation under penalty of perjury:

☐          Under penalty of perjury, I attest that I have a colorable claim supportable by evidence against GT and wish to irrevocably and permanently contribute and assign that claim to the Liquidation Trust.

**For the avoidance of doubt, this election is only valid if you sign this Ballot in Item 6, and by signing, the undersigned is making the following attestation:  Under penalty of perjury, I attest that I have a colorable claim**

**supportable by evidence, against GT and wish to irrevocably and permanently contribute and assign that claim to the Liquidation Trust.**

**Item 6.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted for voting purposes.

 

| | |
|---|---|
| Name of Creditor | Telephone Number |
| Signature | Email Address |
| If by Authorized Agent, Name and Title | |
| Name of Institution | Date Completed |
| Street Address | |
| City, State, Zip Code | |

2

## EXHIBIT 1C

**Form of Class 5 (Convenience Class Claims) Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al*.,[1] | Case No. 25-12055 (BLS) |
| | (Jointly Administered) |
| Debtors. | |

**CLASS 5 (CONVENIENCE CLASS CLAIMS) BALLOT FOR
VOTING TO ACCEPT OR REJECT THE CHAPTER 11 PLAN OF LIQUIDATION
OF LUGANO DIAMONDS & JEWELRY INC. AND ITS AFFILIATED DEBTORS**

---

**PLEASE READ AND FOLLOW THE INSTRUCTIONS FOR
COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT**

**TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO
BE ACTUALLY RECEIVED BY OMNI AGENT SOLUTIONS, INC. BY THE VOTING DEADLINE OF
AUGUST 18, 2026 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

---

This ballot (this "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit your vote to accept or reject the *Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket No. [●]] filed by the Debtors (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Plan").[2]  The Plan, Disclosure Statement, and the Disclosure Statement Order may be accessed using the QR Code (located below) and may also be obtained free of charge on the dedicated webpage of Omni Agent Solutions, Inc. (the "Notice and Claims Agent") at https://omniagentsolutions.com/Lugano or upon request to the Notice and Claims Agent by (a) telephone at (888) 902-1791 (US & Canada toll free) or +1 (747) 226-5603 (International), or (b) email at LuganoInquiries@omniagnt.com.[3]

You are receiving this Ballot because you are a Holder of a Class 5 Convenience Class Claim as of July 14, 2026. Accordingly, you have a right to vote to accept or reject the Plan.

The Plan can be confirmed by the Bankruptcy Court and made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each Impaired Class who vote on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Disclosure Statement or Plan, as applicable.

[3]    Copies of the Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

### <u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

1. For your vote to count, you must:

   a. Submit your Ballot by <u>either</u>:

      i. Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") by mail, overnight courier, or hand delivery, so that it is *received* by **August 18, 2026 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline")** at the following address:  Lugano Diamonds & Jewelry Inc., Ballot Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; **OR**

      ii. **Uploading it to the Notice and Claims Agent's dedicated portal for uploading Ballots (the "Electronic Means") no later than the Voting Deadline.**

> **ANY FAILURE TO FOLLOW THE VOTING INSTRUCTIONS INCLUDED WITH THE BALLOT MAY DISQUALIFY YOUR BALLOT AND YOUR VOTE. BALLOTS CAST BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION, OTHER THAN THROUGH THE BALLOTING SUBMISSION PORTAL, WILL NOT BE COUNTED. SUBMIT YOUR BALLOT VIA THE NOTICE AND CLAIMS AGENT'S ELECTRONIC BALLOTING SUBMISSION PORTAL, BY VISITING HTTPS://OMNIAGENTSOLUTIONS.COM/LUGANO-BALLOTS, AND FOLLOWING THE INSTRUCTIONS TO SUBMIT YOUR BALLOT.**

   *<u>ACCESS TO THE PLAN AND DISCLOSURE STATEMENT</u>*:  **THE PLAN AND DISCLOSURE STATEMENT MAY BE ACCESSED, FREE OF CHARGE, AT: https://omniagentsolutions.com/Lugano-Ballots, or by using the following QR Code:**



   b. The Bankruptcy Court approved certain tabulation procedures and temporarily allowed claims solely for purposes of voting to accept or reject the Plan.  The Voting Amount shown in Item 1 of this Ballot reflects the temporarily allowed amount of your Convenience Class Claim.  If you wish to challenge the temporary allowance of your Claim (including amount and classification), you must file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing your Claim in a different amount or classification and serve that motion in accordance with the Disclosure Statement Order so that it is received by the Notice Parties on or before **August 4, 2026 at 4:00 p.m. (prevailing Eastern Time)**;

   c. In the boxes provided in Item 2 of this Ballot, indicate **either** acceptance or rejection of the Plan by checking the appropriate box;

   d. Review and sign the acknowledgements in Item 4 of this Ballot.  Please be sure to sign and date your Ballot. Your original signature is required for your vote to be counted or, if a Ballot submitted by Electronic Means, it must contain an acceptable electronic signature.  If you are completing this Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing.  If the Convenience Class Claim is held by an entity, the Ballot must be executed in the name of that entity by an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot; and

   e. **Return your Ballot (whether by Paper Ballot or Electronic Means) so it is *received* by the Notice and Claims Agent on or before the Voting Deadline approved by the Bankruptcy Court, <u>August 18, 2026 at 4:00 p.m. (prevailing Eastern Time)</u>**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked before the Voting Deadline), except in the Debtors' discretion.  If neither the "accept" nor "reject" box in Item 2 is checked or if both boxes are checked for an otherwise properly completed, executed, and timely returned Ballot, Ballot will not be counted.

2.   You must vote all your Claims within a single Class either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and those Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.   This Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or an Equity Interest.

**4.**   If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest-dated, valid, timely received, properly executed Ballot will supersede any prior Ballots.  However, inconsistent, duplicate Ballots, simultaneously received by the Notice and Claims Agent, with respect to the same Claim, will not be counted.

5.   NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.   THE NOTICE AND CLAIMS AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

7.   IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT BY EMAIL (LUGANOINQUIRIES@OMNIAGNT.COM), OR BY TELEPHONE AT (888) 902-1791 (US & CANADA TOLL FREE) or +1 (747) 226-5603 (INTERNATIONAL).

8.   CONTACT YOUR OWN LEGAL COUNSEL FOR LEGAL ADVICE.  DO NOT CONTACT THE NOTICE AND CLAIMS AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE NOTICE AND CLAIMS AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

<u>**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE PLAN**</u>

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY AFFECT YOUR RIGHTS.

YOU MAY OPT-OUT OF THE RELEASE OF NON-DEBTOR PARTIES SET FORTH IN SECTION 11.09 OF THE PLAN (BUT NOT ANY OTHER RELEASE, INJUNCTION, OR EXCULPATION) BY MAKING THE OPT-OUT ELECTION IN ITEM 3.

Section 11.06 of the Plan contains the following injunction provision:

**<u>Injunctions.</u>**

**(a)      From and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtors (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against, or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), along with their respective present or former employees, agents, officers, directors, principals, and Affiliates are permanently enjoined, solely with respect to any Claims dealt with under the Plan, Equity Interests dealt with under the Plan, and Causes of Action dealt with under the Plan, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust, or the property of any of the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; or the property of any of the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust, or the property of any of the Debtors, the Released Parties, Liquidation Trustee or the Liquidation Trust; (iv) asserting setoff, unless such setoff was formally asserted in a timely Filed proof of Claim or in a document Filed with the Bankruptcy Court prior to entry of the Confirmation Order, or right of**

3

subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; *provided*, *however*, notwithstanding anything to the contrary in the Plan, the injunction set forth in Section 11.06 of the Plan does not apply to any action taken by one CODI Party against another CODI Party.

(b)       As of the Effective Date, all Persons are precluded and barred from asserting against any property to be Distributed under the Plan any Causes of Action, Equity Interests, or other action or remedy based on any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

(c)       Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Equity Interests, and other parties in interest, along with their Related Parties, are enjoined from taking any actions to interfere with the implementation or substantial consummation of the Plan by the Debtors, the Liquidation Trustee, or their respective Related Parties.

(d)       By accepting Distributions pursuant to the Plan, each Holder of an Allowed Claim is deemed to have specifically consented to the Injunctions set forth in Section 11.06 of the Plan.

As defined in Article I.127 of the Plan:

<u>Released Parties.</u> **Each of: (a) the Debtors and each of the Estates and any of their subsidiaries and retained Professionals and Ordinary Course Professionals and their following directors and officers: (i) Frederic Cumenal; (ii) David Arnold; (iii) L. Spencer Wells (including as a member of the Special Committee); (iv) Thomas FitzGerald (including as a member of the Special Committee); (v) Stuart Winston; (vi) Lisa Calvert; and (vii) Christoph Pachler; (b) the Creditors' Committee and its individual members solely in their capacities as members of the Creditors' Committee, together with all their retained Professionals, agents, and other representatives of the Creditors' Committee and its members solely in their capacities with respect to service on or representation of the Creditors' Committee; (c) the CODI Parties and each of their Related Parties; *provided* that no Excluded Party is a Released Party.**

Section 11.07 of the Plan contains the following exculpation provision:

<u>Exculpation</u>. **Except as otherwise specifically provided in the Plan, no Exculpated Party has or has incurred, and each Exculpated Party is exculpated from any Causes of Action for any Claim related to any act or omission taking place between the Petition Date and the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Confirmation Order, the Liquidation Trust Agreement, the CODI Settlement Agreement, the Plan Support Agreement, or any agreement or document (including providing any legal opinion requested by any entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the CODI Settlement Agreement, the Plan Support Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the administration and implementation of the Plan or these Chapter 11 Cases, or the Distribution of property under the Plan or any other related agreement, except for Claims related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects all Exculpated Parties are entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

As defined in Article I.70 of the Plan:

<u>Exculpated Parties</u>: **Collectively, (a) the Debtors, (b) the Creditors' Committee, and each of its members solely in the member's capacity as such; (c) Thomas FitzGerald, (d) L. Spencer Wells, and (e) each of the preceding's respective Related Parties serving in such capacities after the Petition Date; *provided* that no Ferder Affiliated Party is an Exculpated Party.**

Section 11.09 of the Plan contains the following release:

**Releases by Holders of Claims. Except as otherwise expressly set forth in the Plan or the Confirmation Order— and except to the extent a Holder of a Claim makes an Opt-Out Election—on and after the Effective Date, and with respect to all other Releasing Parties, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that such entity would have been legally entitled to assert in their own right (whether individually, derivatively, or collectively) or on behalf of the Holder of any Claim or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation of the Debtors), the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents associated with or related to the DIP Order and Cash Collateral Order, the Plan (including the plan supplement(s)), the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement), or any aspect of the associated transactions, including any contract, instrument, release, or other agreement or document (including any legal opinion requested by any entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, the Disclosure Statement, the DIP Order and Cash Collateral Order documents, the Plan, the plan supplement(s), before or during the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence of such Person. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or entity under the Plan, the Confirmation Order, the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, or any document, instrument, or agreement (including those set forth in the plan supplement) executed to implement the Plan or any Claim or obligation arising under the Plan; (ii) any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits judgments, damages, debts, rights, remedies, and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that a CODI Party would have been legally entitled to assert in its own right (whether individually, derivatively, or collectively) against another CODI Party or any of their officers, directors, members, managers, trustees, or employees; or (iii) Allowed Claims solely against the Debtors.**

As defined in Article I.128 of the Plan:

**Releasing Parties: Each of, and in each case in its capacity as such: (a) the Debtors and each of the Estates; (b) L. Spencer Wells and Thomas FitzGerald; (c) any successor to the Debtors or any other representative of the Estates pursuant to Bankruptcy Code § 1123(b)(3), including the Liquidation Trust; (d) all holders of Claims, other than holders of Claims only in Classes 6 and 7, who do not make an Opt-Out Election; (e) each Released Party; and (f) each Related Party of each entity in clauses (a) – (e) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an entity in clauses (a) – (e); *provided* that, in each case, an entity is not a Releasing Party if it makes an Opt-Out Election; *provided* further that no Excluded Party is a Releasing Party.**

5

Section 11.10 of the Plan contains the following injunction:

**Terms of Injunctions or Stays. Without affecting the injunctions contained in Section 11.06 of the Plan, the exculpations contained in Section 11.07 of the Plan, and the releases contained in Section 11.08 of the Plan, all injunctions or stays provided for in these Chapter 11 Cases pursuant to Bankruptcy Code §§ 105 or 362, or otherwise, in existence on the Confirmation Date remain in full force and effect until the Chapter 11 Cases are closed.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE), AND 4.  IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Voting Amount.**  The undersigned certifies that, as of [●], 2026, the undersigned was a Holder of a Class 5
Convenience Class Claim in the amount, for voting purposes, set forth below:

Voting Amount (in U.S. Dollars): $ _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Convenience Class Claim identified in Item 1 hereby votes to
(check **one** box only):

☐ **Accept** the Plan                                              ☐ **Reject** the Plan

**Item 3.  Opt-Out Election.  Important Information Regarding Releases by Holders of Claims**

**The Plan contains of series of releases, exculpations, and injunctions.**  More information on the releases,
exculpations, and injunctions can be found in the "**NOTICE REGARDING CERTAIN RELEASE,
INJUNCTION, AND EXCULPATION PROVISIONS IN THE PLAN"** section of the Voting Instructions.  Please
review carefully the Voting Instructions before making the election in this Item 4.

The undersigned Holder of the CODI Claim identified in Item 1 elects to (optional):

☐ **I elect to not grant (and therefore OPT OUT of the Third Party Release) contained in Section 11.09 of the
Plan.**

**Item 4.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on
obtaining the Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or
has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands
that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or
rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted for voting purposes.

_____          _____
Name of Creditor                                                    Telephone Number

_____          _____
Signature                                                              Email Address

_____
If by Authorized Agent, Name and Title

_____          _____
Name of Institution                                                Date Completed

_____
Street Address

_____
City, State, Zip Code

## EXHIBIT 2

**Combined Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC.,<br>*et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. __** |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT**
**ON AN INTERIM BASIS; AND (II) THE HEARING TO CONSIDER (A) FINAL**
**APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE**
**INFORMATION AND (B) CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     On November 16, 2025 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.     On June 24, 2026, the Debtors filed (a) the *Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket. No. [●]] (as may be amended, modified, or supplemented from time to time, the "Plan") [2] and (b) the *Disclosure Statement for Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket. No. [●]] (as the same may be amended or modified, the "Disclosure Statement").

**I.     APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS**

3.     On July [●], 2026, the Court entered an order (the "Interim Disclosure Statement Order"), which, among other things, approved the Disclosure Statement on an interim basis for solicitation purposes only.

---

[1]     The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308).  The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement or the Plan, as applicable.

4. **Copies of the Disclosure Statement, the Plan, the Interim Disclosure Statement Order, and all other documents filed in these Chapter 11 Cases may be obtained and reviewed without charge at: (i) https://omniagentsolutions.com/Lugano; (ii) by using the QR Code below; or (iii) upon request to the Debtors' claim and voting agent, Omni Agent Solutions, Inc., by (a) telephone at (888) 902-1791 (US & Canada toll free) or +1 (747) 226-5603 (International), or (b) email at LuganoInquiries@omniagnt.com.**



## II. THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN

5. **Combined Confirmation Hearing**. A hearing (the "Combined Confirmation Hearing") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801, on **August 31, 2026, at 11:00 a.m. (prevailing Eastern Time)**. The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation Hearing or any continued hearing or as indicated in any notice or agenda filed with the Court on the docket in these Chapter 11 Cases. The Plan may be modified, if necessary, prior to, during, or as a result of the Combined Confirmation Hearing.

6. **Voting Deadline**. Only Holders of Claims in Class 3 (CODI Claim), Class 4 (General Unsecured Claims), and Class 5 (Convenience Class Claims) are entitled to vote to accept or reject the Plan. The deadline for the submission of such votes is **August 18, 2026, at 4:00 p.m. (prevailing Eastern Time)**.

7. **Parties Not Entitled to Vote**. Holders of Unimpaired Claims in Class 1 (Other Secured Claims) and Class 2 (Priority Claims) are presumed to accept the Plan. Holders of Impaired Claims in Class 6 (Intercompany Claims), Subordinated Claims (Class 7) and Equity Interests in Class 8 (Equity Interests) will receive no distribution under the Plan on account of such Claims or Equity Interests and are deemed to reject the Plan. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, Priority Tax Claims, and DIP Claims, as described in the Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Plan. The respective treatment of such unclassified Claims is set forth in Section 3.01 of the Plan.

8. **Temporary Allowance of Claims for Voting Purposes and Tabulation Procedures.** Pursuant to the Disclosure Statement Order, the Bankruptcy Court approved certain tabulation procedures and temporarily allowed claims solely for purposes of voting to accept or reject the Plan. If you wish to challenge the temporary allowance of your Claim (including amount

2

and classification), you must file a motion pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure for an order temporarily allowing your Claim in a different or amount or classification and serve such motion on the Notice Parties identified below so that it is received on or before **August 4,  2026, at 4:00 p.m. (prevailing Eastern Time)**.

9.      **Executory Contracts and Unexpired Leases**.  On the Effective Date all executory contracts and unexpired leases of the Debtors shall be rejected except for (i) executory contracts and unexpired leases that have been previously assumed or rejected by the Debtors; (ii) executory contracts and unexpired leases that are set forth in the Schedule of Assumed Agreements; and (iii) Insurance Contracts that are to be assumed and assigned to the Liquidation Trust in accordance with Section 6.01(e) of the Plan.  The Confirmation Order will constitute a Bankruptcy Court order approving the rejection, on the Effective Date, of the executory contracts and unexpired leases to be rejected under the Plan.

10.      **Objections to Confirmation.**  Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington,

11.      Delaware 19801 and served on the Notice Parties so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on August 18, 2026**.  The "Notice Parties" are: (a) the Debtors, Attn:  J. Michael Issa (missa@glassratner.com); (b) counsel for the Debtors, (i) Keller Benvenutti Kim LLP, Attn:  Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Scott J. Friedman, Esq. (sfriedman@kbkllp.com); and (ii) Young Conaway Stargatt & Taylor, LLP, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com), Sean M. Beach, Esq. (sbeach@ycst.com), and Shella Borovinskaya, Esq. (sborovinskaya@ycst.com); (c) counsel to Compass Group Diversified Holdings LLC, the Debtors' prepetition secured lender and postpetition secured lender, (i) Squire Patton Boggs (US) LLP, Attn:  Stephen D. Lerner (stephen.lerner@squirepb.com), Peter R. Morrison, Esq. (peter.morrison@squirepb.com) and Jeffrey N. Rothleder (jeffrey.rothleder@squirepb.com); and (ii) Bayard, P.A., as Delaware counsel, Attn:  Erika F. Johnson, Esq. (ejohnson@bayardlaw.com); (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn:  Benjamin A. Hackman, Esq. (Benjamin.a.hackman@usdoj.gov); and (e) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn:  James E. O'Neill, Esq. (joneill@pszjlaw.com), Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com), John A. Morris, Esq. (jmorris@pszjlaw.com), and Jordan A. Kroop, Esq. (jkroop@pszjlaw.com)  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

12. **Releases, Injunction, and Exculpation.**

**PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY AFFECT YOUR RIGHTS, INCLUDING AS SET FORTH BELOW:**

**YOU MAY OPT-OUT OF THE RELEASE OF NON-DEBTOR PARTIES SET FORTH IN SECTION 11.09 OF THE PLAN (BUT NOT ANY OTHER RELEASE, INJUNCTION, OR**

**EXCULPATION) BY MAKING THE OPT-OUT ELECTION ON THE OPT-OUT ELECTION FORM OR ON YOUR BALLOT. IF YOU NEED AN OPT-OUT FORM, YOU MAY OBTAIN ONE AS PROVIDED IN PARAGRAPH 4.**

Section 11.06 of the Plan contains the following injunction provision:

**Injunctions.**

**(a)** From and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtors (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against, or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), along with their respective present or former employees, agents, officers, directors, principals, and Affiliates are permanently enjoined, solely with respect to any Claims dealt with under the Plan, Equity Interests dealt with under the Plan, and Causes of Action dealt with under the Plan, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust, or the property of any of the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; or the property of any of the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust, or the property of any of the Debtors, the Released Parties, Liquidation Trustee or the Liquidation Trust; (iv) asserting setoff, unless such setoff was formally asserted in a timely Filed proof of Claim or in a document Filed with the Bankruptcy Court prior to entry of the Confirmation Order, or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; *provided*, *however*, notwithstanding anything to the contrary in the Plan, the injunction set forth in Section 11.06 of the Plan does not apply to any action taken by one CODI Party against another CODI Party.

**(b)** As of the Effective Date, all Persons are precluded and barred from asserting against any property to be Distributed under the Plan any Causes of Action, Equity Interests, or other action or remedy based on any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

**(c)** Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Equity Interests, and other parties in interest, along with their Related Parties, are enjoined from taking any actions to interfere with the implementation or substantial consummation of the Plan by the Debtors, the Liquidation Trustee, or their respective Related Parties.

4

(d)    **By accepting Distributions pursuant to the Plan, each Holder of an Allowed Claim is deemed to have specifically consented to the Injunctions set forth in Section 11.06 of the Plan.**

As defined in Article I.127 of the Plan:

**Released Parties.** **Each of: (a) the Debtors and each of the Estates and any of their subsidiaries and retained Professionals and Ordinary Course Professionals and their following directors and officers: (i) Frederic Cumenal; (ii) David Arnold; (iii) L. Spencer Wells (including as a member of the Special Committee); (iv) Thomas FitzGerald (including as a member of the Special Committee); (v) Stuart Winston; (vi) Lisa Calvert; and (vii) Christoph Pachler; (b) the Creditors' Committee and its individual members solely in their capacities as members of the Creditors' Committee, together with all their retained Professionals, agents, and other representatives of the Creditors' Committee and its members solely in their capacities with respect to service on or representation of the Creditors' Committee; (c) the CODI Parties and each of their Related Parties; *provided* that no Excluded Party is a Released Party.**

Section 11.07 of the Plan contains the following exculpation provision:

**Exculpation.** **Except as otherwise specifically provided in the Plan, no Exculpated Party has or has incurred, and each Exculpated Party is exculpated from any Causes of Action for any Claim related to any act or omission taking place between the Petition Date and the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Confirmation Order, the Liquidation Trust Agreement, the CODI Settlement Agreement, the Plan Support Agreement, or any agreement or document (including providing any legal opinion requested by any entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the CODI Settlement Agreement, the Plan Support Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the administration and implementation of the Plan or these Chapter 11 Cases, or the Distribution of property under the Plan or any other related agreement, except for Claims related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects all Exculpated Parties are entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

As defined in Article I.70 of the Plan:

**Exculpated Parties: Collectively, (a) the Debtors, (b) the Creditors' Committee, and each of its members solely in the member's capacity as such; (c) Thomas FitzGerald, (d) L. Spencer Wells, and (e) each of the preceding's respective Related Parties serving in such capacities after the Petition Date; *provided* that no Ferder Affiliated Party is an Exculpated Party.**

5

Section 11.09 of the Plan contains the following release:

**Releases by Holders of Claims. Except as otherwise expressly set forth in the Plan or the Confirmation Order—and except to the extent a Holder of a Claim makes an Opt-Out Election—on and after the Effective Date, and with respect to all other Releasing Parties, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that such entity would have been legally entitled to assert in their own right (whether individually, derivatively, or collectively) or on behalf of the Holder of any Claim or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation of the Debtors), the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents associated with or related to the DIP Order and Cash Collateral Order, the Plan (including the plan supplement(s)), the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement), or any aspect of the associated transactions, including any contract, instrument, release, or other agreement or document (including any legal opinion requested by any entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, the Disclosure Statement, the DIP Order and Cash Collateral Order documents, the Plan, the plan supplement(s), before or during the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence of such Person. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or entity under the Plan, the Confirmation Order, the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, or any document, instrument, or agreement (including those set forth in the plan supplement) executed to implement the Plan or any Claim or obligation arising under the Plan; (ii) any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits judgments, damages, debts, rights, remedies, and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract,**

6

**tort or otherwise, that a CODI Party would have been legally entitled to assert in its own right (whether individually, derivatively, or collectively) against another CODI Party or any of their officers, directors, members, managers, trustees, or employees; or (iii) Allowed Claims solely against the Debtors.**

As defined in Article I.128 of the Plan:

**Releasing Parties: Each of, and in each case in its capacity as such: (a) the Debtors and each of the Estates; (b) L. Spencer Wells and Thomas FitzGerald; (c) any successor to the Debtors or any other representative of the Estates pursuant to Bankruptcy Code § 1123(b)(3), including the Liquidation Trust; (d) all holders of Claims, other than holders of Claims only in Classes 6 and 7, who do not make an Opt-Out Election; (e) each Released Party; and (f) each Related Party of each entity in clauses (a) – (e) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an entity in clauses (a) – (e); *provided* that, in each case, an entity is not a Releasing Party if it makes an Opt-Out Election; *provided* further that no Excluded Party is a Releasing Party.**

Section 11.10 of the Plan contains the following injunction:

**Terms of Injunctions or Stays. Without affecting the injunctions contained in Section 11.06 of the Plan, the exculpations contained in Section 11.07 of the Plan of the Plan, and the releases contained in Section 11.08 of the Plan, all injunctions or stays provided for in these Chapter 11 Cases pursuant to Bankruptcy Code §§ 105 or 362, or otherwise, in existence on the Confirmation Date remain in full force and effect until the Chapter 11 Cases are closed.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN ARTICLE XI THEREOF, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

12.     Contribution of Contributed Claims.

The Plan provides that a general unsecured creditor who believes in good faith that it has a legal claim against Grant Thornton LLP or any of its affiliates ("GT"), in connection with GT's acting as auditor for Lugano, may contribute and assign that claim to the liquidation trust that the Plan will establish to generate returns to creditors (the "Liquidation Trust").  Contributing and assigning your claim to the Liquidation Trust: (a) allows the Liquidation Trust to pool your claim with others' claims (including Lugano's) for purposes of prosecuting all claims together, at no direct monetary cost to you, and potentially obtaining a larger recovery from GT that would be distributed pro rata to all of Lugano's creditors; (b) irrevocably and permanently gives up your personal claim against GT, preventing you from separately pursuing that claim in any forum in the future; and (c) entitles you to receive an enhancement of any eventual distributions from the Liquidation Trust.

7

You are under **no obligation** to contribute and assign your claim.  If you believe that you hold a General Unsecured Claim, you may make your election on your Ballot or on a Claim Contribution Form.

If you need a Claim Contribution Form, you may obtain one as provided in paragraph 4.

You should consult the Plan for precise language concerning contributing and assigning your claim to the Liquidation Trust.  You should also consult with your legal counsel regarding the effects of contributing and assigning your claim.

Dated: July [●], 2026
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By:_____
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Shella Borovinskaya (Del. No. 6758)
Brynna M. Gaffney (Del No. 7402)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:   (302) 571-1253
Email:  emorton@ycst.com
       sbeach@ycst.com
       sborovinskaya@ycst.com
       bgaffney@ycst.com

-and-

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (admitted *pro hac vice*)
Traci L. Shafroth (admitted *pro hac vice*)
Scott Friedman (admitted *pro hac vice*)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone:  (415) 496-6723
Facsimile:   (650) 636-9251
Email:  tkeller@kbkllp.com
       tshafroth@kbkllp.com
       sfriedman@kbkllp.com

*Attorneys for Debtors*
*and Debtors-in-Possession*

**EXHIBIT 3**

**Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al*.,[1] | Case No. 25-12055 (BLS) |
| | (Jointly Administered) |
| Debtors. | **Ref. Docket No. __** |

**NOTICE OF NON-VOTING STATUS**

**TO: ALL HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS OR EQUITY INTERESTS IN CLASSES 1, 2, 6, 7 AND 8**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On November 16, 2025 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      On June 24, 2026, the Debtors filed (a) the *Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket. No. [●]] (as may be amended, modified, or supplemented from time to time, the "Plan")[2] and (b) the *Disclosure Statement for Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket. No. [●]]  (as the same may be amended or modified, the "Disclosure Statement").

**I.      APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS**

3.      On July [●], 2026, the Court entered an order (the "Interim Disclosure Statement Order"), which, among other things, approved the Disclosure Statement on an interim basis for solicitation purposes only.

4.      **Copies of the Disclosure Statement, the Plan, the Interim Disclosure Statement Order, the Opt-Out Form, the Contribution Form, and all other documents filed in these Chapter 11 Cases may be obtained and reviewed without charge: (i) at**

---

[1]      The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308).  The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement or the Plan, as applicable.

**https://omniagentsolutions.com/Lugano; (ii) by using the QR Code below; or (iii) upon request to the Debtors' claim and voting agent, Omni Agent Solutions, Inc., by (a) telephone at (888) 902-1791 (US & Canada toll free) or +1 (747) 226-5603 (International), or (b) email at LuganoInquiries@omniagnt.com.**



**II.    THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN**

5.    **Combined Confirmation Hearing**.  A hearing (the "Combined Confirmation Hearing") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801, on **August 31, 2026, at 11:00 a.m. (prevailing Eastern Time)**.  The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation Hearing or any continued hearing or as indicated in any notice or agenda filed with the Court on the docket in these Chapter 11 Cases.  The Plan may be modified, if necessary, prior to, during, or as a result of the Combined Confirmation Hearing.

**ENTITLEMENT TO VOTE ON THE PLAN**

6.    In accordance with the terms of the Plan and the Bankruptcy Code, Administrative Claims, Priority Tax Claims, and DIP Claims (collectively, the "Unclassified Claims") are unclassified and are not entitled to vote on the Plan. Also, Holders of Claims and Interests in Classes 1 (Other Secured Claims), 2 (Priority Claims), 6 (Subordinated Claims), 7 (Intercompany Claims), and 8 (Equity Interests) under the Plan (collectively, the "Non-Voting Classes") are (a) conclusively presumed to have accepted the Plan or deemed to reject the Plan, as applicable, and (b) not entitled to vote to accept or reject the Plan, as further described below.  You are receiving this notice because you are either (i) a Holder of an Unclassified Claim and, therefore, not entitled to vote on the Plan; or (ii) a Holder of a Claim or Interest in a Non-Voting Class and, therefore are conclusively presumed to accept or deemed to reject the Plan and, therefore, are not entitled to vote on the Plan.

7.    Your rights are described more fully in the Disclosure Statement and Plan.  Copies of the Disclosure Statement, the Plan, the Interim Disclosure Statement Order, and all other documents filed in these Chapter 11 Cases may be obtained and reviewed without charge at https://omniagentsolutions.com/Lugano, or upon request to the Debtors' claim and voting agent, Omni Agent Solutions, Inc., by (i) telephone at 1 (888) 902-1791 (US & Canada toll free) or +1 (747) 226-5603 (International), or (ii) email at LuganoInquiries@omniagnt.com.

**SUMMARY OF PLAN TREATMENT OF CLAIMS AND EQUITY INTERESTS;
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

8.    **Claims and Equity Interests.**  The Plan proposes to modify the rights of certain creditors of the Debtors.  The classification of Claims and Interests under the Plan is described generally below:

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Not voting (conclusively presumed to accept) |
| 2 | Priority Claims | Unimpaired | Not voting (conclusively presumed to accept) |
| 3 | CODI Claim | Impaired | Entitled to vote |
| 4 | General Unsecured Claims | Impaired | Entitled to vote |
| 5 | Convenience Class Claims | Impaired | Entitled to vote |
| 6 | Subordinated Claims | Impaired | Not voting (deemed to reject) |
| 7 | Intercompany Claims | Impaired | Not voting (deemed to reject) |
| 8 | Equity Interests | Impaired | Not voting (deemed to reject) |

9.    **Executory Contracts and Unexpired Leases**.  On the Effective Date all executory contracts and unexpired leases of the Debtors shall be rejected except for (i) executory contracts and unexpired leases that have been previously assumed or rejected by the Debtors, (ii) executory contracts and unexpired leases that are set forth in the Schedule of Assumed Agreements, and (iii) Insurance Contracts that are to be assumed pursuant to Section 6.01(e) of the Plan.  The Confirmation Order will constitute a Bankruptcy Court order approving the rejection, on the Effective Date, of the executory contracts and unexpired leases to be rejected under the Plan.

**DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN**

10.    **Objections to Confirmation**.  Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on the Notice Parties so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on August 18, 2026**.  The "Notice Parties" are: (a) the Debtors, , Attn:  J. Michael Issa (missa@glassratner.com); (b) counsel for the Debtors, (i) Keller Benvenutti Kim LLP, Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Scott J. Friedman, Esq. (sfriedman@kbkllp.com); and (ii) Young Conaway Stargatt & Taylor, LLP, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com), Sean M. Beach, Esq. (sbeach@ycst.com), and Shella Borovinskaya, Esq. (sborovinskaya@ycst.com); (c) counsel to Compass Group Diversified Holdings LLC, the Debtors' prepetition secured lender and postpetition secured lender, (i) Squire Patton Boggs (US) LLP, Attn:  Stephen D. Lerner (stephen.lerner@squirepb.com), Peter R. Morrison, Esq. (peter.morrison@squirepb.com) and Jeffrey N. Rothleder (jeffrey.rothleder@squirepb.com);  and

(ii) Bayard, P.A., as Delaware counsel, Attn:  Erika F. Johnson, Esq. (ejohnson@bayardlaw.com); (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn:  Benjamin A. Hackman, Esq. (Benjamin.a.hackman@usdoj.gov); and (e) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn:  James E. O'Neill, Esq. (joneill@pszjlaw.com), Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com), John A. Morris, Esq. (jmorris@pszjlaw.com), and Jordan A. Kroop, Esq. (jkroop@pszjlaw.com).  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

## <u>RELEASES, INJUNCTIONS AND EXCULPATION</u>

11.      **Releases, Injunction, and Exculpation Provisions**

**PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY AFFECT YOUR RIGHTS, INCLUDING AS SET FORTH BELOW:**

**YOU MAY OPT-OUT OF THE RELEASE OF NON-DEBTOR PARTIES SET FORTH IN SECTION 11.09 OF THE PLAN (BUT NOT ANY OTHER RELEASE, INJUNCTION, OR EXCULPATION) BY MAKING THE OPT-OUT ELECTION ON THE OPT-OUT ELECTION FORM OR ON YOUR BALLOT.  IF YOU NEED AN OPT-OUT FORM, YOU MAY OBTAIN ONE AS PROVIDED IN PARAGRAPH 4.**

Section 11.06 of the Plan contains the following injunction provision:

**<u>Injunctions.</u>**

**(a)      From and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtors (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against, or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), along with their respective present or former employees, agents, officers, directors, principals, and Affiliates are permanently enjoined, solely with respect to any Claims dealt with under the Plan, Equity Interests dealt with under the Plan, and Causes of Action dealt with under the Plan, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust, or the property of any of the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; or the property of any of the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Released Parties, the Liquidation Trustee or the Liquidation Trust, or the property of any of the Debtors, the Released Parties, Liquidation Trustee or the Liquidation Trust; (iv) asserting setoff, unless such setoff was formally asserted in a timely Filed proof of Claim or in a document Filed**

with the Bankruptcy Court prior to entry of the Confirmation Order, or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; *provided*, *however*, notwithstanding anything to the contrary in the Plan, the injunction set forth in Section 11.06 of the Plan does not apply to any action taken by one CODI Party against another CODI Party.

(b)      As of the Effective Date, all Persons are precluded and barred from asserting against any property to be Distributed under the Plan any Causes of Action, Equity Interests, or other action or remedy based on any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

(c)      Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Equity Interests, and other parties in interest, along with their Related Parties, are enjoined from taking any actions to interfere with the implementation or substantial consummation of the Plan by the Debtors, the Liquidation Trustee, or their respective Related Parties.

(d)      By accepting Distributions pursuant to the Plan, each Holder of an Allowed Claim is deemed to have specifically consented to the Injunctions set forth in Section 11.06 of the Plan.

As defined in Article I.127 of the Plan:

**Released Parties. Each of: (a) the Debtors and each of the Estates and any of their subsidiaries and retained Professionals and Ordinary Course Professionals and their following directors and officers: (i) Frederic Cumenal; (ii) David Arnold; (iii) L. Spencer Wells (including as a member of the Special Committee); (iv) Thomas FitzGerald (including as a member of the Special Committee); (v) Stuart Winston; (vi) Lisa Calvert; and (vii) Christoph Pachler; (b) the Creditors' Committee and its individual members solely in their capacities as members of the Creditors' Committee, together with all their retained Professionals, agents, and other representatives of the Creditors' Committee and its members solely in their capacities with respect to service on or representation of the Creditors' Committee; (c) the CODI Parties and each of their Related Parties; *provided* that no Excluded Party is a Released Party.**

Section 11.07 of the Plan contains the following exculpation provision:

**Exculpation. Except as otherwise specifically provided in the Plan, no Exculpated Party has or has incurred, and each Exculpated Party is exculpated from any Causes of Action for any Claim related to any act or omission taking place between the Petition Date and the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Confirmation Order, the Liquidation Trust Agreement, the CODI Settlement Agreement, the Plan Support Agreement, or any agreement or document (including providing any legal opinion requested by any entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion)**

created or entered into in connection with the Disclosure Statement, the Plan, the CODI Settlement Agreement, the Plan Support Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the administration and implementation of the Plan or these Chapter 11 Cases, or the Distribution of property under the Plan or any other related agreement, except for Claims related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects all Exculpated Parties are entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

As defined in Article I.70 of the Plan:

**Exculpated Parties: Collectively, (a) the Debtors, (b) the Creditors' Committee, and each of its members solely in the member's capacity as such; (c) Thomas FitzGerald, (d) L. Spencer Wells, and (e) each of the preceding's respective Related Parties serving in such capacities after the Petition Date;** *provided* **that no Ferder Affiliated Party is an Exculpated Party.**

Section 11.09 of the Plan contains the following release:

**Releases by Holders of Claims. Except as otherwise expressly set forth in the Plan or the Confirmation Order—and except to the extent a Holder of a Claim makes an Opt-Out Election—on and after the Effective Date, and with respect to all other Releasing Parties, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that such entity would have been legally entitled to assert in their own right (whether individually, derivatively, or collectively) or on behalf of the Holder of any Claim or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation of the Debtors), the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents associated with or related to the DIP Order and Cash Collateral Order, the Plan (including the plan supplement(s)), the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement), or any aspect of the associated transactions, including any contract, instrument, release, or other agreement or document (including any legal opinion requested by any entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, the Disclosure Statement, the DIP Order and Cash Collateral Order documents, the Plan, the plan**

6

**supplement(s), before or during the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence of such Person. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or entity under the Plan, the Confirmation Order, the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, or any document, instrument, or agreement (including those set forth in the plan supplement) executed to implement the Plan or any Claim or obligation arising under the Plan; (ii) any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits judgments, damages, debts, rights, remedies, and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that a CODI Party would have been legally entitled to assert in its own right (whether individually, derivatively, or collectively) against another CODI Party or any of their officers, directors, members, managers, trustees, or employees; or (iii) Allowed Claims solely against the Debtors.**

As defined in Article I.128 of the Plan:

**Releasing Parties: Each of, and in each case in its capacity as such: (a) the Debtors and each of the Estates; (b) L. Spencer Wells and Thomas FitzGerald; (c) any successor to the Debtors or any other representative of the Estates pursuant to Bankruptcy Code § 1123(b)(3), including the Liquidation Trust; (d) all holders of Claims, other than holders of Claims only in Classes 6 and 7, who do not make an Opt-Out Election; (e) each Released Party; and (f) each Related Party of each entity in clauses (a) – (e) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an entity in clauses (a) – (e); *provided* that, in each case, an entity is not a Releasing Party if it makes an Opt-Out Election; *provided* further that no Excluded Party is a Releasing Party.**

Section 11.10 of the Plan contains the following injunction:

**Terms of Injunctions or Stays. Without affecting the injunctions contained in Section 11.06 of the Plan, the exculpations contained in Section 11.07 of the Plan of the Plan, and the releases contained in Section 11.08 of the Plan, all injunctions or stays provided for in these Chapter 11 Cases pursuant to Bankruptcy Code §§ 105 or 362, or otherwise, in existence on the Confirmation Date remain in full force and effect until the Chapter 11 Cases are closed.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE**

**RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN ARTICLE XI THEREOF, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

12.      Contribution of Contributed Claims.

The Plan provides that a general unsecured creditor who believes in good faith that it has a legal claim against Grant Thornton LLP or any of its affiliates ("GT"), in connection with GT's acting as auditor for Lugano, may contribute and assign that claim to the liquidation trust that the Plan will establish to generate returns to creditors (the "Liquidation Trust"). Contributing and assigning your claim to the Liquidation Trust: (a) allows the Liquidation Trust to pool your claim with others' claims (including Lugano's) for purposes of prosecuting all claims together, at no direct monetary cost to you, and potentially obtaining a larger recovery from GT that would be distributed pro rata to all of Lugano's creditors; (b) irrevocably and permanently gives up your personal claim against GT, preventing you from separately pursuing that claim in any forum in the future; and (c) entitles you to receive an enhancement of any eventual distributions from the Liquidation Trust.

You are under **no obligation** to contribute and assign your claim. If you believe that you hold a General Unsecured Claim, you may make your election on your Ballot or on a Claim Contribution Form.

If you need a Claim Contribution Form, you may obtain one as provided in paragraph 4.

You should consult the Plan for precise language concerning contributing and assigning your claim to the Liquidation Trust. You should also consult with your legal counsel regarding the effects of contributing and assigning your claim.

8

Dated: July [●], 2026
Wilmington, Delaware

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

By:_____
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Shella Borovinskaya (Del. No. 6758)
Brynna M. Gaffney (Del No. 7402)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:   (302) 571-1253
Email:  emorton@ycst.com
       sbeach@ycst.com
       sborovinskaya@ycst.com
       bgaffney@ycst.com

-and-

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (admitted *pro hac vice*)
Traci L. Shafroth (admitted *pro hac vice*)
Scott Friedman (admitted *pro hac vice*)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone:  (415) 496-6723
Facsimile:   (650) 636-9251
Email:  tkeller@kbkllp.com
       tshafroth@kbkllp.com
       sfriedman@kbkllp.com

*Attorneys for Debtors
and Debtors-in-Possession*

**EXHIBIT 4A**

**Opt-Out Form**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC.,<br>*et al.*,[1]<br><br>   Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered) |

## **OPT-OUT FORM**

   This form (this "<u>Opt-Out Form</u>") is for use by creditors of Lugano Diamonds & Jewelry Inc. and its affiliated debtors and debtors in possession (collectively, "<u>Lugano</u>" or the "<u>Debtors</u>"), whose chapter 11 cases are pending before the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"), to opt out of the release (the "<u>Third Party Release</u>") set forth in Section 11.09 the Debtors' chapter 11 plan of liquidation (as amended, modified, or supplemented from time to time, the "<u>Plan</u>").[2]

   On June 15, 2026, Lugano, with the support of the Official Committee of Unsecured Creditors and Lugano's principal secured creditor, filed the Plan and the Disclosure Statement with the Court.  On [●], 2026, the Court entered an order [Docket No. [●]] conditionally approving the Disclosure Statement and approving the procedures for soliciting the votes of creditors entitled to vote on the Plan.  (Some classes of creditors or equity interests are either deemed to accept the Plan without voting because their claims will be paid in full or deemed to reject the Plan without voting because they receive no distribution under the Plan.)

   You may obtain the Plan and Disclosure Statement, and additional copies of this Opt-Out Form, by downloading it from Lugano's claims and balloting agent, Omni Agent Solutions, at https://omniagentsolutions.com/Lugano or by using the QR Code below:



---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308).  The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2] Consult the Plan for all provisions concerning the effects of this Opt-Out Form and for the definition of any capitalized term used but not defined herein.  You should also consult with your own legal counsel regarding the use and effects of this Opt-Out Form.

The purpose of this Opt-Out Form is to provide you with an opportunity to **opt out** of certain releases contained in the Plan. If you opt out using this Opt-Out Form, those releases will not bind you, and any claim you may have against the third parties included in the releases will be preserved for you to pursue, if you choose, later.

If your claim is classified in a class entitled to vote on the Plan, you will receive a Ballot which will also provide you with an opportunity to opt out of these releases. **If you receive a Ballot, you must use the Ballot to opt out rather than this form.**

> **If you do not opt out of the Third Party Release by using a Ballot (if you received one), and if you do not opt out of the Third Party Release by declining or failing to complete and submit this Opt-Out Form by following the instructions at the bottom of this Opt-Out Form, the Third Party Release will bind you—meaning any claim you may have against the third parties (*i.e.*, the Released Parties) included in the releases set forth in Section 11.09 of the Plan will be forever released and you will not be able to pursue such claims in your individual capacity.**

The Plan provides that, unless a holder of a claim against Lugano properly and timely opts out pursuant to the instructions on this Opt-Out Form (or, if applicable, the Ballot), that holder forever releases all claims and liabilities against the following entities: (a) the Debtors and each of the Estates and any of their subsidiaries and retained Professionals and Ordinary Course Professionals and their following directors and officers: (i) Frederic Cumenal; (ii) David Arnold; (iii) L. Spencer Wells (including as a member of the Special Committee); (iv) Thomas FitzGerald (including as a member of the Special Committee); (v) Stuart Winston; and (vi) Lisa Calvert; and (vii) Christoph Pachler; (b) the Creditors' Committee and its individual members solely in their capacities as members of the Creditors' Committee, together with all Professionals, agents, and other representatives of the Creditors' Committee; and (c) the CODI Parties.

Section 11.09 of the Plan provides as follows: [

**Releases by Holders of Claims. Except as otherwise expressly set forth in the Plan or the Confirmation Order—and except to the extent a Holder of a Claim makes an Opt-Out Election—on and after the Effective Date, and with respect to all other Releasing Parties, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that such entity would have been legally entitled to assert in their own right (whether individually, derivatively, or collectively) or on behalf of the Holder of any Claim or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation of the Debtors), the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court**

2

restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents associated with or related to the DIP Order and Cash Collateral Order, the Plan (including the plan supplement(s)), the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement), or any aspect of the associated transactions, including any contract, instrument, release, or other agreement or document (including any legal opinion requested by any entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, the Disclosure Statement, the DIP Order and Cash Collateral Order documents, the Plan, the plan supplement(s), before or during the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence of such Person. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or entity under the Plan, the Confirmation Order, the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, or any document, instrument, or agreement (including those set forth in the plan supplement) executed to implement the Plan or any Claim or obligation arising under the Plan; (ii) any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits judgments, damages, debts, rights, remedies, and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that a CODI Party would have been legally entitled to assert in its own right (whether individually, derivatively, or collectively) against another CODI Party or any of their officers, directors, members, managers, trustees, or employees; or (iii) Allowed Claims solely against the Debtors.

As defined in Article I.127 of the Plan:

**Released Parties. Each of: (a) the Debtors and each of the Estates and any of their subsidiaries and retained Professionals and Ordinary Course Professionals and their following directors and officers: (i) Frederic Cumenal; (ii) David Arnold; (iii) L. Spencer Wells (including as a member of the Special Committee); (iv) Thomas FitzGerald (including as a member of the Special Committee); (v) Stuart Winston; (vi) Lisa Calvert; and (vii) Christoph Pachler; (b) the Creditors' Committee and its individual members solely in their capacities as members of the Creditors' Committee, together with all their retained Professionals, agents, and other representatives of the Creditors' Committee and its members solely in their capacities with respect to service on or representation of the**

3

**Creditors' Committee; (c) the CODI Parties and each of their Related Parties;** *provided* **that no Excluded Party is a Released Party.**

As defined in Article I.128 of the Plan:

<u>Releasing Parties</u>. **Each of, and in each case in its capacity as such: (a) the Debtors and each of the Estates; (b) L. Spencer Wells and Thomas FitzGerald; (c) any successor to the Debtors or any other representative of the Estates pursuant to Bankruptcy Code § 1123(b)(3), including the Liquidation Trust; (d) all holders of Claims, other than holders of Claims only in Classes 6 and 7, who do not make an Opt-Out Election; (e) each Released Party; and (f) each Related Party of each entity in clauses (a) – (e) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an entity in clauses (a) – (e);** *provided* **that, in each case, an entity is not a Releasing Party if it makes an Opt-Out Election;** *provided* **further that no Excluded Party is a Releasing Party.**

**The Opt-Out Form is only for the releases set forth in Section 11.09 of the Plan. All other releases, injunctions, and exculpations will be binding on all Persons and entities as set forth in the Plan.** You are not entitled to opt out of the releases, exculpation, or injunctions set forth in other provisions of the Plan.

**You are under no obligation to opt out of the Third Party Release.**

- **You may or may not have valid legal claims against any of the Released Parties**

- **Your ability to opt out of the Third Party Releases is separate from and does not affect whether or how you vote on the Plan**

- **If you do not opt out of the Third Party Releases, then the Third Party Releases will be binding on you no matter if or how you vote on the Plan.**

If you wish to opt out of the Third Party Release, please complete the following information:

☐    I elect to not grant (and therefore OPT OUT of the Third Party Release) contained in Section 11.09 of the Plan

_____          _____
Name of Creditor or Equity Holder                    Claim Number (if known)

_____
Address

_____          _____
City, State/Province, ZIP/postal code                  Signature

4

Name and Title: _____

For this form to be effective, you **must**:
- Complete all fields above
- Sign where indicated
- Submit the completed and signed form by First-Class US Mail, reliable overnight delivery, or hand to:

> Lugano Diamonds & Jewelry Inc., Ballot Processing
> c/o Omni Agent Solutions, Inc.
> 5955 De Soto Ave., Suite 100
> Woodland Hills, CA 91367

so that it is received by Omni Agent Solution by **4:00 p.m. (prevailing Eastern Time) on August 18, 2026**.  If you received a Ballot, you may only Opt-Out of the Third Party Releases on the Ballot.   Forms submitted via email, fax, or other electronic means are **not valid**.

Please address any questions regarding the Third Party Release, the Plan, or this form to your own legal counsel. You may address any logistical questions to the Notice and Claims Agent by (a) telephone at (888) 902-1791 (US & Canada toll free) or +1 (747) 226-5603 (International), or (b) email at LuganoInquiries@omniagnt.com.

*[Remainder of Page Intentionally Left Blank]*

5

**EXHIBIT 4B**

**Election Form**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1] | Case No. 25-12055 (BLS) |
| Debtors. | (Jointly Administered) |

### CLAIM CONTRIBUTION AND ASSIGNMENT FORM

Creditors of Lugano Diamonds & Jewelry Inc. and its affiliated debtors and debtors in possession (collectively, "Lugano" or the "Debtors"), whose chapter 11 cases are pending before the United States Bankruptcy Court for the District of Delaware (the "Court"), may complete this form (this "Claim Contribution Form") to assign and contribute their claims against Grant Thornton LLP, or any of its affiliates ("GT") in connection with GT acting as auditor for the Debtors, to the liquidation trust (the "Liquidation Trust") that will be established by the Debtors' chapter 11 plan of liquidation (the "Plan"),[2] as further described below. Only creditors who hold General Unsecured Claims are entitled to the additional consideration for making a contribution.

On June 15, 2026, Lugano, with the support of the Official Committee of Unsecured Creditors and Lugano's principal secured creditor, filed the Plan and the Disclosure Statement with the Court. On [●], 2026, the Court entered an order [Docket No. [●]] conditionally approving the Disclosure Statement and approving procedures for soliciting the vote of creditors entitled to vote on the Plan. (Some classes of creditors or equity interests are either deemed to accept the Plan without voting because their claims will be paid in full or deemed to reject the Plan without voting because they receive no distribution under the Plan.)

You may obtain the Plan and Disclosure Statement, and additional copies of this Opt-Out Form, by downloading it from Lugano's claims and balloting agent, Omni Agent Solutions (the "Notice and Claims Agent"), at https://omniagentsolutions.com/Lugano or by using the QR Code below:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]  Consult the Plan for all provisions concerning the effects of this Claim Contribution Form and for any capitalized terms used but not defined herein. You should also consult with your own legal counsel regarding the use and effects of this Claim Contribution Form, including contributing and assigning your claim to the Liquidation Trust.



The Plan provides that a creditor who believes in good faith that it has a legal claim against GT in connection with GT's acting as auditor for Lugano, may **assign and contribute that claim to the Lugano Liquidation Trust** that the Plan will establish to generate returns to creditor. Contributing and assigning your claim to the Liquidation Trust: (a) allows the Liquidation Trust to pool your claim with others' claims (including Lugano's) for purposes of prosecuting all claims together, at no direct monetary cost to you, and potentially obtaining a larger recovery from GT that would be distributed to Lugano's creditors in accordance with the Plan; (b) irrevocably and permanently gives up your personal claim against GT, preventing you from separately pursuing that claim in any forum in the future; and (c) entitles you to receive an enhancement of any eventual distributions from the Liquidation Trust.

The purpose of this Claim Contribution Form is to provide you with an opportunity to elect to contribute and assign your claim against GT to the Liquidation Trust.  You are under **no obligation** to contribute and assign your claim.  If you do not contribute and assign your claim against GT, nothing in the Plan will affect your rights to pursue your claim against GT in any appropriate forum.  **You may contribute and assign your claim against GT no matter whether you are entitled to vote on the Plan and no matter if or how you vote on the Plan.** Voting to accept the plan does **not** automatically contribute your claim against GT to the Liquidation Trust.

If your claim is classified as a General Unsecured Claim entitled to vote on the Plan, you will receive a Ballot which will also provide you with an opportunity to contribute and assign your claim. If you receive a Ballot, you may use the Ballot to contribute and assign your claim rather than this form.

However, regardless of method, you must elect to contribute and assign your claim by **4:00 p.m. (prevailing Eastern Time) on August 18, 2026,** or your claim will be excluded from any action commenced by the Liquidation Trust.  If you make more than one election to contribute and assign your claim to the Liquidation Trust prior to 4:00 p.m. (prevailing Eastern Time) on August 18, 2026, the latest-dated, valid, timely received, properly executed document (*i.e.*, a Claim Contribution Form or Ballot) will supersede any prior document.  However, inconsistent, duplicate elections (whether on a Claim Contribution Form and a Ballot or multiple Claim Contribution Forms or Ballots), simultaneously received by the Notice and Claims Agent, will not be considered valid.

If you wish to use this Claims Contribution From contribute and assign your claim against GT to the Liquidation Trust, please complete the following information, which includes an attestation under penalty of perjury:

☐   Under penalty of perjury, I attest that I have a colorable claim supportable by evidence against GT and wish to irrevocably and permanently contribute and assign that claim to the Liquidation Trust.

---

Name of Creditor

Claim Number (if known)

---

Address

---

City, State/Province, ZIP/postal code

Signature
Name and Title: _____

For this form to be effective, you **must**:

- Complete all fields above
- Sign where indicated
- Submit the completed and signed form by First-Class US Mail, reliable overnight delivery, or hand to:

> Lugano Diamonds & Jewelry Inc., Ballot Processing
> c/o Omni Agent Solutions, Inc.
> 5955 De Soto Ave., Suite 100
> Woodland Hills, CA 91367

so that it is **received** by Omni Agent Solution by 4:00 p.m. (prevailing Eastern Time) on **August 18, 2026**.  Claim Contribution Forms submitted via email, fax, or other electronic means are **not valid**.

Please address any questions regarding the Plan, or this Claim Contribution Form to your own legal counsel.  You may address any logistical questions to the Notice and Claims Agent by (a) telephone at (888) 902-1791 (US & Canada toll free) or +1 (747) 226-5603 (International), or (b) email at LuganoInquiries@omniagnt.com.

*[Remainder of Page Intentionally Left Blank]*

## **EXHIBIT 5**

### **Designated Voting Amounts and Classes for Certain Claims**

| Creditor | Claim Number (Case – Number) | Voting Amount/ Class | Change | Reason |
|---|---|---|---|---|
| Mordechai Ferder, individually and in his capacity as Trustee of The Haim Family Trust | 12055-160 | $1/(Class 4) | Reduce to $1.00 | Disputed (subject to litigation) |
| Bryan Gadol | 12055-120 | $1/(Class 4) | Reduce to $1.00 | Disputed and subject to avoidance and counterclaim |
| Darren Testa | 12055-121 | $1/(Class 4) | Reduce to $1.00 | Disputed and subject to avoidance and counterclaim |

**EXHIBIT 6**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al*.,[1] | Case No. 25-12055 (BLS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT
ON AN INTERIM BASIS; AND (II) THE HEARING TO CONSIDER (A) FINAL
APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE
INFORMATION AND (B) CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

***Conditional Approval of Disclosure Statement*.** On June 24, 2026, the Debtors filed the (a) *Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket. No. [●]] (as may be amended, modified, or supplemented from time to time, the "Plan")[2] and (b) *Disclosure Statement for Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket. No. [●]] (as the same may be amended, modified, or supplemented from time to time, the "Disclosure Statement"). On July [●], 2026, the Court entered an order (the "Interim Disclosure Statement Order"), which, among other things, approved the Disclosure Statement on an interim basis for solicitation purposes only.

***Combined Confirmation Hearing*.** A hearing (the "Combined Confirmation Hearing") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801, on **August 31, 2026 at  11:00 a.m. (prevailing Eastern Time)**. The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation Hearing or any continued hearing or as indicated in any notice or agenda filed with the Court on the docket in these Chapter 11 Cases. The Plan may be modified, if necessary, prior to, during, or as a result of the Combined Confirmation Hearing.

---

[1]   The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308).  The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

*Voting Deadline.*  All votes to accept or reject the Plan must be **actually received** by the Debtors' claims and voting agent, Omni Agent Solutions, Inc. (the "Notice and Claims Agent") by no later than **August 18, 2026, at 4:00 p.m. (Prevailing Eastern Time)**.  Any failure to follow the voting instructions included with a Ballot may disqualify the Ballot and corresponding vote.

*Executory Contracts and Unexpired Leases.*  **Please be advised that the Plan contains various provisions concerning executory contracts and unexpired leases, including the rejection or assumption thereof, that may affect your rights.**

*Releases*.  **Please be advised that the Plan contains various releases, exculpation, and injunction provisions that may affect your rights.**

*Contribution*.  **Please be advised that General Unsecured Creditors may elect to contribute and assign certain claims to the Liquidation Trust.**

**A COPY OF THE PLAN, DISCLOSURE STATEMENT, OPT-OUT FORM, CONTRIBUTION FORM, OR OTHER DOCUMENTS CAN BE FOUND BY USING THE FOLLOWING QR CODE OR AT HTTPS://OMNIAGENTSOLUTIONS.COM/LUGANO:**



**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

*Objections*.  The deadline to object or respond to final approval of the Disclosure Statement and confirmation of the Plan (including objections to the releases, injunctions, and exculpation provisions provided therein) is **August 18, 2026, at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

Objections and responses must (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) comply with the Bankruptcy Rules and the Local Rules; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following:  (a) the Debtors, Attn: J. Michael Issa (missa@glassratner.com); (b) counsel for the Debtors, (1) Keller Benvenutti Kim LLP, Attn:  Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Scott J. Friedman, Esq. (sfriedman@kbkllp.com); and (2) Young Conaway Stargatt & Taylor, LLP, Rodney Square, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Sean M. Beach, Esq. (sbeach@ycst.com), and Shella Borovinskaya, Esq. (sborovinskaya@ycst.com); (c) counsel to Compass Group Diversified Holdings LLC, the Debtors' prepetition secured lender and postpetition secured lender, (1) Squire Patton Boggs (US) LLP, Attn:  Stephen D. Lerner (stephen.lerner@squirepb.com), Peter R. Morrison, Esq. (peter.morrison@squirepb.com) and Jeffrey N. Rothleder (jeffrey.rothleder@squirepb.com); and (2) Bayard, P.A., as Delaware counsel, Attn:  Erika F.

Johnson, Esq. (ejohnson@bayardlaw.com); (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn:  Benjamin A. Hackman, Esq. (Benjamin.a.hackman@usdoj.gov); and (e) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn:  James E. O'Neill, Esq. (joneill@pszjlaw.com), Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com), John A. Morris, Esq. (jmorris@pszjlaw.com), and Jordan A. Kroop, Esq. (jkroop@pszjlaw.com), so that they are received no later than the Objection Deadline.

**IF OBJECTIONS ARE NOT FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE COMBINED CONFIRMATION HEARING.**

*Additional Information*.  Copies of the Disclosure Statement, the Plan, the Interim Disclosure Statement Order, and all other documents filed in these Chapter 11 Cases may be obtained and reviewed without charge at **https://omniagentsolutions.com/Lugano**, or upon request to the Debtors' claim and voting agent, Omni Agent Solutions, Inc., by (a) telephone at (888) 902-1791 (US & Canada toll free) or +1 (747) 226-5603 (International), or (b) email at LuganoInquiries@omniagnt.com.

3