**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1] | Case No. 25-12055 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:**<br>**July 14, 2026, at 10:00 a.m. (ET)** |
| | **Ref Docket Nos: 614, 637 & 638** |

**DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO DEBTORS'
MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE
STATEMENT ON AN INTERIM BASIS; (B) ESTABLISHING SOLICITATION AND
TABULATION PROCEDURES; (C) APPROVING THE FORMS OF BALLOTS AND
SOLICITATION MATERIALS; (D) ESTABLISHING THE VOTING RECORD
DATE; (E) FIXING THE DATE, TIME, AND PLACE FOR THE COMBINED
CONFIRMATION HEARING AND THE DEADLINE FOR FILING
OBJECTIONS THERETO; AND (F) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
hereby submit this Reply (this "Reply") to the objections to conditional approval of their
Disclosure Statement[2] filed by (a) the Office of the United States Trustee for the District of
Delaware [Docket No. 638] (the "U.S. Trustee", and the objection, the "U.S. Trustee Objection"),
and (b) Mordechai Ferder individually ("Mr. Ferder") and as Trustee of the Haim Family Trust
[Docket No. 637] (together with Mr. Ferder, "Ferder", and their objection, the "Ferder Objection").
In support of this Reply, the Debtors respectfully state as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]    Capitalized terms not otherwise defined herein after the meanings set forth in the *Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket No. 612] (as may be amended, modified, or supplemented from time to time, the "Plan").

**PRELIMINARY STATEMENT**

1.       The Debtors received only two objections to conditional approval of their Disclosure Statement: (i) the U.S. Trustee Objection, which restates arguments regarding the Debtors' use of an "Opt-Out" for consensual third party releases (the "Opt-Out Election") previously considered and overruled by this Court; and (ii) the Ferder Objection, which raises the same Opt-Out Election issues as the U.S. Trustee but is primarily focused on the adequacy of the disclosure statement and confirmability of the Plan.

2.       The objections to the Opt-Out Election raise confirmation issues that are not an impediment to conditional approval of the Disclosure Statement.  Indeed, not only has this Court approved of the use of identical opt-out elections both before and after the Supreme Court's decision in *Harrington v. Purdue Pharma, L.P.*, 603 U.S. 204 (2024),[3] but it has previously ruled that objections to a third-party release are appropriately reserved for the confirmation hearing.[4] Even if this Court were persuaded to deviate from its long established view on this issue here, the Plan's use of the Opt-Out Election does not make the Plan patently unconfirmable, as further amendments to the Plan could resolve the issues raised.

3.       The Ferder Objection also emphasizes Ferder's "vehement" objection to the Debtors' assertion that Mr. Ferder perpetrated a massive fraud ultimately leading, among other things, to the commencement of these Chapter 11 Cases.  The Ferder Objection includes 38 pages of argument but, notably, is not supported by a declaration under penalty of perjury submitted by Mr. Ferder disputing the factual allegations or any other credible evidence.  Ferder's disagreement with the Debtors' position and anticipated objection to the CODI Settlement is no reason to delay

---

[3]     Hereinafter referred to as *Purdue*.

[4]     *See In re Molecular Templates, et al.*, Case No. 25-10739 (BLS) (Bankr. D. Del. Jul. 1, 2025) Hr'g Tr. 37:14- 41:10, 43:22-23.

conditional approval of the Disclosure Statement, however.  Though the Debtors wholly disagree with Ferder's assertions, the hearing on conditional approval of the Disclosure Statement is neither the time nor place to litigate those matters.  Whether Mr. Ferder engaged in fraud, and the associated damages, will be addressed in the pending adversary proceeding (the "Adversary Proceeding").[5]

4.      As to Ferder's technical objections (as well as objections informally raised and resolved with the U.S. Trustee and other creditors), the Debtors are filing an amended Plan and an amended Disclosure Statement that addresses many of the issues raised about the Disclosure Statement and Plan.  Matters that are not addressed by the amendments to the Plan and the Disclosure Statement are confirmation issues that will be addressed in the Debtors' brief in support of confirmation of the Plan.

## REPLY

5.      Considering the Debtors' revisions to the Disclosure Statement and the Plan, the Disclosure Statement contains adequate information in satisfaction of section 1125 of the Bankruptcy Code and the Plan, for purposes of conditional approval of the Disclosure Statement, is not patently unconfirmable.

---

[5]  *See In re Lugano Diamonds & Jewelry Inc. v Mordechai Ferder*, Adv Pro. No. 26-50528 (BLS) (Bankr. D. Del. June 24, 2026).  The Debtors understand that Mr. Ferder is in Israel and will not voluntarily accept service of the summons and complaint in the Adversary Proceeding. Mr. Ferder's counsel has also not responded to the Debtors' request that they accept service on his behalf.  The Debtors reserve all rights to challenge Ferder's standing to object to the Plan if he does not consensually agree to accept service of the Complaint and summons.

**A. Objections to the Third-Party Release Are Premature Confirmation Objections and Should Be Overruled.[6]**

6.        The U.S. Trustee Objection and the Ferder Objection raise premature substantive challenges to the third-party release provision in Section 11.09 of the Plan (the "Third-Party Release"), arguing that the Plan is allegedly unconfirmable because the Third-Party Release is non-consensual and runs afoul of *Purdue*.  *See* U.S. Trustee Obj. ¶ 1; *See* Ferder Obj ¶¶ 45-46. This Court has previously considered and rejected similar arguments at the disclosure statement hearing[7] because this objection fundamentally misconstrues the limited scope of this Court's review at the conditional disclosure statement stage.  The issues raised regarding the Third-Party Release—including its scope, what constitutes consent, and its ultimate enforceability—are quintessential confirmation issues that should be reserved for the confirmation hearing and are not before the Court at this time.  Courts in this district routinely reject substantially similar (if not identical) objections from the U.S. Trustee, and the Ferder Objection covers no new ground. *See e.g., In re Molecular Templates, Inc., et al.*, No. 25-10739 (BLS) (Bankr. D. Del. May 29, 2025) [Docket No. 126] Hr'g Tr. 36: 9-11 (expressly holding that the U.S. Trustee's objection to the debtors' proposed third-party release "is a confirmation issue"); *In re Food52, Inc.*, No. 25-12277 (LSS) (Bankr. D. Del. Mar. 27, 2026) [Docket No. 308] Hr'g Tr. 15:13-16 (same); *In re Village Roadshow Entertainment Group USA, Inc. et al.*, No. 25-10475 (TMH) (Bankr. D. Del. Feb. 20, 2026) [Docket No.1428] Hr'g Tr. 21:13-14 (same).  Notably, the U.S. Trustee agrees that

---

[6]    As an Excluded Party, Ferder is not subject to the Third-Party Release (Excluded Parties are expressly not Releasing Parties under the Plan).  Thus, the Debtors are unsure why Ferder raises this issue and question their standing to do so.

[7]    Courts in this district have also overruled similar (if not identical) objections from the U.S. Trustee in connection with plan confirmation.  *See, e.g., In re Village Roadshow Entertainment Group USA Inc., et al*., No. 25-10475 (TMH) (Bankr. D. Del. Apr. 17, 2026) [Docket No. 1565] (confirming a plan wherein the third-party release applied to creditors who returned a ballot and did not make an opt-out election); *In re Seaplane Debtor 1, Inc., et al. (f/k/a Icon Aircraft, Inc.)*, No. 24-10703 (CTG) (Bankr. D. Del. Dec. 5, 2024) [Docket No. 680] (approving an opt-out where a creditor engages in an affirmative act and where there is sufficient notice).

an objection to a third-party release "is ultimately a confirmation issue." *See In re Molecular Templates, Inc., et al.*, No. 25-10739 (BLS) (Bankr. D. Del. May 29, 2025) [Docket No. 126] Hr'g Tr. 19:16-17.   Therefore, objections to the Third-Party Release are not ripe for the Court's consideration at present and should be overruled.

7.   However, if this Court is nevertheless inclined to entertain the U.S. Trustee's and Ferder's objections to the Third-Party Release, they also entirely fail on the merits.   In the two years since *Purdue*, the U.S. Trustee has filed countless objections asserting the exact same or similar arguments to those raised in the U.S. Trustee Objection and the Ferder Objection, which have been overruled by courts in this jurisdiction time after time.[8]

**B. The Disclosure Statement Contains Adequate Information and Should be Approved for Conditional Solicitation**

8.   Ferder asserts that the Disclosure Statement is missing certain key information.   *See* Ferder Obj. ¶¶16-20.   The Debtors have revised the Disclosure Statement as appropriate in an effort to address their concerns, as follows:

a.   The Debtors filed their Liquidation Analysis on July 7, 2026 [Docket No. 636].

b.   The aggregate amount of the Agreed Pre-Effective Date Budget is approximately $2.5 million.   This is clarified in the amended Plan.   The Agreed Pre-Effective Date Budget is not a fee cap but rather limits the amount that will be paid or funded into a reserve, and the excess amounts will be paid from the Liquidation Trust.   The

---

[8]   In addition to the cases discussed above, in *In re Amerifirst Financial, Inc., et al.*, Judge Horan expressly rejected and overruled arguments (similar to those raised here), noting that those creditors "who returned ballots and did not check an opt-out box … clearly had the opportunity and did, in fact, review the [third-party release] materials. In short of an opt-in, which I'm not prepared to require, I can't think of anything else that would evidence affirmative consent more than having had the opportunity to [opt out], and actually having returned a ballot and not to tick the box to opt out of the releases." No. 23-11240 (TMH) (Bankr. D. Del. Jan. 13, 2026) [Docket No. 1225] Hr'g Tr. 40-41.  Similarly, Judge Stickles ruled repeatedly that *Purdue* did not change the law on consensual third-party releases and applicable law continues to permit courts to approve opt outs in chapter 11 cases.  *See In re Lumio Holdings, Inc., et al.*, No. 24-11916 (JKS) (Bankr. D. Del. Jan. 3, 2025) [Docket No. 428] (indicating that the Court does not disapprove of opt-outs generally and applies a case-by-case analysis to determine whether the opt-out mechanism is appropriate under the circumstances); *In re Number Holdings, Inc.*, No. 24-10719 (JKS) (Bankr. D. Del. Jan. 24, 2025) [Docket No. 1756] Hr'g Tr. 27:12-15 (finding an opt out consensual where is applied to parties who affirmatively made the decision to submit a ballot and did not check the opt out box).

Agreed Pre-Effective Date Budget is not material to the ultimate anticipated distributions to creditors under the Plan.

c. The amended Disclosure Statement now provides that the estimated range of General Unsecured Claims is $210 million to $260 million.

d. The Debtors do not believe that the Disclosure Statement must identify all preserved Causes of Action with specificity. Section IV.F.6 of the Disclosure Statement makes clear that Causes of Action are preserved generally; a non-exclusive list of preserved Causes of Action will be set forth in the Plan Supplement (and which, for the avoidance of doubt, will include Causes of Action against Ferder). The Plan Supplement will be filed prior to the Voting Deadline in accordance with the Local Rules.

e. The Disclosure Statement does not provide estimated recoveries on account of litigation, which, at this time, are contingent and cannot be reasonably determined. The Debtors cannot provide unknown or speculative information in the Disclosure Statement but have sufficiently informed voting creditors that recoveries may be materially different depending on the outcome of litigation.

f. The Debtors have amended the Disclosure Statement to provide additional details about the settlement with CODI and why the Settlement Agreement is in the best interests of creditors. The Debtors will be prepared to present evidence if and as necessary at the hearing on confirmation of the Plan and approval of the settlement.

g. The Disclosure Statement now notes that Ferder has asserted a $36 million claim, which is subject to the Debtors' pending objection in the Adversary Proceeding.

h. Contrary to Ferder's contention, the Disclosure Statement does not mislead investors about the Investment Contracts. The Investment Contracts were part of Ferder's alleged scheme, regardless of where the funds were received. As a disclosure matter, the Disclosure Statement, as revised, makes clear that the Debtors have not analyzed their claims and defenses with respect to the Investment Contracts at this time.

i. The Disclosure Statement now includes language that Mr. Ferder disputes the allegations against him and will defend himself.

### C. The Plan Is Viable and Confirmable

9. Ferder alleges that there are defects that render the Plan unconfirmable. Based on informal comments they received from the U.S. Trustee and one other creditor, the Debtors have amended the Plan to address certain of those alleged defects. The Debtors believe any other alleged defects are confirmation issues that can be addressed at the hearing on Plan confirmation but provide a brief response below.

10. First, as discussed above, the Third-Party Release is a consensual third-party release; and, in any event, a confirmation issue. Given Ferder is an Excluded Party (and expressly not a Releasing Party under the Plan) the Debtors doubt Ferder's standing to assert this objection. *See* Ferder Obj. ¶¶ 45-47. However, this Court can defer consideration of the Debtors' issues related thereto to the hearing on confirmation of the Plan, when this issue is ripe for consideration.

11. Second, the Plan definition of Exculpated Party now limits exculpation of Related Parties to estate fiduciaries, thus, fully addressing this issue. *See* Ferder Obj. ¶ 48.

12. Third, the Debtors have sued Ferder—which explains why Ferder are Excluded Parties. Section 11.06 of the Plan was not intended to constitute and, as revised, makes clear that it is not a third-party release. Mr. Ferder is free to pursue non-derivative or non-estate owned claims against third parties. Further, even assuming Mr. Ferder is not satisfied with the revisions, this is a confirmation issue. *See* Ferder Obj. ¶¶49-50.

13. Fourth, Ferder objects to various aspects of the CODI Settlement, all of which are confirmation issues as the Debtors are not seeking approval of the CODI Settlement at the hearing to consider conditional approval of the Disclosure Statement. *See* Ferder Obj. ¶¶ 51-59.

14. Fifth, Section 11.10 of the amended Plan now specifically provides that there is no discharge. *See* Ferder Obj. ¶ 60. To the extent that Ferder asserts that other sections of the Plan are inconsistent (*e.g.*, § 11.06), those have been revised to eliminate any ambiguity.

15.     Sixth, the Plan no longer provides that Holders of General Unsecured Claims making a Convenience Class Election are deemed to accept the Plan (Plan § 3.02(e)) or that non-vacant classes are deemed to accept the Plan (Plan § 4.04).  The Debtors will establish at the confirmation hearing that the Plan does not violate Section 1123(a)(4) of the Bankruptcy Code because the Contributing Creditors are receiving a distribution on account of their contribution of their Contributed Claims, not on account of their General Unsecured Claims.  *See* Ferder Obj. ¶¶ 61-64.

16.     Seventh, feasibility is a confirmation issue.  Based on the Liquidation Analysis, however, it is clear that section 1129(a)(11) of the Bankruptcy Code will be satisfied, regardless of the success of any litigation.  *See* Ferder Obj. ¶¶ 65-66.

17.     Eighth, the Plan revisions now unambiguously preserve Ferder's ability to seek payment under the applicable D&O policy.  *See* Ferder Obj. ¶¶ 67-68; *see* Disclosure Statement § IV.G.1(e)(vi).

18.     Ninth, substantive consolidation is a confirmation issue, and the Debtors will demonstrate that it is appropriate under the circumstances.  Further, given CODI's Claim and the allocation of value under the Plan, there is no value on account of any Equity Interest.  Finally, if this Court does not approve substantive consolidation, the Debtors reserve the right to seek consolidation on any other basis, including as part of the CODI Settlement and/or by amending the Plan to provide for traditional "deemed" consolidation (thereby allowing collective voting and distribution).  *See* Ferder Obj. ¶¶69-70.

19.     Finally, satisfaction of the cramdown requirements is a confirmation issue.  Moreover, at an evidentiary level, the Liquidation Analysis makes clear that the Plan can be

crammed down over the objections of Classes 6 and 8.  Class 7 (Intercompany Claims) has consented to the treatment by virtue of approving the Plan.  *See* Ferder Obj. ¶69-71.

## CONCLUSION

**WHEREFORE**, the Debtors request this Court overrule the U.S. Trustee's and Ferder's objections and enter an order (a) conditionally approving the Disclosure Statement and establishing solicitation procedures, and (b) granting such other relief as this Court deems appropriate under the circumstances.

Dated: July 9, 2026
    Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: *Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Shella Borovinskaya (Del. No. 6758)
Brynna M. Gaffney (Del No. 7402)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  emorton@ycst.com
       sbeach@ycst.com
       sborovinskaya@ycst.com
       bgaffney@ycst.com

-and-

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (admitted *pro hac vice*)
Traci L. Shafroth (admitted *pro hac vice*)
Scott Friedman (admitted *pro hac vice*)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone:  (415) 496-6723
Email:  tkeller@kbkllp.com
       tshafroth@kbkllp.com
       sfriedman@kbkllp.com

*Attorneys for Debtors*
*and Debtors-in-Possession*