**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered) |

**REPLY OF SPECIAL COMMITTEE OF BOARD OF DIRECTORS
OF LUGANO DIAMONDS & JEWELRY INC. TO OBJECTION OF THE
FERDER PARTIES TO APPROVAL OF DISCLOSURE STATEMENT (D.I. 637)**

The Special Committee of the Board of Directors of Lugano Diamonds & Jewelry Inc. submits this reply (this "Reply") to the Objection [Docket No. 637] (the "Objection") of the Ferder Parties to approval of the Disclosure Statement [Docket No. 614] (the "Disclosure Statement")[2] for the *Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket No. 612], and, in support of this Reply, respectfully states as follows:

1. The Special Committee submits this separate Reply to address two of the unfounded and/or mistaken assertions in the Objection, each of which falls within the mandate of the Special Committee.

**The Ferder Parties' Allegations Respecting the Special Committee's Investigation are Unfounded and Meritless**

2. The Ferder Parties' allegations that the Special Committee's investigation and the CODI Settlement are "deeply flawed" and driven by a "quid pro quo" are both unsubstantiated and

---

[1]   The Debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]   Capitalized terms not defined herein shall have the meanings given to them in the Disclosure Statement.

meritless. *See* Objection at ¶ 11. Over the course of eight months, the Special Committee requested and received over 1.2 million documents from the Debtors, CODI, and other relevant third parties.[3] Those documents included over 103,000 documents from CODI. Through AI modeling and targeted searches, the Special Committee identified over 22,000 documents as having particular relevance to its investigation and reviewed all of them—a total of over 102,000 pages of documents.

3. In addition, the Special Committee conducted 29 interviews of 23 individuals, including current and former Lugano personnel (14), current and former CODI personnel (8), and other relevant third parties (1). Other than interviews of current and former CODI personnel, CODI did not participate in those interviews. Throughout the investigation process, the Special Committee worked cooperatively with the Creditors' Committee, both to ensure efficiencies and non-duplication of effort and as an additional means of ensuring that its investigation—like that of the Creditors' Committee—was thorough and independent.

4. Based on the Special Committee's review of documents and interviews of key personnel, the Special Committee identified multiple potential claims against CODI and its affiliated entities, as well as certain individuals. The factual record developed in the Special Committee's investigation also supported the Creditors' Committee's arguments to subordinate CODI's claims in whole or part. At the same time, the Special Committee (and the Creditors' Committee) recognized that there are certain viable defenses CODI could raise, and that the costs in both time and money of pursuing claims against CODI would likely be considerable. As a result, and as already disclosed in the Disclosure Statement, the Special Committee, CODI, and

---

[3] Mr. Ferder, in contrast, provided only a "look-see preview" (as he characterizes it (Objection at ¶¶ 9-10)) of materials, coupled with demands for a settlement as the price of any further cooperation with the Special Committee's investigation.

the Creditors' Committee entered into a two-day mediation that resulted in a negotiated resolution of CODI's claims that paves the way for near-term distributions to all creditors in the Debtors' cases, including general unsecured creditors.

5.      The Disclosure Statement adequately and accurately sets out that the Special Committee's evaluation of potential claims against CODI was based on its interviews and analysis of over a million documents produced by numerous parties and more than two dozen witness interviews. The CODI Settlement described in the Plan is, in turn, the product of the combined efforts and analysis of the Debtors, the Special Committee, the Creditors' Committee, and CODI under the mediator's auspices. Notwithstanding those facts, the Debtors have added additional disclosures to the Disclosure Statement respecting the Special Committee's investigation and the CODI Settlement. The Special Committee otherwise urges the Court to reject Mr. Ferder's demands to include additional information that would be unsupported at best, and false at worst.

**Disclosures Regarding Mr. Ferder's Claims**

6.      The Special Committee substantively disagrees that the Ferder Parties' claims against the Debtors' estates have "substantial merit" (p. 2) and that those claims affect the "true risk profile of the Litigation [sic] Trust." Objection at ¶ 35. Indeed, the Debtors, acting through the Special Committee, objected to those claims in their entirety on June 24, 2026—before the Disclosure Statement was filed and two weeks before the Ferder Parties' Objection was filed. *See* Complaint and Objection to Proof of Claim, Adv. Pro. 26-50528 (BLS) (Bankr. D. Del. June 24, 2026). That objection seeks the disallowance and/or subordination of all of the Ferder Parties' claims on numerous grounds. Thus, far from ignoring the Ferder Parties' claims, the Debtors and the Special Committee have already said publicly that they believe those claims are without merit and provided the bases for that belief.

7.     Nonetheless, for disclosure purposes, the Debtors have added language to the Disclosure Statement as follows:

*III.E.3 Claims Asserted by Ferder Parties*

*On January 27, 2026, Mr. Ferder, individually and in his capacity as Trustee of the Haim Family Trust, filed a proof of claim in Lugano Diamonds & Jewelry, Inc.'s chapter 11 case. That claim is asserted in a face amount of approximately $36 million and alleges various bases for the amounts claimed, including obligations on account of third-party contracts, reimbursement of business expenses, employment law claims under California law, indemnity for numerous lawsuits that currently name Mr. Ferder and/or others of the Ferder Parties as a defendant, setoff and recoupment claims, and claims for interest.*

*On June 24, 2026, the Debtors, acting through the Special Committee, filed an objection to the Ferder Parties' claims, which, among other things, seeks the disallowance or subordination of the Ferder Parties' claims in their entirety. That objection remains pending. In the event that Mr. Ferder's claims are Allowed in whole or in part under the Plan notwithstanding such objection, and such claims are not classified as Class 7 Subordinated Claims, those claims may be treated as Class 4 General Unsecured Claims and receive the treatment provided under the Plan for such claims.*

The Special Committee believes such language is sufficient to address any legitimate concerns of the Ferder Parties respecting the disclosure of their claims and the Debtors' views of those claims.

*[Remainder of Page Intentionally Left Blank]*

4

Dated: July 9, 2026

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Shella Borovinskaya (Del. No. 6758)
Brynna M. Gaffney (Del No. 7402)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:   emorton@ycst.com
            sbeach@ycst.com
            sborovinskaya@ycst.com
            bgaffney@ycst.com

-and-

**STEPTOE LLP**
Vincent P. (Trace) Schmeltz III (admitted *pro hac vice*)
Kenneth P. Kansa (admitted *pro hac vice)*
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Telephone:  (312) 577-1227
Email:  tschmeltz@steptoe.com
            kkansa@steptoe.com

*Attorneys for the Special Committee of the Board of Directors of Lugano Diamonds & Jewelry Inc.*