**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC.,<br>*et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**August 31, 2026, at 11:00 a.m. (ET)**<br><br>**Objection Deadline:**<br>**July 27, 2026, at 4:00 p.m. (ET)** |

**DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO (A) FILE A CHAPTER 11 PLAN AND (B) SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) further extending the date by which the Debtors have the exclusive right to file a chapter 11 plan by ninety (90) days from July 14, 2026 through and including October 13, 2026 (the "Exclusive Filing Period" ); (b) further extending the date by which the Debtors have the exclusive right to solicit votes on a chapter 11 plan by ninety (90) days from September 14, 2026 through and including December 14, 2026 (the "Exclusive Solicitation Period," and, together with the Exclusive Filing Period, the "Exclusive Periods"), in each case, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods; and (c) granting related relief.[2]  In support of this Motion, the Debtors respectfully state as follows:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308).  The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]   Ninety (90) days from the current Exclusive Filing Period falls on October 12, 2026, which is a federal holiday, and ninety (90) days from the Exclusive Solicitation Period falls on Sunday, December 13, 2026.  Pursuant to

**PRELIMINARY STATEMENT**

1.      On June 24, 2026, the Debtors filed their proposed chapter 11 plan of liquidation [Docket No. 612] (as may be amended, supplemented, or modified from time to time, the "Plan") and related disclosure statement [Docket No. 614] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement"), and filed an amended Plan [Docket No. 649] and Disclosure Statement [Docket No. 651] on July 9, 2026.  The Plan implements a comprehensive settlement among the Debtors, the official committee of unsecured creditors (the "Committee"), and Compass Group Diversified Holdings LLC ("CODI" and, collectively with the Debtors and the Committee, the "Parties"), the Debtors' secured lender and majority shareholder, which is further described in the Parties' Plan Support Agreement [Docket No. 613] (the "Plan Support Agreement").  The Plan further provides for, among other things, the creation and funding of a liquidation trust to administer and liquidate all of the Debtors' remaining property (including various causes of action), the distribution of such proceeds to creditors, and the winding up of the Debtors and their estates.

2.      The Debtors are diligently pursuing the confirmation process.  The hearing to conditionally approve the Disclosure Statement is scheduled for July 14, 2026, at 10:00 a.m. (ET). The Debtors have requested that the combined hearing to approve the Disclosure Statement on a final basis and confirm the Plan be set for August 31, 2026, at 11:00 a.m. (ET).

3.      The Debtors are seeking a brief extension of the Exclusive Periods out of an abundance of caution to avoid the potential confusion and distraction that would result if a

---

Bankruptcy Rule 9006(a), the Debtors are requesting that the extended Exclusive Filing Period be continued to the following Tuesday, October 13, 2026, and that the extended Exclusive Solicitation Period be continued to the following Monday, December 14, 2026.

competing plan were filed at this time and to comply with their obligations under the Plan Support Agreement.[3]

4.      For the reasons set forth below, the Debtors respectfully submit that "cause" exists under section 1121 of the Bankruptcy Code to extend the Exclusive Periods for a period of ninety (90) days on the terms set forth herein.

### JURISDICTION AND VENUE

5.      This United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory and legal predicates for the relief requested herein are section 1121 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[3]    Under the Plan Support Agreement, the Debtors' loss of the exclusive right to file a plan is a termination event. *See e.g.*, Plan Support Agreement § 9.1(i).

**BACKGROUND**

*General Background*

8.      On November 16, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court.  The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.      On November 25, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 88] and filed amended notices of appointment on November 26, 2025 [Docket No. 93] and June 24, 2026 [Docket No. 610].  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

10.      On March 31, 2026, the Court entered an order [Docket No. 457] extending the Exclusive Filing Period through and including July 14, 2026, and the Exclusive Solicitation Period through an including September 14, 2026 (the "First Exclusivity Extension").

11.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of J. Michael Issa in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "First Day Declaration").[4]

*Events During These Chapter 11 Cases*

12.      Following the First Exclusivity Extension, the Parties reached a settlement, embodied in the settlement agreement (the "Settlement Agreement"), with respect to causes of

---

[4]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the Plan, as applicable.

action against CODI and CODI's claims against the Debtors' estates.  The terms of the Settlement Agreement are documented therein and implemented by the Settlement Agreement and the Plan. Further, since the First Exclusivity Extension, the Parties negotiated the terms of the Plan, the Plan Support Agreement, and a Liquidation Trust Agreement, in addition to finalizing the Disclosure Statement.  Accordingly, the Debtors have demonstrated significant progress towards confirmation of a chapter 11 plan since the First Exclusivity Extension.

13.     On June 24, 2026, the Debtors filed the Plan, which implements the Settlement Agreement, and entered into the Plan Support Agreement.  Absent an extension of the Exclusive Periods, the Parties may terminate the Plan Support Agreement.  *See* Docket No. 613 at §§ 9.1(d), (i) & 9.2(d), (f).

14.     In addition to the Debtors' efforts towards confirmation of a chapter 11 plan described above, following the First Exclusivity Extension, the Debtors have (a) filed a complaint and objection to claim against Mr. Mordechai Haim Ferder, individually and in his capacity as trustee of the Haim Family Trust [Adv. Proc. 26-50528, Docket No. 1], (b) obtained Court approval of a settlement with a significant creditor under which a $10.5 million claim was waived against the Debtors' estates [Docket No. 564], (c) rejected a lease of non-residential release property and obtained extensions of the time to assume or reject other nonresidential real property leases [Docket Nos. 484, 589, 602, 603, and 622], (d) obtained Court approval of a lease termination agreement [Docket No. 597], (e) filed responses to motions filed by Travelers Casualty and Surety Company of America seeking relief from the automatic stay and for permissive abstention in connection with an adversary proceeding [Docket No. 524, Adv. Proc. 26-50036, Docket No. 24], (f) obtained an extension of the time period in which to remove actions [Docket No. 545], and (g) filed the amended Plan and Disclosure Statement [Docket Nos. 649 and 651].

**RELIEF REQUESTED**

15.     By this Motion, the Debtors request entry of the Proposed Order extending the Exclusive Filing Period by ninety (90) days, through and including October 13, 2026, and extending the Exclusive Solicitation Period by ninety (90) days, through and including December 14, 2026.

16.     The Debtors request that the extension sought herein be without prejudice to their rights to request further extensions or to seek other appropriate relief.

**BASIS FOR RELIEF REQUESTED**

17.     Under section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a chapter 11 plan in the first 120 days after the commencement of a chapter 11 case. *Se* 11 U.S.C. § 1121(b). If a debtor files a plan within this period, section 1123(c)(3) of the Bankruptcy Code provides a debtor with sixty (60) days following the expiration of the exclusive filing period to solicit acceptances to solicit acceptances of a plan. *See* 11 U.S.C. § 1123(c)(3).

18.     Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. Specifically, section 1121(d) of the Bankruptcy Code provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 232 (1977); *see also In re Pub. Serv. Co. of New Hampshire*, 88 B.R. 521, 533–34 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to promote maximum flexibility") (quoting *In re Lake In The Woods*, 10 B.R. 338, 340, 345 (E.D. Mich.

6

1981)).  Thus, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors.  *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

19.     Courts within the Third Circuit and in other jurisdictions have held that the decision to extend a debtor's exclusive period to file a chapter 11 plan and solicit votes thereon is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case.  *See, e.g.*, *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).  Courts examine several factors to determine whether there is "cause" for extension of the Exclusivity Period, including the following:

(a)     the size and complexity of the case;

(b)     the existence of good-faith progress towards a chapter 11 plan;

(c)     the necessity of sufficient time to negotiate and prepare adequate information to allow a creditor to determine whether to accept such chapter 11 plan;

(d)     whether the debtor is paying its debts as they become due;

(e)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f)     whether the debtor has made progress negotiating with creditors;

(g)     the length of time a case had been pending;

(h)     whether the debtor is seeking an extension to pressure creditors; and

(i)     whether or not unresolved contingencies exist.

*See In re Cent. Jersey Airport Servs., LLC*, 282 B.R. at 184; *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664–65 (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); *In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005) (same).

20.     Not all of these factors are relevant to every case, and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case.  *See, e.g.*, *Express One*, 194 B.R. at 100–01 (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two of the factors in holding that cause existed to extend exclusivity).  For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan.  H.R. No. 95-595, 95th Cong., 1st Sess., at 231–32, 406 (1977) ("[I]f an unusually large company were to seek . . . [relief] . . . under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *see also Texaco*, 76 B.R. at 326 ("The large size of the debtor and the consequent difficulty in formulating a plan . . . for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

21.     As set forth below, the Chapter 11 Cases satisfy the relevant factors and, thus, sufficient "cause" exists to extend the Exclusivity Periods as provided herein.

## I.    The Debtors' Chapter 11 Cases Are Complex.

22.    These are complex chapter 11 cases.  The Debtors commenced the Chapter 11 Cases in the wake of an alleged multi-million-dollar fraud perpetrated by their former chief executive officer, Mordechai Ferder.  The alleged fraud continues to permeate the Chapter 11 Cases and sparked the prepetition (and ongoing investigation) by the Special Committee of the Board of Directors of Debtor Lugano Diamonds & Jewelry Inc., as well as a postpetition investigation by the Committee, including their investigation of potential actions against CODI and challenges to CODI's liens, which have now been resolved by the Settlement Agreement. Further, claims asserted by parties to various agreements, purportedly with the Debtors, and by Mr. Ferder, amount to more than half of the asserted claims classified in Class 4 of the Plan (General Unsecured Claims).

23.    In addition, the Debtors' sale-related efforts at the beginning of the Chapter 11 Cases had additional complexity due to the alleged fraud.  Working through these difficulties, the Debtors obtained interim authority to operate under the Agency Agreement and approval of bidding procedures under which the Agency Agreement served as the stalking horse bid.

24.    Accordingly, the complexity of the Chapter 11 Cases weighs in favor of extending the Exclusivity Periods.

## II.    The Debtors Have Made Substantial Progress Towards Confirming a Plan.

25.    Throughout the Chapter 11 Cases, the Debtors have made substantial progress towards confirming a chapter 11 plan.  The Debtors have filed the Plan with the support of the Committee and CODI.  The conditional hearing to approve the Disclosure Statement is scheduled for July 14, 2026, at 10:00 a.m. (ET), and the Debtors have requested a combined hearing to approve the Disclosure Statement and confirm the Plan on August 31, 2026 at 11:00 a.m. (ET). The Debtors may need an extension of their Exclusive Periods to obtain conditional approval of

9

the Disclosure Statement, to solicit votes to accept or reject the Plan, to obtain confirmation of the Plan, and for the effective date of the Plan to occur.

### III. An Extension of the Exclusivity Periods Will Not Pressure Creditors.

26. The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders. Indeed, both the Committee and CODI support the Plan and are parties to the Plan Support Agreement, which gives them the option to terminate the Plan Support Agreement if the Debtors lose exclusivity. Should the Plan Support Agreement be terminated under such circumstances, the Debtors' estates would be prejudiced by such termination.

27. Accordingly, the relief requested herein will not prejudice the Debtors' creditors. In fact, extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and other key parties in interest by allowing the Parties to focus on obtaining confirmation of the consensual Plan without the distraction of a potential competing plan. Further, the loss of exclusivity will enable any of the parties to the Plan Support Agreement to terminate such agreement.

### IV. The Debtors Are Paying Their Bills as They Come Due.

28. Since the Petition Date, the Debtors have paid their undisputed postpetition obligations in the ordinary course or as otherwise provided by Court order.

### V. These Cases Are Eight Months Old.

29. The Debtors' request for an extension of the Exclusivity Periods is the Debtors' second such request and comes approximately eight (8) months after the Petition Date. As discussed above, during this time, the Debtors have accomplished a great deal and continue to work diligently with all stakeholders towards confirming the Plan, which is supported by their key creditor constituencies.

30.     The Debtors submit that an analysis of the relevant factors demonstrates sufficient cause exists to extend the Exclusive Periods for an additional ninety (90) days.  Accordingly, the Debtors request that the Court grant the relief requested herein.

## NOTICE

31.     Notice of this Motion will be provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the Securities and Exchange Commission; (h) counsel to CODI; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

Dated:  July 13, 2026
        Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: */s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Shella Borovinskaya (Del. No. 6758)
Brynna M. Gaffney (Del No. 7402)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  emorton@ycst.com
        sbeach@ycst.com
        sborovinskaya@ycst.com
        bgaffney@ycst.com

-and-

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (admitted *pro hac vice*)
Traci L. Shafroth (admitted *pro hac vice*)
Scott Friedman (admitted *pro hac vice*)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone:  (415) 496-6723
Email:  tkeller@kbkllp.com
        tshafroth@kbkllp.com
        sfriedman@kbkllp.com

*Attorneys for Debtors*
*and Debtors-in-Possession*