**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 649, 651 & 661** |

# NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS; AND (II) THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On November 16, 2025 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On July 9, 2026, the Debtors filed (a) the *Amended Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket. No. 649] (as may be amended, modified, or supplemented from time to time, the "Plan")[2] and (b) the *Disclosure Statement for the Amended Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket. No. 651] (as the same may be amended or modified, the "Disclosure Statement").

## I. APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS

3. On July 14, 2026, the Court entered an order [Docket No. 661] (the "Interim Disclosure Statement Order"), which, among other things, approved the Disclosure Statement on an interim basis for solicitation purposes only.

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement or the Plan, as applicable.

4. **Copies of the Disclosure Statement, the Plan, the Interim Disclosure Statement Order, and all other documents filed in these Chapter 11 Cases may be obtained and reviewed without charge at: (i) https://omniagentsolutions.com/Lugano; (ii) by using the QR Code below; or (iii) upon request to the Debtors' claim and voting agent, Omni Agent Solutions, Inc., by (a) telephone at (888) 902-1791 (US & Canada toll free) or +1 (747) 226-5603 (International), or (b) email at LuganoInquiries@omniagnt.com.**

## II. THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN

5. **Combined Confirmation Hearing**. A hearing (the "Combined Confirmation Hearing") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #1, 824 North Market Street, Wilmington, Delaware 19801, on **August 31, 2026, at 11:00 a.m. (prevailing Eastern Time)**. The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation Hearing or any continued hearing or as indicated in any notice or agenda filed with the Court on the docket in these Chapter 11 Cases. The Plan may be modified, if necessary, prior to, during, or as a result of the Combined Confirmation Hearing.

6. **Voting Deadline**. Only Holders of Claims in Class 3 (CODI Claim), Class 4 (General Unsecured Claims), and Class 5 (Convenience Class Claims) are entitled to vote to accept or reject the Plan. The deadline for the submission of such votes is **August 18, 2026, at 4:00 p.m. (prevailing Eastern Time)**.

7. **Parties Not Entitled to Vote**. Holders of Unimpaired Claims in Class 1 (Other Secured Claims) and Class 2 (Priority Claims) are presumed to accept the Plan. Holders of Impaired Claims in Class 6 (Intercompany Claims), Subordinated Claims (Class 7) and Equity Interests in Class 8 (Equity Interests) will receive no distribution under the Plan on account of such Claims or Equity Interests and are deemed to reject the Plan. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, Priority Tax Claims, and DIP Claims, as described in the Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Plan. The respective treatment of such unclassified Claims is set forth in Section 3.01 of the Plan.

8. **Temporary Allowance of Claims for Voting Purposes and Tabulation Procedures.** Pursuant to the Disclosure Statement Order, the Court approved certain tabulation procedures and temporarily allowed claims solely for purposes of voting to accept or reject the Plan. If you wish to challenge the temporary allowance of your Claim (including amount and

classification), you must file a motion pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure for an order temporarily allowing your Claim in a different or amount or classification and serve such motion on the Notice Parties identified below so that it is received on or before **August 4, 2026, at 4:00 p.m. (prevailing Eastern Time)**.

9. **Executory Contracts and Unexpired Leases**. On the Effective Date all executory contracts and unexpired leases of the Debtors shall be rejected except for (i) executory contracts and unexpired leases that have been previously assumed or rejected by the Debtors; (ii) executory contracts and unexpired leases that are set forth in the Schedule of Assumed Agreements; and (iii) Insurance Contracts that are to be assumed and assigned to the Liquidation Trust in accordance with Section 6.01(e) of the Plan. The Confirmation Order will constitute a Court order approving the rejection, on the Effective Date, of the executory contracts and unexpired leases to be rejected under the Plan.

10. **Objections to Confirmation.** Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on the Notice Parties so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on August 18, 2026**. The "Notice Parties" are: (a) the Debtors, Attn: J. Michael Issa (missa@glassratner.com); (b) counsel for the Debtors, (i) Keller Benvenutti Kim LLP, Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Scott J. Friedman, Esq. (sfriedman@kbkllp.com); and (ii) Young Conaway Stargatt & Taylor, LLP, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Sean M. Beach, Esq. (sbeach@ycst.com), and Shella Borovinskaya, Esq. (sborovinskaya@ycst.com); (c) counsel to Compass Group Diversified Holdings LLC, the Debtors' prepetition secured lender and postpetition secured lender, (i) Squire Patton Boggs (US) LLP, Attn: Stephen D. Lerner (stephen.lerner@squirepb.com), Peter R. Morrison, Esq. (peter.morrison@squirepb.com) and Jeffrey N. Rothleder (jeffrey.rothleder@squirepb.com); and (ii) Bayard, P.A., as Delaware counsel, Attn: Erika F. Johnson, Esq. (ejohnson@bayardlaw.com); (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Benjamin A. Hackman, Esq. (Benjamin.a.hackman@usdoj.gov); and (e) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: James E. O'Neill, Esq. (joneill@pszjlaw.com), Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com), John A. Morris, Esq. (jmorris@pszjlaw.com), and Jordan A. Kroop, Esq. (jkroop@pszjlaw.com) Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

11. **Releases, Injunction, and Exculpation.**

**PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY AFFECT YOUR RIGHTS, INCLUDING AS SET FORTH BELOW:**

**YOU MAY OPT-OUT OF THE RELEASE OF NON-DEBTOR PARTIES SET FORTH IN SECTION 11.09 OF THE PLAN (BUT NOT ANY OTHER RELEASE, INJUNCTION, OR EXCULPATION) BY MAKING THE OPT-OUT ELECTION ON THE OPT-OUT**

**ELECTION FORM OR ON YOUR BALLOT. IF YOU NEED AN OPT-OUT FORM, YOU MAY OBTAIN ONE AS PROVIDED IN PARAGRAPH 4.**

Section 11.06 of the Plan contains the following injunction provision:

**Injunctions.**

**(a) Without limiting the maximum effect of Bankruptcy Code § 1141(c) and except as otherwise provided in the Plan or the Confirmation Order, from and after the Effective Date, all Persons and Entities who have ever held or will ever hold a Claim against or Equity Interest in a Debtor, along with their respective present or former employees, agents, officers, directors, members, principals, and Affiliates, are permanently enjoined, solely with respect to any Claims, Equity Interests, and Causes of Action dealt with under the Plan, from: (i) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against or affecting any property dealt with by the Plan; (ii) enforcing, levying, attaching, collecting, or otherwise recovering in any way, directly or indirectly, any judgment, award, decree, or order against any property dealt with by the Plan; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Lien or encumbrance of any kind against any property dealt with by the Plan; (iv) asserting setoff, unless such setoff was formally asserted in a timely Filed proof of Claim or in a document Filed with the Bankruptcy Court prior to entry of the Confirmation Order, or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner that interferes with the implementation or consummation of the Plan or any instrument or transaction required or contemplated by the Plan or is inconsistent with, or otherwise does not comply with, the Plan, the Liquidation Trust Agreement, or applicable law.**

**(b) Notwithstanding anything to the contrary in this Plan, the injunction set forth in this Section 11.06 does not apply to any action taken by one CODI Party against another CODI Party.**

**(c) By accepting any Distribution, each Holder of an Allowed Claim is deemed to have specifically consented to the Injunction set forth in this Section 11.06.**

As defined in Article I.127 of the Plan:

**Released Parties. Each of: (a) the Debtors and each of the Estates and any of their subsidiaries and retained Professionals and Ordinary Course Professionals and their following directors and officers: (i) Frederic Cumenal; (ii) David Arnold; (iii) L. Spencer Wells (including as a member of the Special Committee); (iv) Thomas FitzGerald (including as a member of the Special Committee); (v) Stuart Winston; (vi) Lisa Calvert; and (vii) Christoph Pachler; (b) the Creditors' Committee and its individual members solely in their capacities as members of the Creditors' Committee, together with all their retained Professionals, agents, and other representatives of the Creditors' Committee and its members solely in their capacities with respect to service on or representation of the Creditors' Committee; (c) the CODI Parties and each of their Related Parties; *provided* that no Excluded Party is a Released Party.**

Section 11.07 of the Plan contains the following exculpation provision:

**Exculpation. Except as otherwise specifically provided in the Plan, no Exculpated Party has or has incurred, and each Exculpated Party is exculpated from any Causes of Action for any Claim related to any act or omission taking place between the Petition Date and the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Confirmation Order, the Liquidation Trust Agreement, the CODI Settlement Agreement, the Plan Support Agreement, or any agreement or document (including providing any legal opinion requested by any entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the CODI Settlement Agreement, the Plan Support Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the administration and implementation of the Plan or these Chapter 11 Cases, or the Distribution of property under the Plan or any other related agreement, except for Claims related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects all Exculpated Parties are entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

As defined in Article I.70 of the Plan:

**Exculpated Parties: Collectively, (a) the Debtors, (b) the Creditors' Committee, and each of its members solely in the member's capacity as such; (c) Thomas FitzGerald, (d) L. Spencer Wells, and (e) each of the preceding's respective Related Parties serving in such capacities after the Petition Date to the extent that such Related Parties are Estate fiduciaries; *provided further* that no Ferder Affiliated Party is an Exculpated Party.**

Section 11.09 of the Plan contains the following release:

**Releases by Holders of Claims. Except as otherwise expressly set forth in the Plan or the Confirmation Order—and except to the extent a Holder of a Claim makes an Opt-Out Election—on and after the Effective Date, and with respect to all other Releasing Parties, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that such entity would have been legally entitled to assert in their own right (whether individually, derivatively, or collectively) or on behalf of the Holder of any Claim or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation of the Debtors), the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court**

**restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents associated with or related to the DIP Order and Cash Collateral Order, the Plan (including the plan supplement(s)), the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement), or any aspect of the associated transactions, including any contract, instrument, release, or other agreement or document (including any legal opinion requested by any entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, the Disclosure Statement, the DIP Order and Cash Collateral Order documents, the Plan, the plan supplement(s), before or during the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence of such Person. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or entity under the Plan, the Confirmation Order, the Liquidation Trust Agreement, the Plan Support Agreement, the CODI Settlement Agreement, or any document, instrument, or agreement (including those set forth in the plan supplement) executed to implement the Plan or any Claim or obligation arising under the Plan; (ii) any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits judgments, damages, debts, rights, remedies, and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that a CODI Party would have been legally entitled to assert in its own right (whether individually, derivatively, or collectively) against another CODI Party or any of their officers, directors, members, managers, trustees, or employees; or (iii) Allowed Claims solely against the Debtors.**

As defined in Article I.128 of the Plan:

**<u>Releasing Parties</u>: Each of, and in each case in its capacity as such: (a) the Debtors and each of the Estates; (b) L. Spencer Wells and Thomas FitzGerald; (c) any successor to the Debtors or any other representative of the Estates pursuant to Bankruptcy Code § 1123(b)(3), including the Liquidation Trust; (d) all holders of Claims, other than holders of Claims only in Classes 6 and 7, who do not make an Opt-Out Election; (e) each Released Party; and (f) each Related Party of each entity in clauses (a) – (e) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an entity in clauses (a) – (e); *provided* that, in each case, an entity is not a Releasing Party if it makes an Opt-Out Election; *provided* further that no Excluded Party is a Releasing Party.**

Section 11.10 of the Plan contains the following injunction:

**Terms of Injunctions or Stays. Without affecting the injunctions contained in Section 11.06 of the Plan, the exculpations contained in Section 11.07 of the Plan, and the releases contained in Section 11.08 of the Plan, all injunctions or stays provided for in these Chapter 11 Cases pursuant to Bankruptcy Code §§ 105 or 362, or otherwise, in existence on the Confirmation Date remain in full force and effect until the Chapter 11 Cases are closed. Notwithstanding anything to the contrary in the Plan, and consistent with 11 U.S.C. § 1141(d)(3), the Debtors do not receive a discharge.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN ARTICLE XI THEREOF, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

12. Contribution of Contributed Claims.

The Plan provides that a general unsecured creditor who believes in good faith that it has a legal claim against Grant Thornton LLP or any of its affiliates ("GT"), in connection with GT's acting as auditor for Lugano, may contribute and assign that claim to the liquidation trust that the Plan will establish to generate returns to creditors (the "Liquidation Trust"). Contributing and assigning your claim to the Liquidation Trust: (a) allows the Liquidation Trust to pool your claim with others' claims (including Lugano's) for purposes of prosecuting all claims together, at no direct monetary cost to you, and potentially obtaining a larger recovery from GT that would be distributed pro rata to all of Lugano's creditors; (b) irrevocably and permanently gives up your personal claim against GT, preventing you from separately pursuing that claim in any forum in the future; and (c) entitles you to receive an enhancement of any eventual distributions from the Liquidation Trust.

You are under **no obligation** to contribute and assign your claim. If you believe that you hold a General Unsecured Claim, you may make your election on your Ballot or on a Claim Contribution Form.

If you need a Claim Contribution Form, you may obtain one as provided in paragraph 4.

You should consult the Plan for precise language concerning contributing and assigning your claim to the Liquidation Trust. You should also consult with your legal counsel regarding the effects of contributing and assigning your claim.

Dated: July 16, 2026
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: /s/ Shella Borovinskaya
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Shella Borovinskaya (Del. No. 6758)
Brynna M. Gaffney (Del No. 7402)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: emorton@ycst.com
sbeach@ycst.com
sborovinskaya@ycst.com
bgaffney@ycst.com

-and-

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (admitted *pro hac vice*)
Traci L. Shafroth (admitted *pro hac vice*)
Scott Friedman (admitted *pro hac vice*)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251
Email: tkeller@kbkllp.com
tshafroth@kbkllp.com
sfriedman@kbkllp.com

*Attorneys for Debtors*
*and Debtors-in-Possession*