**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1]<br><br>*Debtors.* | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 811** |

**EVIDENTIARY OBJECTIONS OF MOVANT FERDER TO DECLARATIONS FILED IN SUPPORT OF DEBTORS' OBJECTION TO MOTION TO ESTIMATE CLAIM FOR VOTING PURPOSES**

## INTRODUCTION

Mordechai Ferder ("**Ferder**"), individually and in his capacity as Trustee of the Haim Family Trust (collectively, "**Movant**"), hereby submits these evidentiary objections to the Declaration of Joseph Pope [Dkt. No. 815] ("**Pope Declaration**") and the Declaration of Christopher Pachler [Dkt. No. 814] ("**Pachler Declaration**"), each filed in support of the Debtors' Objection [Dkt. No. 812] to Mr. Ferder's Motion to Estimate Claim for Voting Purposes [Dkt. No. 765].

These objections are made pursuant to Federal Rules of Evidence 401, 402, 403, 602, 701, 801, 802, 805, and 1002, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 9017.

## OBJECTIONS TO THE DECLARATION OF JOSEPH POPE [Dkt. No. 815]

### Objection No. 1

**Testimony:** Pope Declaration ¶ 3: "all facts set forth in this declaration are based upon information supplied to me by members of the Debtors' management, employees, and professionals."

**Objection:** Hearsay (FRE 802). To the extent Mr. Pope relies on statements made by management, employees, and professionals to form his opinions and conclusions, those out-of-court statements are offered for the truth of the matter asserted and constitute inadmissible

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

hearsay. Mr. Pope does not identify the specific individuals who provided him information, the content of their statements, or any applicable hearsay exception.

**Objection No. 2**

**Testimony:** Pope Declaration ¶ 4: "GlassRatner reviewed the lists of alleged payments appended to Mr. Ferder's proof of claim . . . compared the amounts and dates on Addenda A and B to the Debtors' accounts payable and liability balances . . ."

**Objection:** Lack of Foundation (FRE 602); Unfair Prejudice Substantially Outweighing Probative Value (FRE 403). Mr. Pope does not identify which accounts payable or liability ledgers were reviewed, whether the review was comprehensive or limited to certain accounts, or whether he considered that payments to third-party vendors on Lugano's behalf would not necessarily appear as decreases in Lugano's own accounts payable. The methodology is insufficiently described to support the negative inference the Debtors draw from this testimony. Without knowing what was searched, the Court cannot assess the significance of what was not found. Mr. Pope also does not identify which specific books and records he reviewed, what time period they covered, or what methodology was used in his review. He does not establish personal knowledge of the underlying transactions at issue in Mr. Ferder's proof of claim. Without such foundation, his conclusions regarding the Debtors' records are without adequate basis.

**Objection No. 3**

**Testimony:** Pope Declaration ¶ 5: "No decreases in the Debtors' obligations matched any of the amounts that Mr. Ferder asserts were transferred . . ."

**Objection:** Lack of Foundation (FRE 602); Speculation/Improper Lay Opinion (FRE 701). This conclusion is presented without adequate foundation as to the completeness of the review or whether the methodology employed would capture payments made by Mr. Ferder directly to Lugano's creditors or vendors, payments which would satisfy Lugano's obligations without flowing through Lugano's bank accounts or accounts payable system. The absence of a "match" in Lugano's accounts payable records does not establish that no Lugano obligations were satisfied by Mr. Ferder's transfers, and this testimony is misleading to the extent it is offered for that proposition. Furthermore, Mr. Pope is not offered as an expert witness, and this conclusion exceeds the scope of permissible lay opinion under FRE 701.

**Objection No. 4**

**Testimony:** Pope Declaration ¶ 6: "The Debtors' books and records reflect an Officer Loan Payable due from Mr. Ferder in the amount of $107,394.37."

**Objection:** Lack of Foundation (FRE 602); Relevance (FRE 401/402); Unfair Prejudice Substantially Outweighing Probative Value (FRE 403). Mr. Pope does not establish what this balance relates to, when it arose, or how it is connected (or not) to the amounts at issue in Mr. Ferder's proof of claim. This entry appears to relate to an entirely separate matter. To the extent

it is offered to suggest that Mr. Ferder owes Lugano rather than vice versa, it is irrelevant to the specific transfers at issue, is offered to create a misleading negative inference regarding over $30 million in documented transfers, and its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

## OBJECTIONS TO THE DECLARATION OF CHRISTOPHER PACHLER [D.I. 814]

### Objection No. 5

**Testimony:** Pachler Declaration ¶ 2: "all facts set forth in this declaration are based upon information supplied to me by members of the Debtors' management, employees, and professionals, or learned from my review of relevant documents . . ."

**Objection:** Hearsay (FRE 802). Same basis as Objection No. 1 above. To the extent Mr. Pachler relies on out-of-court statements made by unidentified individuals for the truth of the matter asserted, such statements constitute inadmissible hearsay. No hearsay exception has been identified.

### Objection No. 6

**Testimony:** Pachler Declaration ¶ 3: "I understand that transfer came from an account owned or controlled by Mr. Ferder" and "I understand that transfer to have occurred at the behest of Mr. Ferder."

**Objection:** Lack of Personal Knowledge (FRE 602); Hearsay (FRE 802). Mr. Pachler's "understanding" is based on information from unidentified sources. He does not state that he has personal knowledge of the source of the funds or who directed the transfer. His testimony amounts to repeating what others told him and should be excluded as both lacking foundation and constituting hearsay. This is particularly concerning considering that Mr. Pachler's declaration fails to establish the identity of the persons upon whom he relied for the information.

### Objection No. 7

**Testimony:** Pachler Declaration, Exhibit A (Email chain including Ferder's response "This is correct").

**Objection:** Hearsay (FRE 802); Best Evidence Rule (FRE 1002). To the extent this email is offered to prove the terms of the alleged transaction or the conduct of third parties, it constitutes hearsay not within any exception. Mr. Ferder notes that his own statement ("This is correct") may constitute an opposing party's statement under FRE 801(d)(2) and reserves the right to offer this email for his own purposes at the appropriate time. However, to the extent the Debtors offer this exhibit to prove facts about the customer's conduct or intentions, or the legitimacy of the underlying transaction, it is hearsay as to those matters and should be excluded.

**Objection No. 8**

**Testimony:** Pachler Declaration, Exhibit B (Email from Pachler to CODI summarizing conversation with Mr. Ferder).

**Objection:** Hearsay Within Hearsay (FRE 805). This exhibit is Mr. Pachler's out-of-court written statement summarizing what Mr. Ferder told him, communicated to third parties at Compass Diversified Holdings ("**CODI**"). Even if Mr. Ferder's underlying statements to Mr. Pachler could qualify as opposing party statements under FRE 801(d)(2), Mr. Pachler's email summary to CODI constitutes an additional, independent layer of hearsay. Mr. Pachler's characterization, paraphrasing, and summarization of what Mr. Ferder said introduces the risk of inaccuracy and is not itself an opposing party statement. Each layer of hearsay must independently fall within an exception, and Mr. Pachler's summary does not. The document should be excluded as hearsay within hearsay.

**Objection No. 9**

**Testimony/Argument:** The Debtors' Objection [Dkt. No. 812] ¶¶ 22–24 (statements that the customer "never agreed to purchase a stone," assertions regarding domain name discrepancies in an email address, and characterization of the email as having "an extra space").

**Objection:** To the extent these allegations are treated as evidence or given evidentiary weight: they are unsworn argument of counsel, not evidence, and should be given no evidentiary weight. No witness has testified under oath that the customer denied the transaction. No declaration or exhibit supports the domain-name analysis. The assertions regarding the email address format are speculation unsupported by any competent evidence. Counsel's arguments in a brief are not a substitute for sworn testimony or documentary evidence, and the Court should disregard these assertions for purposes of any evidentiary determination.

## CONCLUSION

For the foregoing reasons, Mr. Ferder respectfully requests that the Court sustain the foregoing evidentiary objections and exclude or disregard the challenged testimony in ruling on Mr. Ferder's Motion to Estimate Claim for Voting Purposes [Dkt. No. 765].

Dated: August 26, 2026

*/s/ Gregory W. Hauswirth*
Gregory W. Hauswirth (DE Bar No. 5679)
**CAROTHERS & HAUSWIRTH LLP**
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: 302 332.7181
Email: ghauswirth@ch-legal.com
*Counsel to Mordechai Ferder individually and as Trustee of the Haim Family Trust*

Sandford L. Frey (CA Bar No. 117058)
**STINSON, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Telephone: (310) 730-7020
Email: Sandford.frey@stinson.com
*Admitted Pro Hac Vice*
*Counsel to Mordechai Ferder individually and as Trustee of the Haim Family Trust*

Jeffrey Reeves (CA Bar No. 156648)
Daniel Weiss (CA Bar No. 242022)
**REEVES & WEISS LLP**
3333 Michelson Dr.
Suite 300
Irvine, California 92612
Telephone: (818) 554-7601
Email: JReeves@reevesandweiss.com
DWeiss@reevesandweiss.com
*Admitted Pro Hac Vice*
*Counsel to Mordechai Ferder individually and as Trustee of the Haim Family Trust*