**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 649, 651, 661 & 778** |

**NOTICE OF FILING OF AMENDED PLAN SUPPLEMENT FOR THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF LUGANO DIAMONDS & JEWELRY INC. AND ITS AFFILIATED DEBTORS**

**PLEASE TAKE NOTICE** that, on July 9, 2026, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") the *Amended Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket No. 649] (as may be amended, modified, or supplemented from time to time, the "Plan")[2] and the *Disclosure Statement for the Amended Chapter 11 Plan of Liquidation of Lugano Diamonds & Jewelry Inc. and Its Affiliated Debtors* [Docket No. 651] (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that, on July 14, 2026, the Court entered the *Order (A) Approving the Disclosure Statement on an Interim Basis; (B) Establishing Solicitation and Tabulation Procedures; (C) Approving the Forms of Ballots and Solicitation Materials; (D) Establishing the Voting Record Date; (E) Fixing the Date, Time, and Place for the Combined Confirmation Hearing and the Deadline for Filing Objections Thereto; and (F) Granting Related Relief* [Docket No. 661] (the "Disclosure Statement Order").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Plan and the Disclosure Statement Order, on August 11, 2026, the Debtors filed their initial plan supplement [Docket No. 778] (as may be amended, modified, or supplemented from time to time the "Initial Plan Supplement") in accordance with the Plan consisting of the following:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

| Exhibits | Plan Supplement Document |
|---|---|
| **A** | **Additional Excluded Parties** |
| **B-1** | **Assumed Agreements** |
| **B-2** | **Insurance Contracts with Insurance Rights Transfer** |
| **C** | **Effective Date Reserves and Other Reserves** |
| **D** | **Preserved Causes of Action** |
| **E** | **Compensation Arrangements for the Liquidation Trustee and Liquidation Trust Oversight Board** |

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby amend the Initial Plan Supplement (as amended, modified, or supplemented herein, and as may be further amended, supplemented, or otherwise modified from time to time, the "Plan Supplement"), which amends Exhibit B-2.

**PLEASE TAKE FURTHER NOTICE** that the Plan Supplement as amended is attached hereto as **Exhibit 1**. For the avoidance of doubt, no amendments, restatements, or supplements have been made other than those to Exhibit B-2.[3]

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve all rights to further amend, modify, or supplement the Plan Supplement and any of the documents attached hereto in accordance with the terms of the Plan and the Confirmation Order.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Disclosure Statement, and the Plan Supplement are available free of charge on the website of the Debtors' Court-appointed claims and noticing agent, Omni Agent Solutions, Inc., at https://cases.omniagentsolutions.com/Lugano.

[*Remainder of Page Intentionally Left Blank*]

[3] The Debtors made a non-material revision to the last sentence in Exhibit E to remove the words "Subject to further negotiation". No other changes were made to Exhibit E.

Dated: September 16, 2026
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Shella Borovinskaya (Del. No. 6758)
Brynna M. Gaffney (Del. No. 7402)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: emorton@ycst.com
sbeach@ycst.com
sborovinskaya@ycst.com
bgaffney@ycst.com

-and-

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (admitted *pro hac vice*)
Traci L. Shafroth (admitted *pro hac vice*)
Scott Friedman (admitted *pro hac vice*)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251
Email: tkeller@kbkllp.com
tshafroth@kbkllp.com
sfriedman@kbkllp.com

*Attorneys for Debtors*
*and Debtors-in-Possession*

# EXHIBIT A

## Exhibit I.69 Additional Excluded Parties

The following parties are additional Excluded Parties pursuant to Section I.69(e) of the Plan.

All individuals who received commissions in excess of $50,000 that may be based on transactions that were determined, upon subsequent investigation by the Debtors and/or CODI, not to be legitimate transactions involving the actual purchase or sale of jewelry or stones.

# **EXHIBIT B-1**

## Schedule of Assumed Agreements

The following agreements will be assumed or assumed and assigned pursuant to Section 6.01(a) and Section 6.01(e)(i) of the Plan:

| Counterparty | Agreement | Assignee (if applicable) | Cure Payment |
|---|---|---|---|
| All Counterparties on Exhibit B-2 | All Agreements on Exhibit B-2 | Liquidation Trust | See Exhibit B-2 |

# EXHIBIT B-2

## Schedule of Insurance Contracts with Insurance Rights Transfer

The rights and interests in the following additional Insurance Contracts are assumed by the Debtors and assigned to the Liquidation Trust in accordance with Section 6.01(e) of the Plan:

| Counterparty | Insurance Contract (Policy Number) | Assignee (if applicable) | Cure Payment |
|---|---|---|---|
| Axis Insurance Company | Directors & Officers Liability (P00100174509801) | Liquidation Trust | $0 |
| Scottsdale Insurance | Directors & Officers Liability (EKS3380678) | Liquidation Trust | $0 |
| Travelers Insurance | Directors & Officers Liability (107710744) | Liquidation Trust | $0 |
| Arch Insurance Company | Directors & Officers Liability (ABL1000214-00) | Liquidation Trust | $0 |
| XL Specialty Insurance Company | Excess Policy (Directors & Officers Liability) (ELU205194-25) | Liquidation Trust | $0 |
| Lloyds (syndicated) | Jewellers Block (B080123941W24) | Liquidation Trust | $0 |
| Lloyds (syndicated) | Excess All Risks (B080123942W24) | Liquidation Trust | $0 |
| Lloyds (syndicated) | All Risks of Physical Loss or Damage Jewellers Block (B1161K25DY247) | Liquidation Trust | $0 |
| Gemini Insurance Company | Representations & Warranties (8072920) | Liquidation Trust | $0 |

# **EXHIBIT C**

## Effective Date Reserves and Other Reserves

Effective Date Reserves:

The initial amount of the Effective Date Reserves, as required to be set forth in the Plan Supplement in accordance with Section 5.05(d) of the Plan, is set forth below:[1]

| | |
|---|---|
| Effective Date Reserves: | $4,050,000 |

The amounts of the other reserves required to be funded as conditions to the effective date of the Liquidation Trust Agreement are set forth below:

| | |
|---|---|
| Liquidation Trust Expense Reserves: | $8,000,000 |
| Professional Fee Reserve: | $4,250,000[2] |
| Disputed Claims Reserve: | $0 |

---

[1] The reserves may be supplemented by the Liquidation Trustee, including in accordance with Section 6.2(a) of the Liquidation Trust Agreement.

[2] The Professional Fee reserve is in addition to any funds remaining in the escrows for Professional Fees and remaining any retainers held by Professionals.

# EXHIBIT D[1]

## Preserved Causes of Action

This schedule is a non-exclusive, non-exhaustive list of the Causes of Action that shall be preserved and transferred to the Liquidation Trust on the Effective Date. The Debtors expressly reserve the right to amend, modify, or supplement this Schedule at any time prior to the Effective Date in accordance with the Plan and Confirmation Order. This Schedule is filed in accordance with Section 5.06(a) of the Plan.

**No Entity may rely on the absence of a specific reference in the Plan, the Confirmation Order, this Plan Supplement, or the Disclosure Statement to any Cause of Action against it as any indication that the Liquidation Trust, Liquidation Trustee, or the Debtors will not pursue any and all available Causes of Action against it, except as otherwise expressly provided in the Plan, including Article XI of the Plan.**

No preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches applies to any such Avoidance Actions or Causes of Action upon or after Confirmation of the Plan based on the Disclosure Statement, the Plan, the Confirmation Order, or based on any Claim becoming Allowed, in each case unless such Avoidance Actions or Causes of Action have been expressly released.

Unless a Cause of Action (including any GT Claim and any Contributed Claim) is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including the Confirmation Order), the Debtors expressly reserve such Cause of Action for later resolution by the Liquidation Trust and, with respect to the Tax Refund, the Post-Confirmation Debtor.

On and after the Effective Date, the Liquidation Trust has all the Debtors' and the Estates' rights under section 558 of the Bankruptcy Code with respect to Claims. Nothing under the Plan affects the rights and defenses of the Debtors, the Estates, or the Liquidation Trust in respect of any Claim, including all rights in respect of legal and equitable objections, defenses, setoffs, or recoupment against such Claims.

The Causes of Action being transferred to the Liquidation Trust are all Causes of Action owned and/or belonging to the Debtors that are not waived, relinquished, exculpated, released, compromised, or settled under the Plan or pursuant to the Confirmation Order or another Final Order of the Bankruptcy Court, including the following:

1. All Causes of Action against any Ferder Affiliated Parties, including, without limitation, those asserted in the Adversary Proceeding captioned *Lugano Diamonds & Jewelry Inc. v. Mordechai Ferder, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust* (Adv. Proc. No 26-50528 (BLS) (Bankr. D. Del.)).

---

[1] Capitalized terms not otherwise defined on this Exhibit have the meanings ascribed to such terms in the Plan. All rules of interpretation in Article I of the Plan apply to this Exhibit.

2. All Causes of Action against Excluded Parties.

3. Any and all Causes of Action based upon, or related to, in whole or in part, any and all tax obligations to which any Debtor or the Liquidation Trustee is or may become a party to pursuant to which any Debtor or the Liquidation Trustee has or may obtain any rights to whatsoever, whether past, present, or future, including, without limitation, against or related to all entities that owe or that may in the future owe money to any Debtor or the Liquidation Trustee in connection with any tax credits (including all employee retention credits), tax refunds, tax overpayments, value-add tax reimbursements, tax deposits, tax attributes (including all net operating loss carryforwards and carrybacks), and prepaid tax amounts, including any Tax Refund.

4. All Causes of Action against GT.

5. All Causes of Action against Investment Contract Counterparties.

6. All Causes of Action, based upon, or related to, in whole or in part, any and all insurance contracts and insurance policies to which any Debtor or the Liquidation Trustee are or were a party to pursuant to which any Debtor or the Liquidation Trustee have any rights whatsoever, whether past, present, or future (including, for the avoidance of doubt, all current and prior director and officer or similar polies and any Theft Policy), regardless of whether such contract or policy is specifically identified in the Plan, including Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, or any other matters.

7. All Avoidance Actions, including, without limitation, against any parties listed on any of the Debtors' Statements of Financial Affairs in the responses to questions 3 and 4.

8. All Causes of Action against or related to any Person or Entity that owes or that may in the future owe money to the Debtors, regardless of whether such entity is expressly identified in the Plan. The Liquidation Trustee, the Liquidation Trust, and the Debtors expressly reserve all Causes of Action against or related to any Person or Entity that asserts or may assert that the Debtors owe money to them. The claims and Causes of Action reserved include Causes of Action against vendors, suppliers of goods and services, customers (or prospective customers), and any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deductions owing or improper deductions taken, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with the Debtors before the assumption or rejection, if applicable, of such contracts; (d) for accounts receivables, payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, customer, lessor or other party; (e) counter-claims and defenses related to any contractual obligations; (f) for any turnover actions arising under sections 542 or 543 of the Bankruptcy Code, including any jewelry or precious stones, or precious metal; and (g) for unfair competition, interference with

contract or potential business advantage, breach of contract, infringement of intellectual property or any business tort claims.

9. All Causes of Action against any creditor, lessor, utility supplier, vendor, landlord, sub-lessee, assignee, or other entity based upon, in whole or in part, any and all postings of a security deposit, adequate assurance payment, or any other type of deposit, prepayment, or collateral owed by such creditor, lessor, utility supplier, vendor, landlord, sub-lessee, assignee, or other entity, regardless of whether such posting of security deposit, adequate assurance payment, or any other type of deposit, prepayment or collateral is specifically identified herein.

10. The right to seek a determination by the Bankruptcy Court of any tax, fine, or penalty relating to a tax or any addition to a tax, under section 505 of the Bankruptcy Code.

11. All Causes of Action against any party asserting, or that has asserted, a lien on any property of Simba IL Holdings LLC, regardless of whether such lien is specifically identified herein.

12. All other Causes of Action, whether at law, in equity, or otherwise against any Person or Entity.

Without limiting any of the foregoing categories of Causes of Action that shall be preserved and transferred to the Liquidation Trust on the Effective Date, such Causes of Action shall also specifically include:

A. Potential negligence/professional negligence, fraud, fraudulent transfer/obligation, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, breach of fiduciary duty, civil conspiracy, invalidity/unenforceability of contract, turnover, and/or unjust enrichment claims against the below individuals/entities:

- Bryan Gadol
- Avina LLC
- Royal T Diamonds Group Ltd. (aka Royal T. Diamonds Ltd.)
- Moshe Namdar & Co.
- DN Diamonds
- Gem House Int’l of USA, Inc.
- GR Fancies Inc.
- Belgium New York LLC
- Belgium Diamonds LLC
- JAS Diamonds, Inc.
- Moshe Namdar Diamonds
- Pace Gems Middle East DMCC
- Prijems Inc.
- S&S Brothers Jewelry, Inc.
- Malca-Amit Armored Inc.
- VAD and Company (and all affiliated entities and individuals)
- Rubenstein Software
- Darren Testa

B. Potential aiding and abetting fraud, fraud/fraudulent representation, and/or civil conspiracy claims against the below parties for knowingly signing or confirming a false inventory list:

- Royal T Diamonds Group Ltd. (aka Royal T. Diamonds Ltd.)
- Davide Busatti
- Nelson Hoyos Design Setter, Inc.
- Prijems Inc.
- VAD/VAD and Company

C. Potential unjust enrichment, breach of contract, conversion, fraud, civil theft, and/or aiding and abetting fraud claims against any individuals who received commissions that may be based on transactions that were determined, upon subsequent investigation by the Debtors and/or CODI, not to be legitimate transactions involving the actual purchase or sale of jewelry or stones

D. Potential breach of fiduciary duties and negligence claims against Josh Gaynor

# EXHIBIT E

## Compensation of the Liquidation Trustee and the Oversight Board

The Liquidation Trustee will be paid $25,000 per month and each of the two independent Oversight Board members $10,000 per month. No other Board member is compensated. The Trustee and each Board member will be reimbursed for out-of-pocket expenses as provided in the liquidation trust agreement.

The Trustee and the Independent Directors will receive incentive based compensation in the amount of 3% and 1.5%, respectively, based on the net increase in trust assets and the net reduction of the claims asserted by General Unsecured Creditors.