**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br>(Jointly Administered) |

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO OBJECTIONS TO MOTION FOR ADMINISTRATIVE CLAIM [DKT. NO. 842]**

Regarding the *Motion of Mordechai Ferder, Individually and in His Capacity as Trustee of the Haim Family Trust, to Allow Administrative Claim Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2)* [Doc 842] (the "**Motion**"), the Official Committee of Unsecured Creditors (the "**Committee**") joins the objections to the Motion filed by the Special Committee of the Board of Directors of Lugano Diamonds & Jewelry Inc. [Doc 880] and Compass Group Diversified Holdings LLC ("**CODI**") [Doc 877] (together, the "**Objections**"). For all the reasons stated in the Objections, the Committee respectfully urges the Court to deny the Motion and disallow any administrative expense claim asserted by Mordechai Ferder, the Haim Family Trust, or any non-Debtor person or entity affiliated with Mr. Ferder.

In addition to the arguments in the Objections, which the Committee adopts, the Committee notes a fundamental flaw in the relief sought in the Motion. The Ferder parties essentially allege that the Debtors, through the Special Committee, entered into a post-petition agreement to pay Mr. Ferder cash (here, a seven-figure sum) for purportedly confidential information. But the clear and unambiguous terms of the parties' written agreement do not support such a claim. But even if it

did, such a claim would be premised on a post-petition transaction that would have required this Court's approval under either Bankruptcy Code § 549(a)(2)(B) or Bankruptcy Code § 363(b), or both. Without this Court's prior approval, which Mr. Ferder never sought or received, any such would-be agreement would be unenforceable against the Debtors or their estates.

The cases Mr. Ferder cites in the Motion, incisively and decisively distinguished by CODI in its Objection, demonstrate this point. The lease in *Goody's* and the wastewater disposal services contract in *MTE* constituted ordinary course transactions for those respective debtors.[1] No prior court approval was required for the estates to validly and enforceably incur obligations under those agreements. Neither Bankruptcy Code § 549 nor Bankruptcy Code § 363 were implicated in those cases, so they only support *disallowance* of Mr. Ferder's claim.

*          *          *

[1] *In re Goody's Family Clothing Inc.,* 610 F.3d 812, 818 (3d Cir. 2010); *In re MTE Holdings LLC,* 2021 WL 2258270, *6 (Bankr. D. Del. June 2, 2021).

For this reason and all those offered in the Objections, the Committee respectfully urges the Court to deny all relief sought in the Motion and disallow any administrative expense claim asserted in the Motion.

September 15, 2026

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*

James E. O'Neill, Esq. (DE Bar No. 4042)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Email: joneill@pszjlaw.com

\- and -

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email: jpomerantz@pszjlaw.com

\- and -

John A. Morris, Esq. (admitted *pro hac vice*)
Jordan A. Kroop, Esq. (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Email: jmorris@pszjlaw.com
jkroop@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*